IN THE
UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARY DOE and NANCY ROE, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Cause No. 4:18-cv-00089 |
| ) | |
| PURDUE UNIVERSITY and ALYSSA ROLLOCK ) | |
| and KATIE SERMERSHEIM, in their official and ) | |
| individual capacities ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT WITH JURY DEMAND**

Plaintiffs, Mary Doe and Nancy Roe, by counsel, hereby file their Complaint for damages and injunctive relief and state as follows:

**I.     INTRODUCTION**

1.     Plaintiffs are female students at Purdue University who were nineteen years old at the time of the events giving rise to this Complaint. Each woman independently suffered an assault at the hands of a different male Purdue student. Both complained to Purdue University. Both women were expelled after the University rejected their claims. After an appeal, both women had their expulsions converted to a suspension.[1]

2.     Neither woman knew the other; neither assault was related.

---

[1] Both Plaintiffs seek to proceed pseudonymously in order to preserve their privacy. This case concerns rape and assault and public identification of either Plaintiff poses a high risk of mental harm. There is no risk of prejudice to the Defendant from the use of a pseudonym because Defendant and its counsel will be fully aware of the identity of the Plaintiff.

3. Purdue University has implemented a policy, either written or unwritten, wherein women who cannot prove their claims to the satisfaction of Purdue decisionmakers face discipline up to expulsion at Purdue.

4. No reasonable factfinder could concur with Purdue that the women made their reports maliciously. Instead, substantial facts supported each woman's claims.

5. Purdue's conduct violated Title IX: its investigation of each case was slipshod; the investigators made discriminatory assumptions about each Plaintiff's behavior; and the University departed from basic norms of fairness.

6. Purdue treated the Plaintiffs as if they were the accused harassers, imposed lesser penalties on the male students who were accused of harassment, and punished the Plaintiffs for making protected Title IX complaints.

**II.     PARTIES**

**7**. Plaintiff Mary Doe is a 20-year old female United States citizen, who was a freshman student at Purdue University from August 2017 until she was suspended on February 22, 2018.

8. Plaintiff Nancy Roe is a 21-year old female United States citizen, who was a junior student at Purdue University until she was suspended on October 17, 2017.

9. Defendant Purdue University is a public institution of higher education located in West Lafayette, Indiana and is a recipient of federal funding.

10. Defendant Alyssa Rollock is the Vice-President for Ethics and Compliance at Purdue University.

11. Defendant Katie Sermersheim is the Associate Provost and the Dean of Students at Purdue University.

### III. JURISDICTION AND VENUE

12. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

13. Venue is proper under 27 U.S.C. § 1391(b)(1) and (2) as all acts complained of herein occurred in Tippecanoe County, Indiana.

### IV. FACTUAL ALLEGATIONS SUPPORTING MARY DOE'S CLAIM

14. Plaintiff Mary Doe was physically assaulted in her Purdue University dorm room by Male Student A on October 10, 2017.

15. Doe reported the assault to the Purdue University Police Department.

16. Prior to assaulting Mary Doe, Male Student A had threatened the life of a different Purdue female student. Purdue University was aware of this conduct.

17. At the time she reported the assault, Purdue University had already excluded Male Student A from its campus and labeled him a Persona Non Grata, because of his conduct directed against a different female student.

18. The Purdue University Police Department reported the assault on Mary Doe to Purdue University.

19. The University launched an investigation of the assault.

20. The investigators reported to Dean Sermersheim and Vice-President Rollock.

21. Doe spoke with the University investigator at the beginning of the University's investigation.

22. Purdue policy provides complaining parties the right to refrain from participating in the University's investigation, and Doe exercised that right.

23. The investigation continued without her input.

24. Contrary to its own policy, Defendants made credibility findings against Doe based on her decision to not participate in the investigation.

25. Defendants' investigation relied in large measure on an uncertain identification of Male Student A made by Doe's then-roommate.

26. Defendants failed to provide Doe with notice that she was being treated as a target of its investigation and had become subject to discipline.

27. The University alleged that Plaintiff Doe fabricated the account of the assault.

28. The University expelled Doe.

29. After Doe appealed, Vice-President Rollock converted her expulsion to a two-year suspension.

## V. FACTUAL ALLEGATIONS SUPPORTING NANCY ROE'S CLAIM

30. Nancy Roe was sexually assaulted in her dorm room on April 17, 2017.

31. Roe had become intoxicated at a party at Fraternity A, where she was served alcohol despite the fact that she was only 19.

32. The party's host, Male Student B, who served Roe drinks at the party, walked Plaintiff Roe back to her dorm room.

33. Plaintiff Roe was incapable of consenting to sexual intercourse due to her intoxication.

34. Despite her intoxication and without her consent, Male Student B assaulted Roe in the dorm room, penetrating her orally, vaginally, and anally, and choking her.

