UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARY DOE and NANCY ROE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 4:18-cv-00089 |
| ) | |
| PURDUE UNIVERSITY and ALYSSA ) | |
| ROLLOCK and KATIE ) | |
| SERMERSHEIM, in their official and ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MOTION TO DISMISS COUNTS V-III AND SEVER PLAINTIFFS' REMAINING CLAIMS

Defendants The Trustees of Purdue University ("Purdue" or "Purdue University"), Alysa Rollock, and Katie Sermersheim (the "Individual Defendants"), by counsel, move (i) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss Counts V, VI, VII, and VII of Plaintiffs' Complaint (ECF No. 1) and (ii) pursuant to Federal Rule of Civil Procedure 21 to sever each Plaintiff's remaining claims into separate causes of action.

A.   Plaintiffs' Section 1983 allegations against Purdue University in Counts V and VI are barred by the Eleventh Amendment. Purdue University is an instrumentality of the State of Indiana and, therefore, is protected by the State of Indiana's Eleventh Amendment immunity to suit in federal court. Accordingly, this Court lacks subject-matter jurisdiction over Plaintiffs' claims against Purdue University.

B.   Purdue University is not a "person" within the meaning of Section 1983 and cannot be sued under Section 1983, and the Individual Defendants in their official capacity are not

1

"persons" subject to Section 1983 damage claims.

C.  The Eleventh Amendment bars Plaintiffs' official-capacity Section 1983 allegations against the Individual Defendants in Counts V and VI. Plaintiffs' official-capacity allegations against the Individual Defendants are in effect a Section 1983 claim against Purdue University.

D.  Plaintiffs' individual-capacity Section 1983 allegations against the Individual Defendants in Counts VII and VIII are in substance directed against Purdue University and, therefore, are barred under the same analysis as the official-capacity allegations.

E.  Plaintiffs fail to state a Section 1983 injunctive relief claim under the *Ex Parte Young* exception to the Eleventh Amendment bar.

F.  Severance is appropriate under Rule 21 because: (1) Plaintiffs' claims are "discrete and separate"; (2) Plaintiffs' claims are improperly joined under Rule 20(a); (3) judicial economy and fairness are best facilitated by severing Plaintiffs' claims; and (4) severance will promote the prompt and efficient disposition of the litigation.

Dated: January 9, 2019.                    Respectfully submitted,

/s/ William P. Kealey
William P. Kealey (Attorney No. 18973-79)
Joseph H. Harrison III (Attorney No. 35248-53)
STUART & BRANIGIN LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN  47902-1010
Telephone:  765-423-1561
Facsimile: 765-742-8175
E-Mail:  wpk@stuartlaw.com
***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of January, 2019, a copy of the foregoing was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access the filing through the Court's system.

    Jeffrey A. Macey
    Macey Swanson LLP

                                                /s/ William P. Kealey
                                                William P. Kealey

1140596-1