UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARY DOE and NANCY ROE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 4:18-cv-00089 |
| ) | |
| PURDUE UNIVERSITY and ALYSSA ) | |
| ROLLOCK and KATIE ) | |
| SERMERSHEIM, in their official and ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTS V-III AND SEVER PLAINTIFFS' REMAINING CLAIMS**

Defendants The Trustees of Purdue University ("Purdue" or "Purdue University"), Alysa Rollock, and Katie Sermersheim (the "Individual Defendants"), by counsel, submit this brief in support of their motion to (i) dismiss Counts V, VI, VII, and VIII of Plaintiffs' Complaint (ECF No. 1) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and (ii) sever each Plaintiff's remaining claims into separate causes of action pursuant to Federal Rule of Civil Procedure 21.

Counts V through VIII fail to state a Section 1983 claim and are barred by the Eleventh Amendment limitation on subject-matter jurisdiction.

This Court should exercise its discretionary authority to sever Mary Doe's claims from Nancy Roe's claims. Doe's claims are discrete and separate from Roe's claims because of the alleged differences between them. The Complaint alleges that "neither assault was related", "neither woman knew each other", and "[e]ach woman independently suffered an assault at the

1

hands of a different male." Complaint, ¶¶ 1-2. Severance is also appropriate because Plaintiffs are improperly joined under Fed. R. Civ. P. 20(a), severance will promote judicial economy and fairness, and severance will promote disposition.

## ALLEGATIONS OF COUNTS I-VIII

Counts I-VIII are captioned as follows:

COUNT I: VIOLATION OF TITLE IX – MARY DOE

COUNT II: VIOLATION OF TITLE IX – NANCY ROE

COUNT III: VIOLATION OF TITLE IX RETALIATION – MARY DOE

COUNT IV: VIOLATION OF TITLE IX – NANCY ROE

COUNT V: 42 U.S.C. § 1983: DEPRIVATION OF CIVIL RIGHTS UNDER STATE LAW – MARY DOE

COUNT VI: 42 U.S.C. § 1983: DEPRIVATION OF CIVIL RIGHTS UNDER STATE LAW – NANCY ROE

COUNT VII: 42 U.S.C. § 1983: INDIVIDUAL LIABILITY – KATIE SEMERSHEIM

COUNT VIII: 42 U.S.C. § 1983: INDIVIDUAL LIABILITY – ALYSSA ROLLOCK

The Complaint alleges: Plaintiff Mary Doe is a 20 year-old female United States citizen, who was a freshman student at Purdue University from August 2017 until she was suspended on February 22, 2018. Plaintiff Nancy Roe is a 21-year old female United States citizen, who was a junior student at Purdue University until she was suspended on October 17, 2017. Defendant Purdue University is a public institution of higher education located in West Lafayette, Indiana and is a recipient of federal funding. Defendant Alyssa Rollock is the Vice-President for Ethics and Compliance at Purdue University. Defendant Katie Sermersheim is the Associate Provost and the Dean of Students at Purdue University. Compl., ¶¶ 7-11.

The Complaint alleges: Plaintiffs are female students at Purdue University who were

nineteen years old at the time of the events giving rise to this Complaint. Each woman independently suffered an assault at the hands of a different male Purdue student. Both complained to Purdue University. Both women were expelled after the University rejected their claims. After an appeal, both women had their expulsions converted to a suspension. Neither woman knew each other; neither assault was related. Purdue University has implemented a policy, either written or unwritten, wherein women who cannot prove their claims to the satisfaction of Purdue decisionmakers face discipline up to expulsion at Purdue. No reasonable factfinder could concur with Purdue that the women made their reports maliciously. Instead, substantial facts supported each woman's claims. Purdue's conduct violated Title IX: its investigation of each case was slipshod; the investigators made discriminatory assumptions about each Plaintiff's behavior; and the University departed from basic norms of fairness. Purdue treated the Plaintiffs as if they were the accused harassers, imposed lesser penalties on the male students who were accused of harassment, and punished the Plaintiffs for making protected Title IX complaints. Compl., ¶¶ 1-6.

