UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MARY DOE and NANCY ROE**, <br><br> Plaintiffs, <br><br> v. <br><br> **PURDUE UNIVERSITY and ALYSSA ROLLOCK and KATIE SERMERSHEIM, in their official and individual capacities**, <br><br> Defendants. | Case No.   4:18-cv-00089-JTM-JEM |

## REPORT OF PARTIES' PLANNING MEETING

1. The Parties conferred via telephone under Fed. R. Civ. P. 26(f) and agreed to this report on February 12, 2019. Jeffrey A. Macey participated for the Plaintiffs, and William P. Kealey participated for the Defendants.

2. Jurisdiction.

   The Court has jurisdiction under 28 U.S.C. § 1331 and 1343. Plaintiffs allege violations of the Constitution and laws of the United States. Defendants allege that the Eleventh Amendment bars certain of Plaintiffs' allegations.

3. Motion to Sever.

   Defendants have moved to sever Plaintiff Doe's claim and Plaintiff Roe's claim for discovery and trial. *See* ECF No. 12. If not severed, Defendants propose the following: Rule 26 disclosures should be made separately by each Plaintiff; all subsequent discovery responses should be made separately by each Plaintiff, or

1

alternatively, submitted in a manner that clearly identifies which plaintiff is responding to discovery; and motion practice should be filed in a manner that clearly identifies which plaintiff is the moving party or the nonmovant. Plaintiffs concur with this proposal.

4. Pre-Discovery Disclosures.

    The Parties will exchange, by **April 12, 2019**, the information required by Fed. R. Civ. P. 26(a)(1).

5. Discovery Plan.

    a. The Parties propose the following discovery plan.

        At this stage of the litigation and with the information currently available to the Parties, respectively, the Parties anticipate they will need discovery on the following subjects (the Parties reserve the right to object to any specific discovery request in the normal course):

        Plaintiffs will seek discovery on the following subjects:

        - Defendants' policies and procedures regarding complaints of assault and/or sexual assault.

        - Records related to the Plaintiffs' disciplinary proceedings

        - Records related to other proceedings similar to the Plaintiffs

        - Communications by and among the Defendants relating to the Plaintiffs, the Defendants' policies and procedures regarding

complaints of assault and/or sexual assault, and other proceedings similar to the Plaintiffs

- Police reports and interviews
- Facts, witnesses, and persons involved in or with knowledge of the matters alleged in the Complaint and depositions of the relevant witnesses.

Defendants will seek discovery on the following subjects:

- Plaintiffs' academic and disciplinary records at all higher educational institutions attended; depositions of persons identified therein.
- Plaintiffs' health care records; depositions of persons identified therein.
- Records in the possession of Plaintiffs' employers, if any; depositions of persons identified therein.
- Plaintiffs' financial records.
- Plaintiffs' electronic communications including text message, email, and social media; depositions of persons identified therein including family members.
- Police reports and interviews.
- Facts, witnesses, and persons involved in or with knowledge of the assaults alleged in Plaintiffs' Complaint; depositions of persons identified therein.

b. Disclosure or discovery of electronically stored information should be handled as follows: The Parties have discussed preservation and disclosure of electronically stored discovery information, and have agreed that the scope of electronically stored discovery shall be limited to relevant and discoverable records, emails, and other electronic documents/data that are reasonably accessible. The Parties agree that electronically stored information that is requested without objection shall be disclosed in an easily and commonly accessible file format and exchanged via email, USB drive, CD, or cloud locker such as Dropbox.

c. The Parties propose that fact discovery should close **February 21, 2020**.

d. The Parties estimate that 10 depositions will be needed per side. The Parties agree to reevaluate and discuss the number of depositions based on their initial disclosures under Rule 26(a)(1). Each deposition is limited to a maximum of 7 hours unless extended by stipulation.

e. The Parties will abide by the limitation of Fed. R. Civ. P. 33(a)(1) with respect to the number of interrogatories. Responses will be due 30 days after service unless extended by agreement or by order of the Court.

f. The Parties must disclose the identity of any Rule 26(a)(2) witness and produce the witness's report by **March 31, 2020** for Plaintiffs, and by **April 30, 2020** for Defendants. Any evidentiary objections to another party's expert witness, whether directed to the witness's qualifications or to the foundation

for the expected testimony, shall be filed by **June 30, 2020**. Counsel stipulate that a failure to file such objections is waiver of any objection to opinion testimony outlined in the statement filed by the witness's proponent.

g. Supplementation of disclosures and discovery responses will be governed by Fed. R. Civ. P. 26(e)(1)(A) and will occur quarterly no later than the last business day of the quarter.

h. Pursuant to Fed. R. Evid. 502(d) and (e) and Fed. R. Civ. P. 26(b)(5), the Parties stipulate that the attorney-client privilege is not waived by inadvertent disclosure connected with the litigation of this cause.

6. Other Items.

   a. The last date the Plaintiffs may seek permission to join additional parties and to amend the pleadings is **May 21, 2019**.

   b. The last date the Defendants may seek permission to join additional parties and to amend the pleadings is **June 21, 2019**.

   c. The time to file Fed. R. Civ. P. 26(a)(3) pretrial disclosures will be governed by separate order.

7. Alternative Dispute Resolution.

   a. The Parties have not yet agreed upon a mediator, but will confer and mutually agree to a mediator after the completion of the plaintiffs' depositions. Thirty

days before the final pretrial conference counsel will provide a written status report to the Court regarding the status of mediation.

Date: <u>February 13, 2019</u>

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| <u>/s/ Jeffrey A. Macey</u> | <u>/s/ William P. Kealey</u> |
| Jeffrey A. Macey (Attorney No. 28378-49) | William P. Kealey (Attorney No. 18973-79) |
| MACEY SWANSON LLP | Joseph H. Harrison III (Attorney No. 35248-53) |
| 445 North Pennsylvania Street | STUART & BRANIGIN |
| Suite 401 | 300 Main Street, Suite 900 |
| Indianapolis, IN 46204-1800 | P.O. Box 1010 |
| Telephone: 317-637-2345 | Lafayette, IN 47902-1010 |
| Facsimile: 317-637-2369 | Telephone: 765-423-1561 |
| Email: jmacey@maceylaw.com | Facsimile: 765-742-8175 |
| *Attorney for Plaintiffs* | Email: wpk@stuartlaw.com |
| | *Attorneys for Defendants* |