IN THE
UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARY DOE and NANCY ROE, ) | |
| ) | |
|    Plaintiffs ) | |
| ) | |
|                v. ) | Cause No. 4:18-cv-00089-JTM-JEM |
| ) | |
| PURDUE UNIVERSITY and ALYSSA ROLLOCK ) | |
| and KATIE SERMERSHEIM, in their official and ) | |
| individual capacities ) | |
| ) | |
|    Defendants. ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS AND SEVER THE CLAIMS**

**I.  INTRODUCTION**

Both Plaintiffs are Purdue students who were expelled after they complained about separate instances of assault to the Defendant Purdue University. After each appealed her expulsion, the expulsion was converted to a two-year suspension.

Plaintiffs brought this case under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1981, et seq., and 42 U.S.C. § 1983. Defendant Purdue University is identified in Counts I-IV as the party that violated Title IX. Individual defendants Alysa Rollock and Katie Sermersheim are identified as depriving the Plaintiffs' rights under color of state law in Counts V and VI. Rollock and Sermersheim are specifically named as Defendants in their individual capacity in Counts VII and VIII of the Plaintiffs' Complaint.

In their claim for relief, Plaintiffs seek "injunctive relief of reinstatement to Purdue University with all attendant benefits" and "other make whole relief including lost tuition and removal of the discipline from their records" "together with an award of compensatory damages,

1

punitive damages, courts costs and expenses, including attorney's fees, pre-judgment and post-judgment interest and such other relief as this Court deems appropriate."

Regardless of the resolution of the instant motion, Purdue University will still be a Defendant in this matter. It is unquestionably the proper Defendant on Plaintiffs' Title IX claims. Despite Defendants' argument, Rollock and Sermersheim are the proper Defendants on the constitutional claims.

Well-established procedures of constitutional litigation recognize two claims under Section 1983. First, while state institutions are not proper Defendants (due to Eleventh Amendment immunity reasons) in a Section 1983 suit for damages, individuals acting under color of state law should be sued in their official capacities in order to obtain injunctive relief. Counts V and VI of the Complaint make out those claims. Individuals may also be sued in their individual capacities for damages under Section 1983. Counts VII and VIII of Plaintiffs' Complaint contain those claims.

Despite the Plaintiffs' conformity with standard Section 1983 pleading, Defendants move to dismiss all of Plaintiffs' Section 1983 claims on the grounds that: 1. The Plaintiffs failed to state a Section 1983 injunctive relief claim under *Ex Parte Young*. 2. The individual Defendants cannot be sued in their individual capacities for actions taken within the "scope of their employment."

Defendants also move to sever the Plaintiffs' claims because "[t]here is no allegation of an event that is common" to the Plaintiffs' allegations, because their claims "are capable of resolution regardless of the outcome" of the others' claims, and because there are "no common questions of law or fact." In making this argument, Defendants ignore that Plaintiffs squarely alleged that "Purdue University has implemented a policy, either written or unwritten, wherein

women who cannot prove their claims to the satisfaction of Purdue decision makers face discipline up to expulsion at Purdue." [Complaint Dkt. 1, ¶ 3] Plaintiffs also alleged that both individual Defendants "knowingly or recklessly implemented and managed a sexual assault complaint process that deprived the Plaintiffs of their constitutional rights to due process and equal protection of the law." [*Id.* ¶ 66, 68]

The challenge to Purdue's policy and complaint process which was implemented and managed by the individual Defendants is a central and common element of both Plaintiffs' claims. Both had their complaints evaluated under that policy and both were disciplined under that policy. The treatment of their complaints and their discipline were the "series of occurrences" under Rule 20 and the lawfulness of the policy is "the common question of law and/or fact" that justifies joinder of both Plaintiffs in this action under Rule 20.

## II.     DEFENDANTS' MOTION TO SEVER

Under Federal Rule of Civil Procedure 20, "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Plaintiffs are allowed to join their claims in the instant case under Rule 20, and Defendants' Motion to Sever should be denied.

"Under the [Federal Rules of Civil Procedure], the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). Plaintiffs are challenging a common unlawful policy in their Complaint. Therefore, their claims may be joined under Rule 20.

