UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| MARY DOE and NANCY ROE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 4:18-cv-00089 |
| | ) | |
| PURDUE UNIVERSITY and ALYSSA ROLLOCK and KATIE SERMERSHEIM, in their official and individual capacities, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

### DEFENDANTS' OPPOSITION TO MARY DOE'S MOTION FOR LEAVE TO PROCEED USING PSEUDONYM

Defendants The Trustees of Purdue University, Alysa Rollock, and Katie Sermersheim ("Defendants"), in response to Plaintiff Mary Doe's Motion for Leave to Proceed Using Pseudonym ("Motion") [ECF No. 22], state:

**A.  No equities favor leave for Mary Doe to proceed using a pseudonym. The requirement to sue in her own name should apply.**

Plaintiff Mary Doe's claim does not concern sexual assault. Doe alleges that she was "physically assaulted in her Purdue University dorm room by Male Student A on October 10, 2017." Compl. at ¶ 14. Doe alleges that she was wrongly expelled from Purdue University for "fabricat[ing] the account of the [physical] assault." Compl. at ¶¶ 27-29.

The "title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). There is a "general rule that parties to federal litigation must litigate under their real names." *Coe v. Cty. of Cook*, 162 F.3d 491, 498 (7th Cir. 1998). "In a few cases a justified interest in privacy warrants concealment of a litigant's name. But not in most cases and not in this one." *Id*. To proceed

1

anonymously, Doe must demonstrate "exceptional circumstances" that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity. *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (internal citations omitted). Anonymous litigation conflicts with "the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *Id*. at 376.  See *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("The public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret."); *Doe v. Sheriff of DuPage County*, 128 F.3d 586, 587 (7th Cir. 1997) ("Litigation involves the public's business and, except when exceptional circumstances are present, all parties to a suit must be identified."). *See also Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts.").

Doe has made her claim into the public's business, even to the point of publicizing it on television. https://www.wthr.com/article/suit-purdue-retaliated-against-female-students-who-made-sexual-assault-claims (last viewed March 25, 2019).

Doe asserts that the evidence will include her sexual text messages to Male Student A, and that her allegations might spur Male Student A to retaliate against her. Motion at p. 6. These factors are common to countless domestic-partner civil suits involving battery allegations. Doe faces the steep burden of showing why such factors make her case exceptional.

Doe's status is distinctly different from her co-plaintiff Roe, who was disciplined for a false allegation of sexual assault. Roe's suit centers on the question whether she suffered a sexual

2

assault. Doe's suit does not. Therefore *Doe v. Purdue Univ.*, 321 F.R.D. 339, 342 (N.D. Ind. 2017) is distinguishable, and Defendants have respected that distinction by not opposing Roe's request for pseudonym status.

**B.       Mary Doe's relationship history is not an exceptional circumstance.**

Mary Doe's argument that pseudonym status will protect her from retaliation by Male Student A is not plausible. Given Mary Doe's intentional media publicity, Male Student A likely already knows of this case. According to Doe, Male Student A will be a key witness in her case, thus ensuring his deposition and awareness of her suit: "While the male student is not a defendant in the instant action, the facts relating to his conduct forms the basis for much of Doe's complaint." Motion at p. 6.

The need to inquire into sensitive issues and evidence is rarely an exceptional circumstance justifying pseudonym status. *See Doe v. The Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016) ("most litigation entails embarrassment of some form for one or both parties … neither the existence nor the nature of a voluntary sexual relationship, standing alone, is sufficient to warrant sealing a judicial proceeding in whole or in part").  For example, sexual-harassment plaintiffs are expected to proceed in their own name even when the evidence encompasses lewd conduct or a past sexual relationship. *See, e.g., Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) ("sexual harassment cases are not brought anonymously even when the facts are gamier than they are here"); *Thomas v. Arbor Green, Inc.*, No. 04-C-212, 2006 WL 2988472, at *4 (E.D. Wis. October 16, 2006) (addressing whether Thomas demonstrated that "the alleged adverse job actions were contingent upon his refusal or submission to further sexual relations with Ms. Wade").

