**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| MARY DOE AND NANCY ROE, ) | |
|     Plaintiffs, ) | |
| ) | |
|     v. ) | CAUSE NO.: 4:18-CV-89-JEM |
| ) | |
| PURDUE UNIVERSITY, *et al.*, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss Counts V-III and Sever Plaintiffs' Remaining Claims [DE 11], filed by Defendants on January 9, 2019. Defendants seek to dismiss Counts V, VI, VII and VIII of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and seek to sever the remaining claims into two separate actions. Plaintiffs filed a response on February 13, 2019, and Defendants replied on February 20, 2019.

**I.  Background**

Plaintiffs, who were female students at Purdue University, allege that they were assaulted in unrelated incidents by male students at Purdue. Plaintiffs separately reported the incidents to Purdue. According to the Complaint, Purdue investigated and found that Plaintiff Mary Doe had "fabricated" her allegation, and Plaintiff Nancy Roe had "reported [her] assault maliciously."[1] Purdue expelled both Plaintiffs, but the expulsions were reduced to two-year suspensions on appeal. Plaintiffs state that Purdue "has implemented a policy . . . wherein women who cannot prove their claims to the satisfaction of Purdue decisionmakers face discipline up to expulsion at Purdue," and allege that both Plaintiffs were wrongly suspended. In Counts I through IV, Plaintiffs allege claims

---

[1] Plaintiffs filed a motion to proceed pseudonymously, which is pending before the Court but has not been fully briefed; for purposes of this Opinion and Order, Plaintiffs will be referred to by the pseudonyms used in the Complaint.

against Purdue pursuant to Title IX of the Educational Amendments of 1972. In Counts V and VI, Plaintiffs allege claims under 42 U.S.C. § 1983 against Purdue and two university administrators, Katie Sermersheim and Alyssa Rollock, acting in their official capacities. In Counts VII and VIII, Plaintiffs allege Section 1983 claims against Semersheim and Rollock in their individual capacities.

Defendants seek to dismiss the Section 1983 claims in Counts V and VI, arguing that the Court lacks subject-matter jurisdiction because all Defendants are instruments of the state of Indiana and thus immune to suit in federal court. Defendants seek to dismiss the Section 1983 claims against the individual defendants in Counts VII and VIII, arguing that the Complaint does not allege any conduct by those Defendants in their individual capacity. Finally, Defendants seek to sever the remaining claims into separate actions for each Plaintiff, because there is "no intersection" between the alleged assaults or the subsequent disciplinary proceedings for the separate Plaintiffs.

## II. Analysis

### A. Section 1983 Claims Against Purdue

Defendants seek to dismiss the Section 1983 claims against Purdue in Counts V and VI, arguing that Purdue, as an instrument of the State of Indiana, is protected by Indiana's immunity to suit in federal court. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[T]he Eleventh Amendment bars the suit. The suit is against a state and a state agency and Congress did not abrogate the states' sovereign immunity from suit under section 1983, as it could have done.") (citations omitted); *Kashani v. Purdue Univ.*, 813 F.2d 843, 844 (7th Cir. 1987) (holding that Purdue is "an arm of the state entitled to the protection of the Eleventh Amendment"). In their response to the instant Motion, Plaintiffs clarify that "their Section 1983 claims are against Rollock and Semersheim [the individual defendants] only." Therefore, the Section 1983 claims against Purdue in Counts V and VI are dismissed.

B.     Section 1983 Claims Against Rollock and Semersheim

Defendants seek to dismiss official capacity claims and individual capacity claims, made pursuant to Section 1983, against Defendants Rollock and Semersheim. The Court considers the official capacity claims (within Counts V and VI) and individual capacity claims (within Counts VII and VIII) in turn.

i.     *Official Capacity Claims (Counts V and VI)*

Defendants argue that immunity under the Eleventh Amendment extends to lawsuits against Rollock and Semersheim, two university administrators, for actions made in their official capacities as state agents. *See Joseph v. Bd. of Regents of Univ. of Wisc. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005) ("[S]tate officials in their official capacities are also immune from suit under the Eleventh Amendment.") (citations omitted). Plaintiffs argue that their claims fall under the *Ex Parte Young* exception to the Eleventh Amendment immunity to suit. Under the *Ex Parte Young* doctrine, a plaintiff may sue state officials if they seek prospective relief to prevent an ongoing violation of federal law. *MCI Telecomm. Corp. v. Ill. Bell Tel. Co.*, 222 F.3d 323, 337 (7th Cir. 2000) (citations omitted); *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997). In applying the doctrine, the Court "need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Amundson ex rel. Amundson v. Wisc. Dep't of Health Servs.*, 721 F.3d 871, 873 (7th Cir. 2013) (quoting *Verizon Md. Inc. v. Public Service Com'n of Md.*, 535 U.S. 635, 645 (2002)).

