UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARY DOE and NANCY ROE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 4:18-cv-00089 |
| ) | |
| PURDUE UNIVERSITY and ALYSSA ) | |
| ROLLOCK and KATIE ) | |
| SERMERSHEIM, in their official and ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER OF PURDUE UNIVERSITY, ALYSA ROLLOCK, AND KATIE SERMERSHEIM

Defendants The Trustees of Purdue University, Alysa Rollock, and Katie Sermersheim ("Defendants"), answer Plaintiffs' Complaint (ECF No. 1) as follows:

## I. INTRODUCTION

1.   Plaintiffs are female students at Purdue University who were nineteen years old at the time of the events giving rise to the Complaint. Each woman independently suffered an assault at the hands of a different male Purdue student. Both complained to Purdue University. Both women were expelled after the University rejected their claims. After an appeal, both women had their expulsions converted to a suspension.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of plaintiffs' allegation of their age "at the time of the event giving rise to the Complaint." Admitted that each plaintiff is female and was a University student at the time that each complained to the University of assault. Admitted that each plaintiff complained of assault

1

by a different male Purdue student and that the University determined that neither complaint was supported by a preponderance of evidence. Admitted that each plaintiff was suspended. Except as so admitted, denied.

2.      Neither woman knew the other; neither assault was related.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 2 that neither woman knew the other. Admitted that neither woman alleged that her allegation of assault was related to the other woman's allegation. Except as so admitted, denied.

3.      Purdue University has implemented a policy, either written or unwritten, wherein women who cannot prove their claims to the satisfaction of Purdue decisionmakers face discipline up to expulsion at Purdue.

**ANSWER:**   Denied.

4.      No reasonable factfinder could concur with Purdue that the women made their report maliciously. Instead, substantial facts supported each woman's claims.

**ANSWER:**   Denied.

5.      Purdue's conduct violated Title IX: its investigation of each case was slipshod; the investigators made discriminatory assumptions about each Plaintiff's behavior; and the University departed from basic norms of fairness.

**ANSWER:**   Denied.

6.      Purdue treated the Plaintiffs as if they were the accused harassers, imposed lesser penalties on the male students who were accused of harassment, and punished the Plaintiffs for making protected Title IX complaints.

**ANSWER:**   Denied.

## II. PARTIES

7.  Plaintiff Mary Doe is a 20-year old female United States citizen, who was a freshman student at Purdue University from August 2017 until she was suspended on February 22, 2018.

**ANSWER:** Admitted that Plaintiff was a freshman student at Purdue University from August 2017 until she was suspended on February 22, 2018. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

8.  Plaintiff Nancy Roe is a 21-year old female United States citizen, who was a junior student at Purdue University until she was suspended on October 17, 2017.

**ANSWER:** Admitted that Plaintiff was a junior student at Purdue University at the time she was suspended on February 22, 2018. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

9.  Defendant Purdue University is a public institution of higher education located in West Lafayette, Indiana and is a recipient of federal funding.

**ANSWER:** Admitted.

10.  Defendant Alyssa Rollock is the Vice-President for Ethics Compliance at Purdue University.

**ANSWER:** Admitted.

11.  Defendant Katie Sermersheim is the Associate Provost and the Dean of Students at Purdue University.

**ANSWER:** Admitted that Defendant Sermersheim is the Associate Vice Provost & Dean of Students.

## III. JURISDICTION AND VENUE

12.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

**ANSWER:**   Admitted.

13.   Venue is proper under 27 U.S.C. § 1391(b)(1) and (2) as all acts complained of herein occurred in Tippecanoe County, Indiana.

**ANSWER:**   Admitted that venue is proper in this judicial district under 28 U.S.C § 1391.

## IV. FACTUAL ALLEGATIONS SUPPORTING MARY DOE'S CLAIM

14.   Plaintiff Mary Doe was physically assaulted in her Purdue University dorm room by Male Student A on October 10, 2017.

**ANSWER:**   Denied.

15.   Doe reported the assault to the Purdue University Police Department.

**ANSWER:**   Admitted that on October 13, 2017, Doe informed a Purdue University Police Department detective that Male Student A had grabbed her right forearm and punched her in the side of the ribs. Except as so admitted, denied.

