**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| MARY DOE AND NANCY ROE, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 4:18-CV-89-JEM |
| | ) | |
| PURDUE UNIVERSITY, *et al.*, | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Proceed Using Pseudonyms [DE 22], filed March 14, 2019. Plaintiffs seek to proceed in this action using pseudonyms, arguing that disclosure of their identities would invade their privacy and potentially subject them to harassment. Defendants responded on March 25, 2019, indicating that they objected to Plaintiff Mary Doe proceeding pseudonymously, but did not object as to Plaintiff Nancy Roe. Plaintiffs replied on April 1, 2019.

**I.　Background**

Plaintiffs, who were female students at Purdue University, allege that they were assaulted in unrelated incidents by male students at Purdue. Plaintiff Doe alleges that she was physically assaulted by a former sexual partner. According to a declaration by Doe attached to the instant Motion, the alleged assailant provided Purdue with "a series of sexually explicit text messages" that Doe sent to him. The Complaint alleges that Purdue found that Doe "fabricated the account of the assault," and expelled her. Plaintiff Roe alleges that she was sexually assaulted in her dorm room while intoxicated, and that the male student made audio recordings of the incident. According to the Complaint, Purdue investigated and found that Roe had "reported the assault maliciously," and expelled her. After both Plaintiffs appealed, the expulsions were converted to two-year suspensions.

Plaintiffs allege that Purdue erred in the process and findings of each investigation, and seek reinstatement to Purdue and removal of the discipline from their records, among other relief. They seek to proceed pseudonymously because of the sensitive nature of the facts underlying their claims and the risk of harassment from the alleged assailants and others. Defendants do not object to Roe proceeding by pseudonym, but do object to Doe using a pseudonym in this case, because Doe does not allege sexual assault.

## II. Analysis

Federal Rule of Civil Procedure 17 requires that civil actions be prosecuted in the name of the real party in interest. *See* Fed. R. Civ. P. 17. The Seventh Circuit Court of Appeals has explained that "[t]he use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross and Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *see also Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) ("The presumption that parties' identities are public information . . . can be rebutted by showing that the harm to the [movant] . . . exceeds the likely harm from concealment."). Although there is no single test to define those circumstances, district courts in the Seventh Circuit have considered the following non-exclusive list of factors:

> (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced.

*Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017) (citing *Doe v. Indiana Black Expo, Inc.*, 923 F.Supp. 137, 140 (S.D. Ind. 1996)); *see also Doe v. Trustees of Indiana Univ.*, No.

1:12-CV-1593-JMS-DKL, 2013 WL 3353944, at *3 (S.D. Ind. July 3, 2013); *Noe v. Carlos*, No. 2:08 CV 227, 2008 WL 5070463, at *2-3 (N.D. Ind. Nov. 26, 2008) (considering the same factors). The Court should also consider whether a less restrictive alternative could protect the parties' legitimate interests. *Doe v. Purdue Univ.*, 321 F.R.D. at 341 (citing *Indiana Black Expo, Inc.*, 923 F.Supp. at 140). Factors 1, 2, 4 and 5 are relevant to this case, and the Court considers each in turn.

The first factor weighs in favor of Plaintiffs; Defendants do not dispute that Plaintiffs are challenging governmental activity. *See Does v. City of Indianapolis, Ind.*, No. 1:06-CV-865-RLY-WTL, 2006 WL 2289187, at *2 (S.D. Ind. Aug. 7, 2006) (reasoning that when suing the government, a plaintiff "presumably represents a minority interest . . . and there is arguably a public interest in a vindication of his rights. In addition, the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant.") (quoting *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003)).

The second factor is whether the plaintiff would be required to disclose "information of the utmost intimacy." Plaintiff Doe states that evidence and testimony in the litigation would reveal "intimate sexually explicit texts" that Doe sent to the alleged assailant and other details of their sexual relationship. Defendants state that because no sexual assault is alleged, Doe's situation is analogous to a battery lawsuit between domestic partners. Defendants argue that Doe would simply be revealing the intimate details of a sexual relationship, which is not sufficiently "exceptional" to entitle Doe to proceed with a pseudonym.

The Seventh Circuit Court of Appeals has frequently stated that the mere revelation of a plaintiff's sexual history does not justify anonymity unless the plaintiff is particularly vulnerable to the lack of privacy in some way. *See, e.g.*, *Univ. of Notre Dame v. Sebelius*, 743 F.3d 547, 558 (7th Cir. 2014) (stating that intervening plaintiffs' use of pseudonyms was justified in part "because of

3

the privacy interest involved in contraceptive use"); *Doe v. Chicago*, 360 F.3d at 669 ("[S]exual harassment cases are not brought anonymously even when the facts are gamier than they are here. The plaintiff is not a minor, a rape or torture victim, a closeted homosexual, [or a likely target of retaliation]."); *Doe v. Blue Cross*, 112 F.3d at 872 ("[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties.").

