**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| MARY DOE AND NANCY ROE, )<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>PURDUE UNIVERSITY, *et al.*, )<br>    Defendants. ) | CAUSE NO.: 4:18-CV-89-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Renewed Motion to Sever [DE 31], filed May 29, 2019. Defendants seek to sever the claims of Plaintiffs Mary Doe and Nancy Roe into separate actions. Plaintiffs responded on June 23, 2019, and Defendants replied on July 8, 2019.

**I.   Background**

Plaintiffs, who were female students at Purdue University, allege that they were assaulted in unrelated incidents by male students at Purdue. The Complaint alleges that Purdue separately investigated both incidents, found that Plaintiff Doe "fabricated" her account of the assault and Plaintiff Roe "reported [her] assault maliciously," and expelled both Plaintiffs. After Plaintiffs appealed, the expulsions were converted to two-year suspensions. Plaintiffs allege that Purdue erred in the process and findings of each investigation, and seek reinstatement to Purdue and removal of the discipline from their records, among other relief.

On January 9, 2019, Defendants filed a motion seeking in part to sever the two plaintiffs' claims into separate actions, arguing that they were not sufficiently related and that joint discovery and adjudication would be prejudicial and inefficient. At that time, Plaintiffs' request to the Court to proceed by pseudonym was still pending. On March 25, 2019, the Court denied Defendants' request to sever, finding that Plaintiffs' claims were sufficiently related to satisfy the requirements

of Federal Rule of Civil Procedure 20, but acknowledging concerns raised by Defendants regarding joint discovery. The Court granted Defendants leave to file a renewed motion to sever once the pseudonym issue was resolved and the parties had conferred regarding any issues raised by joint discovery. The Court ultimately permitted both plaintiffs to proceed by pseudonym, and Defendants filed the instant renewed motion to sever, indicating that the parties had conferred as directed.

**II.     Analysis**

Federal Rule of Civil Procedure 21 provides that the Court "may at any time, on just terms, add or drop a party . . . [or] sever a claim against a party." Fed. R. Civ. P. 21. The Court has "broad discretion" in deciding whether to sever claims. *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). The Court considers "the convenience and fairness to parties as well as the claim's separability in logic and law," and the decision should "serve the ends of justice and facilitate the prompt and efficient disposition of the litigation." *Malibu Media, LLC v. John Does 1-14*, No. 1:12-CV-263, 2012 WL 6019259, at *8 (N.D. Ind. Dec. 3, 2012) (citations omitted). Defendants present three general arguments in favor of severance, and the Court considers each in turn.

<u>A: Application of the Alleged Disciplinary Policy to Plaintiff Doe</u>

First, Defendants renew their previous argument that Plaintiff Doe's allegations and disciplinary proceedings were not sufficiently related to Plaintiff Roe's to make joinder appropriate. In rejecting Defendants' initial request to sever, the Court found that the claims were sufficiently related to satisfy the requirements of permissive joinder under Federal Rule of Civil Procedure 20, in part because of Plaintiffs' joint allegation that Purdue "implemented a policy . . . wherein women who cannot prove their claims to the satisfaction of Purdue decisionmakers face discipline up to expulsion at Purdue." Defendants argue that because Doe "refrain[ed] from participating in the University's investigation," she did not attempt to "prove" her claims, so the policy as alleged is

2

irrelevant to Doe. While Doe admits that she declined to participate in Purdue's investigation, she alleges that she reported her claims to the Purdue University Police Department, which reported them to Purdue. Doe also alleges that Purdue found she "fabricated the account of the assault" – a conclusion which logically requires a finding that she did not sufficiently prove her claims – and Doe alleges that Purdue disciplined her on that basis. Therefore, the allegation that Purdue "implemented a policy . . . wherein women who cannot prove their claims to the satisfaction of Purdue decisionmakers face discipline" is applicable to Doe's individual allegations. Defendants' argument does not provide a compelling basis for severance.

B: Privacy and Harassment Concerns

Next, Defendants argue that joint discovery raises privacy concerns. Defendants indicate that the witnesses will include student acquaintances who presumably have knowledge of Plaintiffs' sexual histories. Defendants argue that joint discovery will minimize the number of sexual-history witnesses who learn Plaintiffs' identities. Plaintiffs did not address the argument. Regardless of whether the cases are severed, any witness would almost certainly learn the name of a plaintiff seeking to take discovery from that witness. One consequence of the cases being joined is that each plaintiff would presumably learn the names of sexual-history witnesses for the other plaintiff, and vice versa. Because Plaintiffs are implicitly accepting this risk by seeking to pursue their claims jointly, it is not a compelling reason to sever the claims.

Defendants also state that there is a risk of retaliation against the student witnesses, given Purdue's finding that Plaintiffs have made allegations against other students in bad faith. Defendants argue that "neither Plaintiff should have access to the testimony of student-witnesses in the other Plaintiff's case." Even assuming the truth of Purdue's findings, it is not clear why one plaintiff would retaliate against a witness in the other plaintiff's case, given Plaintiffs' uncontested allegation

3

that "[n]either woman knew the other; neither assault was related." Complaint, ¶ 2. To the extent that a party or witness alleges a danger of harassment from any witness's testimony, the affected person can seek a protective order. *See* Fed. R. Civ. P. 26(c)(1). Defendants cite to this Court's previous statement that "it is unlikely that . . . a protective order or sealing of particular filings [ ] would discourage the public from harassment or retribution." Order Permitting Pseudonym Status [DE 29] at 5. That statement addressed the "documented risk of retribution to individuals who allege sexual assault" facilitated by media attention and public comment. *See id*. A protective order cannot prevent harassment from "the public," but it can address potential harassment of parties and witnesses within this litigation, if necessary.

Defendants also raise concerns about discovery of third-party student records. Defendants state, and Plaintiffs do not dispute, that the parties will need to seek a protective order for those records, including a procedure for third-party students to exercise their rights under the Family Educational Rights and Privacy Act ("FERPA"). Third-party student records may need to be excluded or obscured, regardless of whether the cases are joined or severed. Defendants argue that joinder will increase the number of objections by students and complicate their resolution. While it is possible that students may be more likely to object if the claims are joined, since their records would be exposed to more people, Defendants have not shown that this would add a significant burden to the litigation. Whether the case is joined or severed, each third-party student must be permitted to exercise his or her FERPA rights, and based on that student's position, his or her records will have to be altered appropriately. On the evidence presented in the briefing, the Court does not find that joinder will "complicate" the resolution of the students' objections or create significant delay or prejudice.

C: Presentation of Separate Summary Judgment Motions

Defendants state that because Purdue's disciplinary policy as alleged by Plaintiffs is not illegal on its face, adjudication of Plaintiffs' claims must be student-specific, and therefore there will be separate summary judgment motions for each Plaintiff. Even assuming that Plaintiffs would have no basis for a single summary judgment motion based on the general application of the policy or the process for investigating claims, considering multiple dispositive motions within a single action is not necessarily less fair or efficient than splitting the actions. Although Defendants are concerned that joinder may "bootstrap" one Plaintiff's claims to the other's, there will be no prejudice if the claims are adjudicated separately. Although the possibility of separate dispositive motions does weigh in favor of severance, *see Malibu Media*, 2012 WL 6019259 at *8, Defendants have not shown sufficient prejudice or inefficiency to outweigh the "liberal" permission afforded to plaintiffs to pursue related claims in the same action. *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007).

### III. Conclusion

Having considered the motion and Defendants' arguments for severance, the Court hereby **DENIES** Defendants' Renewed Motion to Sever [DE 31].

SO ORDERED this 18th day of July, 2019.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record