UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MARY DOE and NANCY ROE, | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-00089-JEM |
| | ) | |
| PURDUE UNIVERSITY and ALYSA | ) | |
| ROLLOCK and KATIE | ) | |
| SERMERSHEIM, in their official and | ) | |
| individual capacities, | ) | |
| Defendants. | ) | |

## DECLARATION OF MARY DOE

1.     I am the Plaintiff in this case under the pseudonym Mary Doe.

2.     I was a freshman student at Purdue University for the first semester of the 2017 year and then notified that I was being expelled from Purdue the following semester.

3.     Shortly after I started at Purdue, I began seeing a male student at Purdue, who I met online.

4.     This student visited me in my dorm room on several occasions and I invited him to come home on fall break with me and stay with my mother.

5.     He accompanied me on the trip and began acting increasingly erratic.

6.     He said things that scared me, including that he had thoughts about shooting up his school.

7.     When we returned to campus, he and I unloaded my gear.

8.     My roommate was in the room when we brought the first load of gear into the room, but she had departed by the time we finished unloading my gear.

9.     My roommate had met the male student who accompanied me approximately two or three times.

10.     Most times that he visited me in my room, she absented herself prior to his arrival to give us privacy.

11.     The male student punched me in my dorm room on October 10, 2017.

12.     I drove him home to Avon, Indiana.

13.     On the way back to campus from Avon, I called my mother, who did research and informed me that he had a protective order entered against him.

14.     When I arrived back at campus, I informed my RA, my ROTC superior, my roommate, and a friend that I was afraid of the male student and arranged to stay with my friend instead of in my dorm room that night. I also blocked the student from messaging me after a cursory message. I am including the texts as an Exhibit to my Response in Opposition to Summary Judgment.

15.     The next day, I spoke with the police. I reported to the police only that the male student had been on campus and was not allowed to be there.

16.     I intentionally left out other details because I did not want to be identified as the person reporting because I was afraid of the student.

17.     The next day, I described the incident in more detail to my RA, who reported it to her supervisor. I did not know that my report to the RA would be the subject of the police report.

18.     The police spoke to me after being informed that I had spoken to my RA about being battered by the male student.

19.     I spoke to the police one more time after the second conversation; during this third conversation I admitted to my prior relationship with the male student and explained why I had not divulged it during my original meeting: I was scared of him and did not want to be personally identified at that point.

20.    Prior to the final meeting, I had been contacted by Purdue's Title IX office, which sent me a series of allegations that had been developed based on their interview with me. I signed off on the allegations.

21.    I believed that when I spoke to the police on October 26, 2017, the final meeting I had with anyone at Purdue about the case prior to my expulsion, that I had successfully cleared the record and protected myself from any further threat from the male student.

22.    After the investigators contacted me approximately a month later to clear up inconsistencies in my original interview, I decided to decline further participation in the investigation process.

23.    I had been informed by Purdue's CARE employees that I was allowed to decline further participation without any harm to myself.

24.    At no point prior to my declining to participate to the point my expulsion was announced was I informed that I was being investigated for false statements and that I faced potential expulsion.

25.    I was not informed of any hearing that would determine my status at Purdue and never had the opportunity to marshal witnesses or present testimony prior to my expulsion.

26.    After I was expelled, I was given 10 days to present an appeal.

27.    My appeal was denied but Vice-President reduced my punishment to a two-year suspension.

28.    After I was suspended, I left Purdue's campus and returned home.

29.    I am currently in ROTC at another University and on track to graduate in May of 2021 with a degree in Neuroscience and Psychology and commissioning as an Army Infantry Officer.

I am competent to testify to the foregoing statements. I make them on the basis of personal knowledge and I declare that they are true and correct to the best of my knowledge under the penalties for perjury.

April 22, 2021
Date

*Mary Doe*

Mary Doe