35. Male Student B also made audio recordings of the assault without Roe's consent.

36. Roe awoke the next day, still intoxicated, and attended class where she left to vomit.

37. Roe discovered increased bruising on her neck which made her concerned about what had happened in her dorm room.

38. She sought and received medical treatment for her injuries.

39. Realizing the extent of the assault, she reported the assault to the University.

40. Defendants investigated the assault.

41. Despite being aware that Roe was intoxicated and that she was physically injured, Defendants found that Roe had reported the assault maliciously and expelled her.

42. After she appealed, Vice-President Rollock reduced her expulsion to a two-year suspension on October 17, 2017.

43. Defendants also found that Male Student B recorded Roe without her consent.

44. Defendants assigned Male Student B a ten (10) page paper as punishment.

## VI. COUNT I: VIOLATION OF TITLE IX – MARY DOE

45. Plaintiffs incorporate all above paragraphs by reference.

46. Mary Doe was denied her federally guaranteed equal access to educational opportunities by Purdue University's handling of her complaint of assault.

47. Purdue University's conduct violated Title IX of the Education Amendments of 1972, 20 U.S.C. § 1981, et. seq.

48. The violation of Title IX damaged Doe.

## VII. COUNT II:   VIOLATION OF TITLE IX – NANCY ROE

49. Plaintiffs incorporate all above paragraphs by reference.

50. Nancy Roe was denied her federally guaranteed equal access to educational opportunities by Purdue University's handling of her complaint of assault.

51. Purdue University's conduct violated Title IX of the Education Amendments of 1972.

52. The violation of Title IX damaged Roe.

## VIII. COUNT III: TITLE IX RETALIATION – MARY DOE

53. Plaintiffs incorporate all above paragraphs by reference.

54. Mary Doe was suspended for two years because she complained that she was assaulted by Male Student A.

55. Purdue University's decision to suspend her was unlawful retaliation in violation of Title IX of the Education Amendments of 1972.

## IX. COUNT IV: TITLE IX RETALIATION – NANCY ROE

56. Plaintiffs incorporate all above paragraphs by reference.

57. Nancy Roe was suspended for two years because she complained that she was sexually assaulted by Male Student B.

58. Purdue University's decision to suspend her was unlawful retaliation in violation of Title IX of the Education Amendments of 1972.

## X. COUNT V: 42 U.S.C. § 1983: DEPRIVATION OF CIVIL RIGHTS UNDER STATE LAW – MARY DOE

59. Plaintiffs incorporate all above paragraphs by reference.

60. Purdue, Katie Sermersheim, and Alyssa Rollock acted under color of state law with regards to the Plaintiffs.

61. The Defendants' decision to suspend Mary Doe violated her constitutionally guaranteed right to Equal Protection of the Laws and Due Process of Law.

## XI. COUNT VI: 42 U.S.C. § 1983: DEPRIVATION OF CIVIL RIGHTS UNDER STATE LAW – NANCY ROE

62. Plaintiffs incorporate all above paragraphs by reference.

63. Purdue, Katie Sermersheim, and Alyssa Rollock acted under color of state law with regards to the Plaintiffs.

64. Defendants' decision to suspend Nancy Roe violated her constitutionally guaranteed right to Equal Protection of the Laws and Due Process of Law.

## XII. COUNT VII: 42 U.S.C. § 1983: INDIVIDUAL LIABILITY – KATIE SEMERSHEIM

65. Plaintiffs incorporate all above paragraphs by reference.

66. Katie Sermersheim knowingly or recklessly implemented and managed a sexual assault complaint process that deprived the Plaintiffs of their constitutional rights to due process and equal protection of the law.

## XIII. COUNT VIII: 42 U.S.C. § 1983: INDIVIDUAL LIABILITY – ALYSSA ROLLOCK

67. Plaintiffs incorporate all above paragraphs by reference.

68. Alyssa Rollock knowingly or recklessly implemented and managed a sexual assault complaint process that deprived the Plaintiffs of their constitutional rights to due process and equal protection of the law.

## XII. REQUEST FOR RELIEF

Wherefore, Plaintiffs Mary Doe and Nancy Roe, request judgment in their favor and against the Defendant, ordering injunctive relief of reinstatement to Purdue University with all attendant benefits and other make whole relief including lost tuition and removal of the discipline from their records, together with an award of compensatory damages, punitive damages, court costs and expenses, including attorney's fees, pre-judgment and post-judgment interest and such other relief as this Court deems appropriate.

Respectfully submitted,

**MACEY SWANSON LLP**

_____/s/Jeffrey A. Macey_____
Jeffrey A. Macey, Atty No. 28378-49
Attorney for Plaintiffs

## **JURY DEMAND**

Plaintiffs, by counsel, demand that this cause be tried to a jury on all issues so triable.

Respectfully submitted,

**MACEY SWANSON LLP**

_____/s/ Jeffrey A. Macey_____
Jeffrey A. Macey, Atty No. 28378-49
Attorney for Plaintiffs

MACEY SWANSON LLP
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: jmacey@maceylaw.com