Plaintiff Doe alleges: Doe was physically assaulted in her Purdue University dorm room by Male Student A on October 10, 2017. Doe reported the assault to the Purdue University Police Department. Prior to assaulting Mary Doe, Male Student A had threatened the life of a different Purdue female student. Purdue University was aware of this conduct. At the time she reported the assault, Purdue University had already excluded Male Student A from its campus and labeled him a Persona Non Grata, because of his conduct directed against a different female student. The Purdue University Police Department reported the assault on Mary Doe to Purdue University. The University launched an investigation of the assault. The investigators reported to Dean Sermersheim and Vice-President Rollock. Doe spoke with the University investigator at

the beginning of the University's investigation. Purdue policy provides complaining parties the right to refrain from participating in the University's investigation, and Doe exercised that right. The investigation continued without her input. Contrary to its own policy, Defendants made credibility findings against Doe based on her decision to not participate in the investigation. Defendants' investigation relied in large measure on an uncertain identification of Male Student A made by Doe's then-roommate. Defendants failed to provide Doe with notice that she was being treated as a target of its investigation and had become subject to discipline. The University alleged that Plaintiff Doe fabricated the account of the assault. The University expelled Doe. After Doe appealed, Vice-President Rollock converted her expulsion to a two-year suspension. Compl., ¶¶ 14-29.

Plaintiff Roe alleges: Roe was sexually assaulted in her dorm room on April 17, 2017. Roe had become intoxicated at a party at Fraternity A, where she was served alcohol despite the fact that she was only 19. The party's host, Male Student B, who served Roe drinks at the party, walked Plaintiff Roe back to her dorm room. Plaintiff Roe was incapable of consenting to sexual intercourse due to her intoxication. Despite her intoxication and without her consent, Male Student B assaulted Roe in the dorm room, penetrating her orally, vaginally, and anally, and choking her. Male Student B also made audio recordings of the assault without Roe's consent. Roe awoke the next day, still intoxicated, and attended class where she left to vomit. Roe discovered increased bruising on her neck which made her concerned about what had happened in her dorm room. She sought and received medical treatment for her injuries. Realizing the extent of the assault, she reported the assault to the University. Defendants investigated the assault. Despite being aware that Roe was intoxicated and that she was physically injured, Defendants found that Roe had reported the assault maliciously and expelled her. After she

appealed, Vice-President Rollock reduced her expulsion to a two-year suspension on October 17, 2017. Defendants also found that Male Student B recorded Roe without her consent. Defendants assigned Male Student B a ten (10) page paper as punishment. Compl., ¶¶ 30-44.

Plaintiffs seek "injunctive relief of reinstatement to Purdue University with all attendant benefits and other make whole relief including lost tuition and removal of the discipline from their records, together with an award of compensatory damages, punitive damages, court costs and expenses, including attorney's fees, pre-judgment and post-judgment interest and such other relief as this Court deems appropriate." Compl., p. 8.

**Argument**

**A.     Plaintiffs' Section 1983 claims against Purdue University must be dismissed.**

    **1.     Pursuant to the Eleventh Amendment, there is no subject-matter jurisdiction for Plaintiffs' Section 1983 claims against Purdue University.**

Plaintiffs assert Section 1983 claims against Purdue University in Counts V and VI. Purdue University is an instrumentality of the State of Indiana and therefore is protected by the State of Indiana's Eleventh Amendment immunity to suit in federal court. "The Supreme Court has expressly held that Congress has not abrogated the states' immunity in § 1983 suits." *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005) (citing *Quern v. Jordan*, 440 U.S. 332, 341–45 (1979)). *See Thomas v. Illinois,* 697 F.3d 612, 613 (7th Cir. 2012) (same). In *Gaff v. Indiana-Purdue University of Ft. Wayne*, 45 N.E.3d 458, 463 (Ind. Ct. App. 2015), *affirmed in part, vacated in part*, 51 N.E.3d 1163 (Ind. 2016), the Indiana Court of Appeals held, "Indiana has not consented to be sued for damages for federal constitutional violations, *see* Ind. Code, § 34-13-4-1 to -4, and 42 U.S.C. § 1983 has not abrogated states' sovereign immunity from such claims."

Purdue University is an instrumentality of the State of Indiana and, therefore, is entitled

to assert the Eleventh Amendment as a bar. *Kashani v. Purdue Univ.*, 813 F.2d 843, 844–845 (7th Cir. 1987); *Wasserman v. Purdue Univ. ex rel. Jischke*, 431 F. Supp. 2d 911, 915–16 (N.D. Ind. 2006). *See* Ind. Code §§ 21-23-2-2, 21-27-7-4, 21-27-7-5.

"[T]he Eleventh Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power …" *Calderon v. Ashmus*, 523 U.S. 740, 745 n.2 (1998). "When the Eleventh Amendment applies to bar suit against a state, it is well settled that federal courts are divested of subject matter jurisdiction." *Wasserman*, 431 F. Supp. 2d at 917.