3

"The standard for permissive joinder under Rule 20 is liberal," and "courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." *Klein v. Buonadonna*, No. 2:17-CV-16-JEM, 2018 U.S. Dist. LEXIS 209969, at *3 (N.D. Ind. Dec. 12, 2018) (citing *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007); 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 (3d ed. 2001); *Chavez v. Ill. State Police*, 251 F.3d 612, 631-32 (7th Cir. 2001); *Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994)).

"Multiple plaintiffs are free to join their claims in a single suit when *any* question of law or fact common to all plaintiffs will arise in the action. The common question need not predominate; that's a requirement for class actions, not for permissive joinder." *Lee v. Cook Cty.*, 635 F.3d 969, 971 (7th Cir. 2011) (quoting Fed. R. Civ. P. 20(a)(1)(B) (emphasis added by the Seventh Circuit)).

In Paragraph 3 of their Complaint, Plaintiffs allege that: "Purdue University has implemented a policy, either written or unwritten, wherein women who cannot prove their claims to the satisfaction of Purdue decision makers face discipline up to expulsion at Purdue." Under Rule 20, this allegation is sufficient to allow the Plaintiffs to join their claims. *Id.* (finding in an analogous context that a suit alleging a discriminatory policy is sufficient for joinder).

But this is not the only common allegation. In their 42 U.S.C. § 1983 claim against Defendant Alyssa Rollock, Plaintiffs allege that Rollock "knowingly or recklessly implemented a sexual assault complaint process that deprived the Plaintiffs of their constitutional rights to due process and equal protection of the law." And in their Section 1983 claim against Defendant

Katie Sermersheim, Plaintiffs allege that "Sermersheim knowingly or recklessly implemented and managed a sexual assault complaint process that deprived the Plaintiffs of their constitutional rights to due process and equal protection of the law."

In addition to asserting claims that arise from a common question of law -- the illegality of the complaint process at Purdue -- the Plaintiffs' claims arise from the harm caused to each Plaintiff by the effect of the illegal process on them. These are the required series of occurrences for permissive joinder under Rule 20. The allegations that Purdue has "implemented" an unlawful policy and that Rollock and Sermersheim implemented and managed that policy are sufficient to justify the joinder of Plaintiff's claims. The evidence on each of those allegations is common to both Plaintiffs: the witnesses are identical and so are the documents. Litigating them together will promote judicial economy.

Rule 20 is liberally construed to allow permissive joinder so as to promote judicial efficiency, especially when there is no prejudice to the opposing party. *Hills v. AT&T Mobility Servs., LLC*, No. 3:17-cv-556-JD-MGG, 2018 U.S. Dist. LEXIS 205377, at *8 (N.D. Ind. Dec. 4, 2018). Given the fact that Plaintiffs' claims raise the allegations of a common question of law and fact -- that Purdue has an illegal policy of expelling women whose complaints they do not believe and that the complaint process is unlawful – the Plaintiffs' claim falls squarely within Rule 20's permissive joinder provisions. This conclusion is supported by the fact that having these claims brought together will encourage judicial economy. Again, the documents and witnesses to the process are identical for both Plaintiffs. Each challenges Purdue's process. While the effect of the process on each Plaintiff may be different, that does not take Plaintiffs out of the provisions of Rule 20. *Lee*, 635 F.3d at 971.

5

Defendants' argument to the contrary is unsupported. Two separate depositions of Rollock and Sermersheim, wherein they are asked about the investigative process, two separate document requests for the same materials regarding the investigative process, and two separate subpoenas to each nonparty who has evidence relating to the investigative process would be required if the Plaintiffs' cases were severed. Moreover, if severed, there would be two trials at which the Court would be required to listen to the same witnesses and consider the same arguments based on the same evidence. Prior to trial, if the cases are severed, the Court would need to consider two motions for summary judgment that contain the same argument about the Defendants' policies and two overlapping motions to compel if either party contests the discoverability of evidence common to both claims (for example, evidence of the treatment of other complainants under the Purdue process for handling Title IX complaints).[1]   Judicial economy heavily weighs in favor of joinder in this action.