Doe's assertion that "intimate details about her health" will be disclosed to the public is

an insufficient basis to permit Doe to proceed under pseudonym. Motion p. 5. In *Doe v. Blue Cross & Blue Shield United of Wisconsin*, the plaintiff suffered from a psychiatric disorder (obsessive-compulsive syndrome) and filed under a fictitious name because of fear that the litigation might result in the disclosure of his psychiatric records. 112 F.3d 869, 872 (7th Cir. 1997). The Seventh Circuit noted that "the fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." *Id.* The court disallowed the plaintiff from further proceeding under a pseudonym but noted that individual medical records could be filed under seal. *Id.*

In *Noe v. Carlos*, the plaintiff proceeded under pseudonym in her complaint, noting she was detained for mental health reasons. No. 2:08 CV 227, 2008 WL 4411558, at *1 (N.D. Ind. Sept. 25, 2008). The court denied plaintiff's motion to proceed under pseudonym, seal the complaint, and redact her name in future filings. *Id*. The plaintiff stated in her motion that "public access to plaintiff's personal health information contained in the complaint and future court material would harm Plaintiff's reputation among colleagues and jeopardize her career advancement." *Id.* In addition to finding that argument to be an insufficient basis to proceed under pseudonym, the court favorably cited *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872, and noted that "less dramatic means are available for more specific protection of information." *Id.*

Under these authorities, sexual texts between Doe and Male Student A are not an exceptional circumstance. That evidence is readily addressed by sealing it, if and as permitted under Local Rule 5.3.

As Doe notes, there are privacy rulings variously addressing abortion, contraception,

4

sexual exploitation of minors, and welfare rights of illegitimate children.[1] Those cases are far afield from adult relationship battery. For example, Doe cites *Plaintiff B v. Francis*, 631 F.3d 1310, 1316-17 (11th Cir. 2011). In that case, plaintiffs, while minors, were allegedly coerced to engage in explicit sexual acts which were recorded and sold publically online and on television. *Id.* at 1312. The case also dealt with homosexual intimacy. *Id.* at 1317. Doe does not allege sexual activity by minors, coerced sexual activity, or homosexual intimacy. Doe does not allege that her texts to Male Student A are available on the internet or on television.

A party's embarrassment about past immoral or irresponsible behavior is an insufficient basis for pseudonym status. In *Coe v. Cty. of Cook*, a woman whom the plaintiff had impregnated, but to whom he was not married, had an abortion. 162 F.3d at 493. Plaintiff brought a claim alleging that the hospital should have provided him notice before performing the abortion and attempted to proceed under pseudonym. *Id.* The court affirmed the district court's determination that plaintiff's use of a pseudonym was unwarranted. *Id.* at 498.

In *Doe v. Indiana Black Expo, Inc.*, the district court denied plaintiff's attempt to proceed under pseudonym despite plaintiff alleging that if his history of substance abuse and mental health hospitalizations were revealed, his current employment and other business interests would be adversely affected. 923 F. Supp. 137, 141–42 (S.D. Ind. 1996). The court noted that plaintiff's concerns of his economic well-being and possible embarrassment or humiliation were

---

[1] Pseudonym status can be appropriate to protect the privacy of "children, rape victims, and other particularly vulnerable parties or witnesses." *Doe v. Vill. of Deerfield*, 819 F.3d at 377 (internal citations omitted). Minors are recognized vulnerable parties. Fed. R. Civ. P. 5.2(a). In one such case, the district court granted plaintiffs' motion to proceed anonymously regarding highly sensitive facts of a private nature concerning plaintiffs' minor child. *Doe v. United States*, No. 16-CV-0640-SMY-DGW, 2016 WL 3476313, at *1 (S.D. Ill. June 27, 2016) (citing closeted homosexuality and transgendered individuals to provide examples of vulnerable parties that may be exceptions to the general rule of public disclosure). *See also Doe v. City of Chicago*, 360 F.3d at 669 (refusing to permit anonymous filing when the plaintiff was not "a minor, a rape or torture victim ... a closeted homosexual or-so far as appears-a likely target of retaliation by people who would learn her identity only from a judicial opinion or other court filing.").

insufficient to overcome the strong presumption against proceeding by fictitious names. *Id.* at 142–43.

C. **Fairness requires equal weight to all reputational interests.**

Doe does not acknowledge the reputational interests of the named individual Defendants. *See Doe v. Smith*, 429 F.3d at 710 ("[The plaintiff] has denied [the defendant] the shelter of anonymity"). "Basic fairness requires that where a plaintiff makes such accusations publicly, he should stand behind those accusations, and the defendants should be able to defend themselves publicly." *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. at 141–42.

**Conclusion**

For the above-stated reasons, Defendants respectfully submit that leave for Plaintiff Doe to use a pseudonym should be denied.

Dated: March 25, 2019.                                  Respectfully submitted,

/s/ William P. Kealey
William P. Kealey (Attorney No. 18973-79)
Joseph H. Harrison III (Attorney No. 35248-53)
STUART & BRANIGIN LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN  47902-1010
Telephone:  765-423-1561
Facsimile: 765-742-8175
E-Mail:  wpk@stuartlaw.com
*Attorneys for Defendants*