Within their request for relief, Plaintiffs seek "reinstatement to Purdue University with all attendant benefits and . . . removal of the discipline from their records." Plaintiffs argue that reinstatement, and removal of discipline from their records, is prospective injunctive relief that triggers the *Ex Parte Young* exception. Defendants argue that Plaintiffs are merely seeking relief for

3

past acts, and neither Defendant is alleged to be engaged in an ongoing violation of federal law, making *Ex Parte Young* inapplicable.

The Court agrees with Plaintiffs that their claims for reinstatement to Purdue and removal of the discipline from their records are cognizable under *Ex Parte Young*. Defendants point out that Rollock and Semersheim last interacted with the students months ago, and neither is alleged to be "presently" violating federal law. But ongoing harm can trigger *Ex Parte Young* even if a defendant is no longer taking affirmative steps that allegedly violate the law. *See, e.g., Doe v. Cummins*, 662 F. App'x 437, 444 (6th Cir. 2016) (holding that *Ex Parte Young* applied to expungement of discipline from university students' records since "the individual defendants would merely be compelled to remove the negative notation . . . that resulted from the allegedly unconstitutional disciplinary process. This is nothing more than prospective remedial action."); *see also Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 321-324 (5th Cir. 2008) (holding that reinstatement to a job can be sought through *Ex Parte Young*, and listing cases showing that "almost every circuit has reached the same result"); *Elliott v. Hinds*, 786 F.2d 298, 302 (7th Cir. 1986) (holding that "reinstatement and expungement of personnel records [from employment] is clearly prospective in effect and thus falls outside the prohibitions of the Eleventh Amendment.").

Defendants argue that the requested prospective relief "is directed at the University itself," rather than the administrators Plaintiffs are trying to sue. The relevant inquiry is whether the Complaint alleges an ongoing violation of federal law and seeks prospective relief; the fact that the administrators are ultimately acting on Purdue's behalf does not bar suit. *See Entm't Software Ass'n v. Blagojevich*, 469 F.3d 641, 645 (7th Cir. 2006) (holding that the official only needs to have "some connection" with the enforcement of the relevant law) (citations omitted). Although the request for relief contains an apparent typo (Plaintiffs request judgment against "the Defendant," singular), the

4

Court does not construe that as an assertion that the individual defendants are unconnected to the prospective relief, particularly because the relevant Counts allege that all three Defendants were involved in the decisions to suspend Plaintiffs. *See* Complaint, ¶¶ 61, 64. Therefore, Plaintiffs' official capacity claims against Rollock and Semersheim in Counts V and VI may proceed.

### ii. Individual Capacity Claims (Counts VII and VIII)

Defendants seek to dismiss claims against Rollock and Semersheim in their individual capacities. "[T]o establish personal liability in a 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (emphasis omitted). However, the Seventh Circuit has held that individual capacity claims cannot proceed if they "*demonstrably* ha[ve] the *identical* effect as a suit against the state." *Luder v. Endicott*, 253 F.3d 1020, 1023 (7th Cir. 2001) (emphasis in original). A suit is against the state "if the judgment sought would expend itself on the public treasury or domain." *Id.*, quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 n. 11 (1984).

Defendants argue that this case is factually similar to *Haynes v. Indiana University*, 902 F.3d 724 (7th Cir. 2018). In *Haynes*, the plaintiff sought monetary relief arising from an employment contract with Indiana University. *Id.* at 732. The Seventh Circuit Court of Appeals reasoned that because the individual defendants were not parties to the contract, "[w]e have no reason to believe that they, rather than the University, would foot the bill for a resulting judgment." *Id.* As a result, the claims "demonstrably [had] the identical effect as a suit against the state," warranting dismissal. *Id.*, citing *Luder*, 253 F.3d at 1023; *see also Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003) (dismissing claims where it was "so inescapable that any resulting judgment will be paid by the state rather than the individual defendants that this bears no resemblance to a bona fide individual capacity suit"). Unlike the dispute in *Haynes*, the claims against Rollock and Semersheim do not

5

have the "identical effect" as a suit against the state. Plaintiffs are alleging constitutional violations by the individuals, not violations of a contract to which the individuals were not parties. Plaintiffs are also seeking punitive damages, which may be available from the Defendants sued in their individual capacity but not from the state, which is immune from suit except for the injunctive relief described above. *See Smith v. Wade*, 461 U.S. 30, 35-36 (1983) (holding that individual officers may be liable for punitive damages under § 1983); *Kashani*, 813 F.2d at 844 (holding that Purdue is "an arm of the state entitled to the protection of the Eleventh Amendment").