16.   Prior to assaulting Mary Doe, Male Student A had threatened the life of a different Purdue female student. Purdue University was aware of this conduct.

**ANSWER:**   Admitted that prior to matriculating to Purdue, Male Student A reportedly threatened the life of a high school acquaintance and that Purdue received a report of this conduct after the acquaintance enrolled at Purdue. Except as so admitted, denied.

17.   At the time she reported the assault, Purdue University had already excluded Male Student A from its campus and labeled him a Persona Non Grata, because of his conduct directed against a different female student.

**ANSWER:**   Admitted that Male Student A received a Persona Non Grata notice from the Purdue University Police Department on August 25, 2017 because of his conduct directed at another female student. Except as so admitted, denied.

18. The Purdue University Police Department reported the assault on Mary Doe to Purdue University.

**ANSWER:** Admitted that the information provided by Doe to the Purdue University Police Department was made available to Purdue University. Except as so admitted, denied.

19. The University launched an investigation into the assault.

**ANSWER:** Admitted that Purdue University investigated Doe's allegations against Male Student A. Except as so admitted, denied.

20. The investigators reported to Dean Sermersheim and Vice-President Rollock.

**ANSWER:** Due to lack of foundation, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 20.

21. Doe spoke with the University investigator at the beginning of the University's investigation.

**ANSWER:** Admitted.

22. Purdue policy provides complaining parties the right to refrain from participating in the University's investigation, and Doe exercised that right.

**ANSWER:** Denied.

23. The investigation continued without her input.

**ANSWER:** Admitted.

24. Contrary to its own policy, Defendants made credibility findings against Doe based on her decision to not participate in the investigation.

**ANSWER:** Denied.

25. Defendants' investigation relied in large measure on an uncertain identification of Male Student A made by Doe's then-roommate.

**ANSWER:** Denied.

26. Defendants failed to provide Doe with notice that she was being treated as a target of its investigation and had become subject to discipline.

**ANSWER:** Denied.

27. The University alleged that Plaintiff Doe fabricated the account of the assault.

**ANSWER:** Admitted the Office of the Dean of Students determined that the preponderance of the evidence established that the altercation in Doe's residence did not happen. Except as so admitted, denied.

28. The University expelled Doe.

**ANSWER:** Denied.

29. After Doe appealed, Vice-President Rollock converted her expulsion to a two-year suspension.

**ANSWER:** Admitted that Doe appealed an initial determination by the Office of the Dean of Students to expel Doe. Admitted that Vice-President Rollock modified the determination to a two-year suspension. Except as so admitted, denied.

### V. FACTUAL ALLEGATIONS SUPPORTING NANCY ROE'S CLAIM

30. Nancy Roe was sexually assaulted in her dorm room on April 17, 2017.

**ANSWER:** Denied.

31. Roe had become intoxicated at a party at Fraternity A, where she was served alcohol despite the fact that she was only 19.

**ANSWER:** Denied that Roe was intoxicated when she returned to her residence hall on the evening of April 17, 2017. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

32.     The party's host, Male Student B, who served Roe drinks at the party, walked Plaintiff Roe back to her dorm room.

**ANSWER:**     Admitted that Male Student B accompanied Roe to her dorm room on the evening of April 17, 2017. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

33.     Plaintiff Roe was incapable of consenting to sexual intercourse due to her intoxication.

**ANSWER:**     Denied.

34.     Despite her intoxication and without her consent, Male Student B assaulted Roe in the dorm room, penetrating her orally, vaginally, and anally, and choking her.

**ANSWER:**     Denied.

35.     Male Student B also made audio recordings of the assault without Roe's consent.

**ANSWER:**     Admitted that Male Student B made an audio recording without Roe's consent of their interaction. Except as so admitted, denied.

36.     Roe awoke the next day, still intoxicated, and attended class where she left to vomit.

**ANSWER:**     Admitted that Roe reported to University Investigators that when she awoke on April 18, 2017 she was intoxicated. Admitted that Roe attended class the morning of April 18, 2017. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

37.     Roe discovered increasing bruising on her neck which made her concerned about what had happened in her dorm room.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

38.     She sought and received medical treatment for her injuries.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

39. Realizing the extent of the assault, she reported the assault to the University.

**ANSWER:** Admitted that on April 22, 2017, Roe informed the University that she was sexually assaulted on April 17, 2017. Except as so admitted, denied.