Plaintiffs claim that Doe is particularly vulnerable in part because she was "just eighteen at the time of the battery," and risks stigmatization and harassment at Purdue. Anonymity has been granted in cases where plaintiffs are challenging universities regarding discipline for sexual assault. *See, e.g., Doe v. Purdue*, 321 F.R.D. at 342 (listing cases). In *Doe v. Purdue*, a plaintiff sought anonymity when he alleged Purdue suspended him after he was wrongly accused of sexual misconduct. *Id.* at 340. He was permitted to proceed under a pseudonym because the case involved "information regarding [the] sexual relationship, [the accuser's] allegations of sexual misconduct, and the details of the University's findings." *Id*. at 342. The type of information revealed here would be similar as that in *Doe v. Purdue*, although Defendants argue this case is different because this Doe does not allege sexual assault. The case will clearly reveal private and intimate information about Doe, but because it is not clear that her allegation places her within one of the categories recognized by the Seventh Circuit as justifying a pseudonym, the Court finds that the second factor does not substantially weigh in Doe's or Defendants' favor. Because Plaintiff Roe alleges sexual assault in graphic terms "of the utmost intimacy," including the existence of a recording of the incident, this factor strongly favors permitting Roe to proceed with a pseudonym.

The fourth factor is whether the plaintiff would risk suffering injury if identified. Doe essentially alleges two risks of injury – retaliation from her alleged assailant, and stigmatization and harassment from the public. Defendants point out that the alleged assailant will likely be a witness

4

in Doe's case, so he will likely be aware of Doe's suit if he is not already. Although Doe's allegations would suggest a risk of retaliation by the alleged assailant, she does not demonstrate how the alleged risk would be limited by her use of a pseudonym in this case.

Doe argues that she will risk harassment and stigmatization from the Purdue community, or the public at large, from disclosure of her name. The issues in this case are sensitive, and the case has already drawn media attention and public comment, including at least one media report apparently misstating that Doe had in fact alleged sexual assault. *See* WTHR.COM, *Suit: Purdue retaliated against students who made sexual assault claims*, (November 16, 2018), https://www.wthr.com/article/suit-purdue-retaliated-against-female-students-who-made-sexual-assault-claims. There is a documented risk of retribution to individuals who allege sexual assault, and it is not hard to imagine that the same risks might extend to a woman who alleges a physical assault by a former sexual partner, particularly when the University concluded that the allegation was false. *See*, *e.g.*, Azmina Dhrodia, *Unsocial Media: The Real Toll of Online Abuse against Women*, Amnesty International Insights (November 20, 2017), https://medium.com/amnesty-insights/unsocial-media-the-real-toll-of-online-abuse-against-women-37134ddab3f4 (demonstrating the frequency of "doxxing" and harassment of women over the Internet); Terrence McCoy, *Meet the divisive blogger who says he outed Rolling Stone's 'Jackie'*, Washington Post (December 9, 2014), https://www.washingtonpost.com/news/morning-mix/wp/2014/12/09/the-blogger-who-wants-to-take-down-rolling-stone-jackie-and-the-university-of-virginia-president (discussing online threats to "reveal[] everything" about accuser's past). Once her name is released, it is unlikely that less restrictive alternatives, such as a protective order or sealing of particular filings, would discourage the public from harassment or retribution. The same risks would extend to Plaintiff Roe.

5

Accordingly, the Court finds that this fourth factor supports Plaintiffs' use of pseudonyms.

The fifth factor is whether Defendants would be prejudiced by the use of the pseudonyms. Defendants point out the inequity of Plaintiffs proceeding pseudonymously while Defendants suffer harm to their reputations with no option to remain anonymous. That kind of prejudice is present in any case where a plaintiff is anonymous and a defendant is not. Defendants have not argued that there will be more harm to their reputations if Plaintiffs remain unidentified, nor that they would be prejudiced in their defense of the case. Therefore, this factor favors Plaintiffs.

Given that the factors of challenging governmental activity, risk of injury to Plaintiffs, and lack of prejudice to Defendants all support the use of pseudonyms, the Court concludes that this case is an "exceptional circumstance" in which the harm from exposing Plaintiffs' identities would exceed the harm from concealing them. *Doe v. Blue Cross*, 112 F.3d at 872. Therefore, Plaintiffs are permitted to use pseudonyms.

**III.    Conclusion**

Having considered the motion, and concluding that the circumstances in this case warrant an exception to the general rule that the parties identities' are public information, the Court hereby **GRANTS** Plaintiffs' Motion to Proceed Using Pseudonyms [DE 22].

In its March 25, 2019 Opinion and Order, the Court denied Defendants' request to sever the claims of Plaintiffs Doe and Roe, with leave to re-file after the instant Motion was resolved and the parties conferred regarding the details of joint discovery, including a proposed protective order. The Court **ORDERS** that any renewed motion to sever the claims should be filed by **May 31, 2019**.

SO ORDERED this 18th day of April, 2019.

                                              s/ John E. Martin
                                              MAGISTRATE JUDGE JOHN E. MARTIN
                                              UNITED STATES DISTRICT COURT

cc: All counsel of record