Therefore this Court lacks subject matter jurisdiction over Plaintiffs' Section 1983 claims against Purdue University.

### 2. Neither Purdue University nor its officials in their official-capacity are a Section 1983 "person."

Purdue University is not a "person" within the meaning of Section 1983 and therefore cannot be sued under Section 1983. Section 1983 only provides a cause of action against a "person". 42 U.S.C. § 1983 ("Every person …"). Purdue University is an instrumentality of the State of Indiana. *Brettler v. Purdue Univ.*, 408 F. Supp. 2d 640, 651 (N.D. Ind. 2006). It is well-established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

### B. Plaintiffs' Section 1983 damage claims against the Individual Defendants are barred by the Eleventh Amendment.

#### 1. The Eleventh Amendment bars Section 1983 damage claims against official-capacity defendants.

Plaintiffs' assert Section 1983 official-capacity claims against the Individual Defendants in Counts V-VIII. The Eleventh Amendment bars a Section 1983 claim for damages against individual Purdue University employees in their official capacity. "Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer

is an agent.' . . . [A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citations omitted). In *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005), the court held: "state officials in their official capacities are also immune from suit under the Eleventh Amendment." As stated by the Seventh Circuit, "[i]f properly raised, the amendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Council 31 of the Am. Fedn. of State, Cnty. and Mun. Emps., AFL-CIO v. Quinn*, 680 F.3d 875, 881–82 (7th Cir. 2012) (citing *Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010)). Plaintiffs' official-capacity Section 1983 allegations are in effect a Section 1983 claim against Purdue University and are therefore barred by the Eleventh Amendment.

### 2. The Eleventh Amendment bar applies to Plaintiffs' effort to impute individual-capacity liability to Purdue employees in the scope of their employment.

Counts V-VIII apparently seek to hold the Individual Defendants liable for their agency on behalf of Purdue University. The Eleventh Amendment bars this tactic.

The Complaint's caption refers to the Individual Defendants "in their official and individual capacities." However the Complaint does not allege any conduct of the Individual Defendants other than their official agency. Plaintiffs' Complaint alleges only that the Individual Defendants are Purdue officials whose conduct is imputed to Purdue University.

Where, as here, the Eleventh Amendment bars an official-capacity damage claim, and the Complaint alleges only employee conduct that is imputed to the employer, the Eleventh Amendment bar extends to individual-capacity claims against named employees. In the recent case of *Haynes v. Indiana Univ.*, 902 F.3d 724 (7th Cir. 2018), concerning a faculty member's

7

allegation of race discrimination against Indiana University and named officials in their official-capacity, the Seventh Circuit stated:

> The University and its Board of Trustees are state agencies for sovereign-immunity purposes, so Haynes cannot maintain an action for damages against them. *Peirick v. Ind. Univ.–Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007). Haynes cannot pursue a damages action against the University administrators either . . . In *Omosegbon v. Wells*, 335 F.3d 668 (7th Cir. 2003), a junior professor brought an action for damages and injunctive relief against a number of her supervisors in their individual capacities after she was fired by Indiana State University. We held that sovereign immunity barred her claim for damages for alleged federal constitutional violations. We found it "inescapable that any resulting judgment will be paid by the state" because the professor sought "backpay and other forms of monetary compensation based on an employment contract." *Id*. at 673. We also noted that the individual defendants "were not even parties to the contract in their individual capacity." *Id*. This case is materially the same. Most importantly, Haynes seeks monetary relief for an injury relating to his employment with Indiana University. As in *Omosegbon*, the University administrators were not parties to Haynes's employment contract in their individual capacities. We have no reason to believe that they, rather than the University, would foot the bill for a resulting judgment. Sovereign immunity therefore defeats Haynes's damages action against the University administrators, both in their individual and official capacities.

*Haynes*, 902 F.3d at 731–32.

"[E]ven when a suit is against a public officer in his or her individual capacity, the court is obliged to consider whether it may really and substantially be against the state … [A] suit nominally against state employees in their individual capacities that *demonstrably* has the *identical* effect as a suit against the state is, we think, barred. Any other position would be completely unrealistic and would make a mockery of the Supreme Court's heightened sensitivity to state prerogatives." *Luder v. Endicott*, 253 F.3d 1020, 1023 (7th Cir. 2001).