A useful thought exercise is to consider the effect of a finding for one Plaintiff that Purdue did in fact implement an unlawful Title IX complaint policy. That finding would necessarily affect the other Plaintiff's case by resolving a key issue. However, if the claims were severed the Court would have to make the same decision twice and could potentially reach conflicting decisions about the same policy. Joinder of parties under Rule 20 avoids such a result.[2]

---

[1] Joinder of the Plaintiffs' claims has already saved the Court and the parties time by allowing both parties to brief the Section 1983 claims issue in a single motion and response (respectively) on which the Court will presumably rule in a single Order.

[2] The opposite is not necessarily true. If the Court does not find that an illegal policy exists, each Plaintiff's claim may proceed if the Plaintiff can show that the Defendants discriminated or retaliated against the Plaintiffs individually. But, there is no requirement that the common question of law or fact be dispositive of the case. *See Lee,* 635 F.3d at 971.

### III.     DEFENDANTS' MOTION TO DISMISS COUNTS V-VIII

The Plaintiffs have alleged that the Defendants violated their Equal Protection and Due Process rights under the United States Constitution. The Defendants claim Plaintiffs have no cause of action against Purdue or Rollock and Sermersheim for these violations. The Supreme Court has recognized that Plaintiffs may bring concurrent Title IX and Section 1983 claims in the same matter. *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 258 (2009). The Plaintiffs seek to do so in this case.

#### A.     Rollock and Sermersheim Have the Authority to Provide the Injunctive Relief Requested and are thus Proper Defendants to a Section 1983 Action[3]

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiffs allege in Counts V-VIII that Rollock and Sermersheim acted under color of state law and violated the Plaintiffs' "constitutionally guaranteed right to Equal Protection of the Laws and Due Process of Law." [Dkt. 1, ¶¶ 60, 61, 63, 64, 66, 68] As employees of Purdue who acted on the Plaintiffs' claims of assault and imposed disciplinary action up to and including expulsion, these Defendants are cloaked with the authority to wield state power on behalf of Purdue. And here they are alleged to have denied the Plaintiffs due process by implementing and applying an unfair disciplinary system and violated Plaintiffs' equal protection rights by disciplining them because they are women.

The Plaintiffs' claim against Rollock and Sermersheim, in their official capacities, is for injunctive relief under the theory in *Ex Parte Young*. 209 U.S. 123, 157 (1908). In the relief

---

[3] To the extent the Complaint is unclear, Plaintiffs concede that their Section 1983 claims are against Rollock and Sermersheim only. Claims against the individual Defendants in their official capacity are for injunctive relief. Claims against the individual Defendants in their individual capacity are for damages.

7

sought section, Plaintiffs ask specifically for the injunctive relief of reinstatement and to be made whole "including . . . removal of the discipline from their records." This is prospective injunctive relief that remedies the ongoing constitutional violation (their exclusion from Purdue University and tarnished record). *Osteen v. Henley*, 13 F.3d 221, 223 (7th Cir. 1993) ("[The Eleventh] amendment is not a bar to injunctions against state officials even when they are named in their official capacities, because all that such an injunction does is require the state to confine its future activity within the limits set by federal law.")

The Plaintiffs allege the violation of their constitutional rights and ask for injunctive relief. That combination is sufficient for them to meet their pleading burden. Also, because both Rollock and Sermersheim are sued in their official capacities, they are the proper defendants in a suit for injunctive relief, then. *Haynes v. Ind. Univ.*, 902 F.3d 724, 731 (7th Cir. 2018) ("Everyone agrees that the claim for injunctive relief can proceed against the official-capacity defendants.") Sermersheim and Rollock exercised the allegedly unlawful discipline toward both Plaintiffs. (Dkt. 1 ¶¶ 24, 25, 26, 29, 40, 41, 42)[4]

### B. Rollock and Sermersheim are Appropriate Defendants in Their Individual Capacities because Plaintiffs Allege These Defendants Acted Unlawfully.

"[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (emphasis in the original). Defendants argue that suit against the individual Defendants in their individual capacities in this case is not proper because the Plaintiffs are suing the Individual Defendants "for their agency on behalf of Purdue University."

---

[4] Defendants' argument on this issue is particularly frustrating, both because the Plaintiffs squarely alleged that Sermersheim participated in the disciplinary decision, and that Rollock, an official capacity Defendant, made an explicit decision about their punishment, and because the Defendants are aware that Rollock and Sermersheim have the authority to reinstate the Plaintiffs, which is the injunctive relief they seek.