Defendants argue that the Complaint does not allege that Semersheim and Rollock engaged in activity beyond the scope of their agency for Purdue, because the allegations in the relevant Counts "are directed to their implementation of a [Purdue] policy, not any unauthorized conduct." Defendants provide no support for the contention that the "implementation" of a policy cannot form a basis for individual liability. Defendants' conduct during the prescribed investigations, not just the policy itself, is part of the alleged basis for relief. *See*, *e.g.*, Complaint ¶ 24 ("Contrary to [Purdue's] own policy, Defendants made credibility findings against Doe based on her decision to not participate in this investigation."); *see also Graham*, 473 U.S. at 166 (holding that to establish individual liability, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right"). Plaintiffs may therefore proceed with individual capacity claims against Rollock and Semersheim.

    C.    <u>Severance of Remaining Claims</u>

Defendants seek to sever the remaining claims because Plaintiff Doe's allegations and disciplinary proceedings were unrelated to Plaintiff Roe's. Federal Rule of Civil Procedure 20 provides that plaintiffs may be joined in one action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or

6

series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(1). A "series of transactions or occurrences" is defined "not so much upon the immediateness of their connection as upon their logical relationship." *Lozada v. City of Chicago,* No. 10 C 1019, 2010 WL 3487952, at *2 (N.D. Ill. Aug. 30, 2010).

"The standard for permissive joinder under Rule 20 is liberal," *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F.Supp.2d 739, 744 (N.D. Ill. 2007), and district courts are granted wide discretion in their decisions concerning joinder, considering "whether the permissive joinder of a party will comport with the principles of fundamental fairness. If joinder would create prejudice, expense or delay the court may deny the motion." *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (internal citations and quotation marks omitted); *see also* Fed. R. Civ. P. 21 (the Court "may at any time, on just terms, add or drop a party . . . [or] sever a claim against a party.")

Plaintiffs argue that "the harm caused to each Plaintiff by the effect of the illegal process on them" is the "series of . . . occurrences" that permits joinder, and "the illegality of the complaint process at Purdue" is a question common to all defendants. Defendants dispute both points, arguing that Plaintiffs allege harm caused to each Plaintiff by a policy deployed on separate occasions, and those allegations are inherently specific to each discrete application of the policy.

Although the Complaint generally refers to alleged errors in the discrete investigations themselves, the claims are logically related. Plaintiffs allege, in part, that Purdue has "implemented a policy . . . wherein women who cannot prove their claims to the satisfaction of Purdue decisionmakers face discipline up to expulsion at Purdue." According to the Complaint, Plaintiffs were both found to have fabricated allegations of assault, were subjected to discipline under the same policy, that policy was imposed and implemented by the same Defendants, and Plaintiffs were subjected to identical punishments by those Defendants. Even though there is no "immediate

7

connection" between the facts of the underlying investigations, there is a "logical relationship" between the occurrences giving rise to the claims. *See Cross v. Prompt Med. Transp., Inc.*, No. 215-CV-58-PRC, 2015 WL 6674836, at *1 (N.D. Ind. Nov. 2, 2015) (occurrences that "involved the same people and similar conduct, and implicated a system of decision-making or widely-held policy" support a finding of a logical relationship) (citations omitted); *Dean v. City of Chicago*, No. 09 C 1190, 2009 WL 2848865, at *3 (N.D. Ill. Aug. 31, 2009) (permitting joinder where each accusation implicated the same individual defendant and a "common set of policies and practices"); *Elliott v. USF Holland, Inc.*, No. NA 01-159-C H/H, 2002 WL 826405, at *2 (S.D. Ind. Mar. 21, 2002) (permitting joinder where plaintiffs alleged that a single supervisor discriminated against each plaintiff for the same reason "within a few months").

The Court acknowledges the concerns raised by Defendants relating to joint discovery and joint adjudication of the Plaintiffs' claims, particularly with respect to Plaintiffs' desire to proceed anonymously. The Court declines to sever the claims at this time, but will consider a renewed motion seeking to sever the claims, or any other appropriate relief, after Plaintiffs' motion to proceed pseudonymously has been adjudicated and the parties have conferred regarding any proposed protective order and any other issues raised by joint discovery in this case.

## III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part and DENIES in part** the Motion to Dismiss Counts V-III and Sever Plaintiffs' Remaining Claims [DE 11], as described below:

(1) The Court **DISMISSES** Counts V and VI as to Defendant Purdue, but the claims in Counts V and VI against Defendants Semersheim and Rollock remain pending;

(2) Counts VII and VIII, alleged against Defendants Semersheim and Rollock, remain

8

pending;

(3) The Court **DENIES** Defendants' request to sever the claims, with **leave to re-file** a renewed motion after Plaintiffs' motion to proceed anonymously is resolved and the parties have conferred regarding joint discovery.

SO ORDERED this 25th day of March, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record