40. Defendants investigated the assault.

**ANSWER:** Admitted that Purdue University investigated Roe's assault allegation. Except as so admitted, denied.

41. Despite being aware that Roe was intoxicated and that she was physically injured, Defendants found that Roe had reported the assault maliciously and expelled her.

**ANSWER:** Denied.

42. After she appealed, Vice-President Rollock reduced her expulsion to a two-year suspension on October 17, 2017.

**ANSWER:** Admitted that Roe appealed an initial determination by Dean Sermersheim to expel. Admitted that on October 17, 2017 Vice-President Rollock modified the determination to a two-year suspension. Except as so admitted, denied.

43. Defendants also found that Male Student B recorded Roe without her consent.

**ANSWER:** Admitted that on August 15, 2017 Dean Sermersheim determined that Roe did not know that Male Student B made an audio recording of some of their intimate/sexual activity and did not consent to the audio recording of their April 17, 2017 interaction in her dorm room. Except as so admitted, denied.

44. Defendants assigned Male Student B a ten (10) page paper as punishment.

**ANSWER:** Admitted that that on August 15, 2017 Dean Sermersheim determined that the appropriate sanction for Male Student B's misconduct was to write a ten page paper on the topics of sexual exploitation and the importance of obtaining consent to all sexual activity. Except as so admitted, denied.

### VI. COUNT I: VIOLATION OF TITLE IX – MARY DOE

45. Plaintiffs incorporate all above paragraphs by reference.

**ANSWER:** Defendants hereby incorporate by reference their responses to Paragraphs 1 through 44.

46. Mary Doe was denied her federally guaranteed equal access to educational opportunities by Purdue University's handling of her complaint of assault.

**ANSWER:** Denied.

47. Purdue's conduct violated Title IX of the Education Amendments of 1972, 20 U.S.C. § 1981, et. seq.

**ANSWER:** Denied.

48. The violation of Title IX damaged Doe.

**ANSWER:** Denied.

### VII. COUNT II: VIOLATION OF TITLE IX – NANCY ROE

49. Plaintiffs incorporate all above paragraphs by reference.

**ANSWER:** Defendants hereby incorporate by reference their responses to Paragraphs 1 through 48.

50. Nancy Roe was denied her federally guaranteed equal access to educational opportunities by Purdue University's handling of her complaint of assault.

**ANSWER:** Denied.

51. Purdue's conduct violated Title IX of the Education Amendments of 1972.

**ANSWER:** Denied.

52. The violation of Title IX damaged Roe.

**ANSWER:** Denied.

### VIII. COUNT III: TITLE IX RETALIATION – MARY DOE

53. Plaintiffs incorporate all above paragraphs by reference.

**ANSWER:** Defendants hereby incorporate by reference their responses to Paragraphs 1 through 52.

54. Mary Doe was suspended for two years because she complained that she was assaulted by Male Student A.

**ANSWER:** Denied.

55. Purdue University's decision to suspend her was unlawful retaliation in violation of Title IX of the Education Amendments of 1972.

**ANSWER:** Denied.

### IX. COUNT IV: TITLE IX RETALIATION – NANCY ROE

56. Plaintiffs incorporate all above paragraphs by reference.

**ANSWER:** Defendants hereby incorporate by reference their responses to Paragraphs 1 through 55.

57. Nancy Roe was suspended for two years because she complained that she was sexually assaulted by Male Student B.

**ANSWER:** Denied.

58. Purdue University's decision to suspend her was unlawful retaliation in violation of Title IX of the Education Amendments of 1972.