Because the Eleventh Amendment is a subject-matter jurisdiction limitation, the determination whether the "individual capacity" claims are ultimately directed at the institution must be made promptly. It can be addressed by evaluating whether Plaintiffs' Complaint alleges facts that plausibly show any basis to impute liability to the Individual Defendants outside of

8

their employment relationship with Purdue University. By that standard, the Complaint fails to allege any plausible individual-capacity facts to overcome the Eleventh Amendment bar.

### C.     Plaintiffs fail to state a Section 1983 injunctive relief claim under the *Ex Parte Young* exception to the Eleventh Amendment bar.

There is a narrow exception to the Eleventh Amendment bar for certain injunctive relief:

> [T]he Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law . . . Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment.

*Green v. Mansour*, 474 U.S. 64, 68 (1985) (internal citations omitted). The *Ex Parte Young* exception "permits relief against state officials only when there is an ongoing or threatened violation of federal law." *Vickery v. Jones*, 100 F.3d 1334, 1346 (7th Cir. 1996). The *Ex parte Young* doctrine "allows private parties to sue individual state officials for prospective relief to enjoin ongoing violations of federal law." *Council 31 of the Am. Fed'n of State, Cty, and Mun. Emps., AFL-CIO v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012) (quoting *MCI Telecomms. Corp. v. Ill. Bell Tel. Co.*, 222 F.3d 323, 337 (7th Cir. 2000)). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Amundson ex rel. Amundson v. Wis. Dept. of Health Servs.*, 721 F.3d 871, 873 (7th Cir. 2013) (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)) (internal alterations omitted). The *Ex parte Young* doctrine is narrow. *See Virginia Office for Protection and Advocacy v. Stewart*, 563 U.S. 247, 255 (2011). The doctrine "commands a state official to do nothing more than refrain from violating federal law" and is "limited to that precise situation." *Id.*

9

Neither Plaintiff alleges any current interactions with the Individual Defendants. According to the Complaint, Plaintiffs interacted with the Individual Defendants at the conclusion of their appeals many months ago, when their respective expulsions were reduced to suspensions. There is no allegation that either Individual Defendant is presently engaging in any ongoing or threatened violation of federal law.

Although Plaintiffs seek injunctive relief, the requested relief is directed at the University itself, to restore Plaintiffs' previously enrolled status. Plaintiffs seek "injunctive relief of reinstatement to Purdue University with all attendant benefits and other make whole relief including lost tuition and removal of the discipline from their records." Compl., p. 8. This request for "make whole relief" makes no reference to any current conduct by either Individual Defendant in violation of federal law. Plaintiffs do not allege that either of the Individual Defendants is presently engaged in any conduct that violates federal law.

Because the *Ex Parte Young* exception to the Eleventh Amendment bar is inapplicable, there is no subject-matter jurisdiction for Plaintiffs' injunctive relief claim under Section 1983.

**D.      Severance is appropriate under Rule 21.**

**1.      The Doe and Roe matters are appropriate for severance because Plaintiffs' claims are "discrete and separate."**

Plaintiffs allege that their claims have the following common elements: They were female students at Purdue University who were nineteen years old at the time of the alleged events. Both complained to Purdue University about alleged assaults. Both women were expelled after Purdue rejected their complaints of assault. After appeals, both women had their expulsions converted to a suspension. Both women allege that Purdue University has implemented a policy, either written or unwritten, wherein women who cannot prove their claims to the satisfaction of Purdue decisionmakers face discipline up to expulsion at Purdue. Compl., ¶¶ 1-3. There is no

allegation Roe and Doe were involved in a common event of assault or that either Plaintiff's disciplinary outcome was a factor in the other Plaintiff's disciplinary outcome.

Plaintiffs' allegation that Purdue applies the same policy to all similarly situated students is an insufficient basis for joinder, and the Complaint's express admissions of separateness compel severance of the claims.

This Court has "broad discretion whether to sever a claim under Fed. R. Civ. P. 21[1]." *Venice, P.I. v. Does 1-18*, No. 2:17-CV-285-JVB-JEM, 2018 WL 1992201, at *1 (N.D. Ind. Apr. 26, 2018) (quoting *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000)). The Seventh Circuit has held that "a district court may sever claims under Rule 21, creating two separate proceedings, so long as the claims are 'discrete and separate.'" *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (quoting *Rice*, 209 F.3d at 1016).