8

But the case the Defendants cite to is a Section 1981 action on an employment contract. *Haynes v. Ind. Univ.*, 902 F.3d 724, 731 (7th Cir. 2018). In that case, the Court found that since the suit was one for back pay and other damages based on a contract to which the individual Defendants were not parties, the individual Defendants could not be sued in their individual capacities. *Id.* This result is obvious and not applicable to the instant case. In a claim for breach of contract, only parties to the contract are liable for damages, but in a claim for a violation of constitutional rights, the individual responsible for the violations, like Defendants Rollock and Sermersheim are liable for the damages they have caused. *Graham*, 473 U.S. at 166. And to the extent that Defendants claim that the state is responsible for damages in this case, a state defendant's policy of immunizing tortfeasors is not a sufficient basis to eliminate an individual capacity claim under Section 1983. *See Delgado v. Stegall*, 367 F.3d 668, 674 (7th Cir. 2004).

In this case, the Plaintiffs expressly alleged that each individual Defendant "knowingly or recklessly implemented a sexual assault complaint process that deprived the Plaintiffs of their constitutional rights to due process and equal protection of the law." Under traditional agency principles, illegal acts are not considered within the scope of the agency relationship.[5] *See Delgado*, 367 F.3d at 674 (citing Dan Dobbs, *The Law of Torts* § 333, p. 906; W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 51, p. 341 (5th ed. 1984); *Restatement (Second) of Agency* § 401 and comment d (1958) ("[T]he employee who commits a tort for which his employer is liable under the doctrine of respondeat superior has a duty to indemnify the employer if the latter is sued and loses.")). Therefore, contrary to Defendants' argument, by alleging the deprivation of Plaintiffs' constitutional rights, the Plaintiffs are alleging, by

---

[5] Unless in this case the Individual Defendants are arguing that they were instructed by someone else at Purdue to create an unlawful process, which might be a defense. But it does not make Plaintiffs' claim deficient under Section 1983.

definition, that the Plaintiffs were acting outside their roles as agents of the Defendant. Defendants can act illegally under color of state law; that is the entire rationale behind the constitutional tort established in 42 U.S.C. § 1983.[6] *See Monroe v. Pape*, 365 U.S. 167, 171-72, (1961).

The Supreme Court, in *Ex Parte Young*, made clear that an individual acting unconstitutionally cannot be acting for the state. "The act to be enforced is alleged to be unconstitutional, and if it be so, the use of the name of the State to enforce an unconstitutional act to the injury of complainants is a proceeding without the authority of and one which does not affect the State in its sovereign or governmental capacity. It is simply an illegal act upon the part of a state official in attempting by the use of the name of the State to enforce a legislative enactment which is void because unconstitutional." *Ex parte Young*, 209 U.S. 123, 159 (1908).

Because the actions complained of by the Individual Defendants are unconstitutional, the suit is necessarily one against the individual Defendants for acting illegally and thus, the individuals are subject to damages under Section 1983.

## IV. CONCLUSION

The Plaintiffs are suing the individual Defendants in their official capacities to get back into school (and other appropriate injunctive relief) and are suing the Individual Defendants in their individual capacities for damages. Both claims are clearly established by existing precedent and both claims should proceed. The Plaintiffs' claims should proceed together under Rule 20 because they arise from the same series of occurrences and a common question of law and/or fact will arise in the case: the illegality of Purdue's Title IX procedures.

The Defendants' Motion to Dismiss and Sever should be DENIED.

---

[6] The prototypical example is a police officer who knowingly uses excessive force. The officer is acting under the color of law but illegally.

<br>

                    Respectfully submitted,

                    **MACEY SWANSON LLP**

                    _____/s/Jeffrey A. Macey
                    Jeffrey A. Macey, Atty No. 28378-49
                    Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

     The undersigned certifies that on February 13, 2019, a copy of the foregoing was served via operation of the Court's electronic filing system on all Counsel of Record.

                    Respectfully submitted,

                    ___/s/ Jeffrey A. Macey_____
                    Jeffrey A. Macey, Atty No. 28378-49
                    Attorney for Plaintiffs

**MACEY SWANSON LLP**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: jmacey@maceylaw.com