**ANSWER:**   Denied.

### X. COUNT V: 42 U.S.C. § 1983: DEPRIVATION OF CIVIL RIGHTS UNDER STATE LAW – MARY DOE

59.   Plaintiffs incorporate all above paragraphs by reference.

**ANSWER:**   Defendants hereby incorporate by reference their responses to Paragraphs 1 through 58.

60.   Purdue, Katie Sermersheim, and Alyssa Rollock acted under the color of state law with regards to the Plaintiffs.

**ANSWER:**   Admitted that Defendant Sermersheim and Defendant Rollock acted in their official capacity. As to Defendant The Trustees of Purdue University, the Court dismissed Count V. *See* (ECF. No. 26).

61.   The Defendants' decision to suspend Mary Doe violated her constitutionally guaranteed right of Equal Protection of Laws and Due Process of Law.

**ANSWER:**   Denied as to Defendant Sermersheim and Defendant Rollock. As to Defendant The Trustees of Purdue University, the Court dismissed Count V. *See* (ECF. No. 26).

### XI. COUNT VI: 42 U.S.C. § 1983: DEPRIVATION OF CIVIL RIGHTS UNDER STATE LAW – NANCY ROE

62.   Plaintiffs incorporate all above paragraphs by reference.

**ANSWER:**   Defendants hereby incorporate by reference their responses to Paragraphs 1 through 61.

63.   Purdue, Katie Sermersheim, and Alyssa Rollock acted under the color of state law with regards to the Plaintiffs.

**ANSWER:** Admitted that Defendant Sermersheim and Defendant Rollock acted in their official capacity. As to Defendant The Trustees of Purdue University, the Court dismissed Count VI. *See* (ECF. No. 26).

64. Defendants' decision to suspend Nancy Roe violated her constitutionally guaranteed right of Equal Protection of Laws and Due Process of Law.

**ANSWER:** Denied as to Defendant Sermersheim and Defendant Rollock. As to Defendant The Trustees of Purdue University, the Court dismissed Count VI. *See* (ECF. No. 26).

### XII. COUNT VII: 42 U.S.C. § 1983: INDIVIDUAL LIABILITY – KATIE SEMERSHEIM

65. Plaintiffs incorporate all above paragraphs by reference.

**ANSWER:** Defendants hereby incorporate by reference their responses to Paragraphs 1 through 64.

66. Katie Sermersheim knowingly or recklessly implemented and managed a sexual assault complaint process that deprived the Plaintiffs of their constitutional rights to due process and equal protection of the law.

**ANSWER:** Denied.

### XIII. COUNT VIII: 42 U.S.C. § 1983: INDIVIDUAL LIABILITY – ALYSSA ROLLOCK

67. Plaintiffs incorporate all above paragraphs by reference.

**ANSWER:** Defendants hereby incorporate by reference their responses to Paragraphs 1 through 66.

68. Alyssa Rollock knowingly or recklessly implemented and managed a sexual assault complaint process that deprived the Plaintiffs of their constitutional rights to due process and equal protection of the law.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES

1. The Eleventh Amendment bars Plaintiffs' claims and deprives this Court of subject-matter jurisdiction over them.

2. Plaintiff fails to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, were caused by Plaintiffs' own actions or inactions.

4. Plaintiffs' claims of damages are not causally related to any alleged acts or omissions of Defendants.

5. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, were caused by the acts or omissions of third-parties whose acts or omissions were not reasonably foreseeable.

6. Plaintiffs have failed to mitigate damages claimed in this action, and Plaintiffs' damages, if any, must be diminished accordingly.

7. Qualified immunity applies.

8. Plaintiffs have unclean hands and therefore are ineligible for equitable relief.

9. Plaintiffs' actions constitute the sole proximate cause of any damage claimed.

10. The conduct complained of was not the proximate cause of the injuries alleged.

11. Plaintiffs' claims are asserted in bad faith.

WHEREFORE, Purdue University prays for the following relief:

A. Plaintiffs take nothing.

B. An award of attorneys' fees and costs.

C. All other just and proper relief.

Dated: April 9, 2019.    Respectfully submitted,

/s/ William P. Kealey
William P. Kealey (Attorney No. 18973-79)
Joseph H. Harrison III (Attorney No. 35248-53)
STUART & BRANIGIN LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN  47902-1010
Telephone:  765-423-1561
Facsimile: 765-742-8175
E-Mail:  wpk@stuartlaw.com
***Attorneys for Defendants***