In *Venice, P.I.*, this Court ordered the cause of action severed and made its determination, in part, because of the "differences in facts" concerning the parties the movant proposed to sever. 2018 WL 1992201, at *3. This Court acknowledged that while continued joinder may promote efficiency for the plaintiff, the opposite is true for the defendants. *Id.* Relying on the Court's "discretion under Rule 21 to sever [the parties] to avoid causing prejudice and unfairness," this Court ordered the defendants severed. *Id.*

The same rationale applies here because of the "differences in facts" underlying Doe's and Roe's claims. Structural differences in the Complaint support severance. For example, Doe and Roe plead separate factual allegation sections to support their claims, *see* Compl., Sections IV and V. Also, Counts I-VI are separately captioned by plaintiff. Compl. at pp. 5-7.

---

[1] Fed. R. Civ. P. 21 states, "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

On the face of the Complaint, the facts underlying Doe's and Roe's claims involved completely separate and unrelated events of alleged assault and completely separate and unrelated disciplinary decisions. There is no allegation of any intersection of the two alleged assaults or the two alleged disciplines. There is no allegation of an event that is common to Doe's allegations and Roe's allegations. Roe alleges that she was sexually assaulted on April 17, 2017, while Doe alleges that she was physically assaulted on October 10, 2017. Compl., ¶¶ 14, 30. The Plaintiffs allege that "neither assault was related", "neither woman knew each other", and "[e]ach woman independently suffered an assault at the hand of a different male." Compl., ¶¶ 1-2. Doe reported her physical assault to the Purdue University Police Department whereas Roe reported her sexual assault to Purdue University. Compl., ¶¶ 15, 39. Doe spoke with a Purdue University investigator at the beginning of Purdue's investigation whereas Roe alleges no involvement in Purdue's investigation of her assault claim. Compl., ¶ 21. Doe was not a student at Purdue at the time Roe was assaulted. Compl., ¶¶ 7, 14, 30. Roe was suspended on October 17, 2017, and Doe was suspended on February 22, 2018. Compl., ¶¶ 7-8. Accordingly, the "differences in facts" that underlie Doe's and Roe's claims support how Plaintiffs' claims are "discrete and separate" and make severance appropriate.

Severance is also appropriate because Mary Doe's claims are capable of resolution regardless of the outcome of Nancy Roe's claims, and vice-versa. *See Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (Severance under Rule 21 is proper if one claim is "capable of resolution despite the outcome of the other claim."). Because (according to the Complaint) Doe's and Roe's unrelated assaults gave rise to separate investigations by Purdue, Doe and Roe will rely on different evidence to support each of their claims. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010) (noting "district courts

have considerable discretion to deny joinder [under Rule 21] when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiffs' claims."). Also, the disposition of each Plaintiff's claim is "discrete and separate". Doe's claim will have no bearing on the disposition of Roe's claim, and vice-versa.

Accordingly, this Court should exercise its discretion and sever Plaintiffs' claims into two separate actions.

### 2. Severance is appropriate because Plaintiffs' claims are improperly joined.

Plaintiffs cannot satisfy the two prongs of Rule 20(a) and, thus, are improperly joined. Fed. R. Civ. P. 20(a); Fed. R. Civ. P. 21; *Bailey v. N. Tr. Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000). Plaintiffs cannot satisfy Fed. R. Civ. P. 20(a)(1)(B) because their claims do not present common questions of law or fact. *See, e.g.*, *Spaeth v. Michigan State Univ. Coll. of Law*, 845 F. Supp. 2d 48, 54 (D.D.C. 2012) (The fact that claims are premised on the same legal theory is insufficient for showing that they raise common "question[s] of law or fact."); *Grennell v. W. S. Life Ins. Co.*, 298 F. Supp. 2d 390, 399 (S.D.W. Va. 2004) (noting "[t]hough [plaintiffs] have a claim arising under the same area of law against a common defendant, the facts that form the bases for those claims are unique to each plaintiff."); *Bailey v. N. Tr. Co.*, 196 F.R.D. 513, 517 (N.D. Ill. 2000) (finding that plaintiffs, five current or former employees who sued their employer, failed to satisfy Rule 20(a)(1)(B); ordering the plaintiffs' actions severed under Rule 21; and noting "[a]lthough plaintiffs' claims rest upon the same general theory of law—race discrimination—this is not sufficient for purposes of Rule 20(a).").

A common theory of relief is not sufficient for purposes of Rule 20(a). Although Doe's and Roe's claims invoke the same legal theories, the underlying factual and legal questions between are "based upon wholly separate acts of the defendant[s] with respect to each plaintiff."

13

*Bailey*, 196 F.R.D. at 517. Plaintiffs' unrelated assaults gave rise to separate investigations by Purdue. *See* Compl., ¶¶ 2,19, 40. Purdue's decision to expel Doe was a discrete act from its decision to expel Roe. Therefore, severance is appropriate because Plaintiffs cannot meet the second requirement of Rule 20(a) and are improperly joined.

Severance is appropriate even if this Court finds that Plaintiffs are properly joined under Rule 20(a). *See, e.g.*, Fed. R. Civ. P. 21 ("The court may sever any claim against a party."); *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (requiring plaintiffs to proceed separately with their claims if joinder would cause "prejudice, expense, or delay."); *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010) (noting that even where plaintiffs satisfy Rule 20, "district courts have considerable discretion to deny joinder [under Rule 21] when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiffs' claims."). Here, even if Plaintiffs' thin rationale of commonality were sufficient for joinder, nonetheless the rationale for severance is far stronger.

### 3. Judicial economy and fairness are best facilitated by severing Plaintiffs' claims.

Severance is appropriate because Doe and Roe allege separate disciplinary determinations. *See* Compl., ¶¶ 2,19, 40. Doe alleges that she was expelled on the basis that she "fabricated" her account of physical assault, whereas Roe alleges that she was expelled for reporting sexual assault "maliciously". Compl., ¶¶ 27, 41. The Complaint does not allege that either Plaintiff's intent had any bearing on the other Plaintiff's discipline. The Complaint does not allege any plausible facts to show that the witnesses and documentary proof of Doe's intent-to-fabricate (or not) will bear on Roe's malice (or not). Therefore this Court is well within its discretion to sever Doe's claims from Roe's claims. *See Vermillion v. Levenhagen*, 604 F. App'x

14

508, 513 (7th Cir. 2015) ("Under Rule 21 the district court has the discretion to sever any claims that are 'discrete and separate' in the interest of judicial economy and to avoid prejudice."); *Otis Clap & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985) (same); *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010)) ("[D]istrict courts have considerable discretion to deny joinder [under Rule 21] when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiffs' claims.").

Plaintiffs' core argument for joinder is the fact that the same Purdue officials participated in the decision of both Doe's discipline and Roe's discipline. This is not enough for joinder. Just as every case in this Court is decided on its own merits, Doe's and Roe's respective allegations must each be evaluated on its own merits, even if the disciplinarians were the same. Any suggestion of judicial economy is illusory.

Additionally, Plaintiffs' attempted joinder impeaches their effort to proceed anonymously. Joinder compromises the privacy of anonymity. With joinder, third-party witnesses could be asked questions about both Plaintiffs, by name. Thus, Plaintiffs' rationale for anonymity is also a rationale for severance.

At the dispositive motion stage and at any trial, it would be error for the fact-finder to rely upon Doe's proof to decide Roe's claim or vice-versa. The resulting case-management challenges would be great, and there is no judicial economy that would outweigh them. *See Rohr v. Metro. Ins. & Cas. Co.*, No. CIV.A. 06-10511, 2007 WL 163037, at *2 (E.D. La. Jan. 17, 2007) (granting defendant's motion to sever, in part, because of the potential undue prejudice to defendant of defending multiple claims, with different factual scenarios, in one trial, and noting

"[a] court may also consider whether jury confusion would result from the volume of evidence if the plaintiffs were joined.").

### 4. Severance will promote the prompt and efficient disposition of the litigation.

Severance is appropriate because it will promote disposition of Doe's and Roe's claims. *See Malibu Media, LLC v. Doe 5*, No. 1:12-CV-263, 2013 WL 2250236, at *1 (N.D. Ind. May 21, 2013) ("In deciding whether severance is appropriate . . . [a] court's decision should serve the ends of justice and facilitate the prompt and efficient disposition of the litigation.") (internal citations omitted).  Bundling two lawsuits does not aid any form of disposition.

### Conclusion

For the above-stated reasons, Counts V, VI, VII and VIII should be dismissed for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted.

For the above-stated reasons, this Court should exercise its broad discretion and sever Doe's and Roe's claims creating two separate actions.

Dated: January 9, 2019.                    Respectfully submitted,

/s/ William P. Kealey
William P. Kealey (Attorney No. 18973-79)
Joseph H. Harrison III (Attorney No. 35248-53)
STUART & BRANIGIN LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN  47902-1010
Telephone:  765-423-1561
Facsimile: 765-742-8175
E-Mail:  wpk@stuartlaw.com
***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 9th day of January, 2019, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

  Jeffrey A. Macey
  Macey Swanson LLP

                /s/ William P. Kealey
                William P. Kealey

1132950-1