UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARY DOE and NANCY ROE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 4:18-cv-00089 |
| ) | |
| PURDUE UNIVERSITY and ALYSSA ) | |
| ROLLOCK and KATIE ) | |
| SERMERSHEIM, in their official and ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE**

Defendants, The Trustees of Purdue University ("Purdue"), Alysa Rollock, and Katie Sermersheim, by counsel, respond to Plaintiffs' Motion in Limine (DE 87) which seeks an order that, at the jury trial, "evidence of Plaintiffs' prior sexual history be excluded from the trial." The Motion should be denied.

As with any objection to admissibility, Plaintiffs must identify the "evidence of Plaintiffs' prior sexual history" that they seek to exclude. On June 15, 2022, the undersigned wrote to Plaintiffs' counsel seeking "your help as to what 'sexual history evidence' your motion in limine speaks to". Plaintiffs' counsel has not provided any response that identifies any documents or testimony.

Plaintiffs themselves have made several contentions and tendered evidence regarding their sexual histories.

At the summary judgment phase, Plaintiff Roe designated extensive sexual history evidence as "Material Facts". (DE 68 pp. 2-3). According to her summary judgment briefing,

1

Plaintiff Roe brought up her sexual history at Purdue's panel hearing on her allegation. (DE 68 p. 7) ("During the panel hearing, Roe talked about the sexual assault at Ball State 'and how that had affected the way that I responded to this one, and I was met with hostility from that and was told that I had not disclosed that during the investigation, which I had….' (*Id.* at 106)"). In her summary judgment briefing, Roe also recounted how her consensual "sexual intercourse with [Male Student B] the next day" is central to her allegation against Defendant Sermersheim. (DE 68 p. 7).

Likewise, at the summary judgment phase, Plaintiff Doe's opposition brief stated the following "Material Facts":

- "Doe authorized a formal complaint generated by the University Title IX office on October 23, 2017, wherein she did not disclose a sexual relationship with the male student or that they had an intimate relationship prior to the assault". (DE 65 p. 5).
- "Doe told the police officer on October 26, 2017 that she and the male student had a consensual sexual relationship since the beginning of her freshman year and 'went on to explain that information regarding their physical relationship and other details were intentionally left out of her original statement.'" (DE 65 p. 6).

Doe's summary judgment response also discussed that Doe did not acknowledge her consensual sexual relationship with the male that she accused of assault until the male provided Purdue with text messages regarding their sexual relationship. (DE 65 pp. 15-16). Doe's summary judgment response admitted that Purdue factored "Doe's misstatements about their prior sexual history" into Purdue's evaluation of her credibility. (DE 65 p. 24 n.4).

Thus, both Plaintiffs have repeatedly insisted that sexual history evidence is material in this case.

Rule of Evidence 412 provides no support to Plaintiffs' Motion in Limine, for the following reasons.

First, when a Plaintiff opens the door to a topic (such as faulting Purdue's investigators or decision makers, or describing her own state of mind) that Plaintiff cannot close the door to evidence on that topic from the course of Purdue's counseling, investigation and decision-making. The fact that Plaintiffs and Defendants interacted on sexual history topics is part of the narrative of events at issue.

Second, as to documents from Purdue's investigations, the Best Evidence Rule and Rule of Completeness apply. Fed. R. Evid. 106, 1002. For example, if Plaintiffs elicit testimony about the content of Purdue's investigation reports, those reports must be admitted as the Best Evidence, and must be admitted in their entirety.

Third, Rule 412(a) is a rule of non-admissibility "in a civil or criminal proceeding involving alleged sexual misconduct." (Sections 412(b) and (c) are limited to criminal cases.) In this case, neither Plaintiff has alleged sexual misconduct or stands accused of sexual misconduct. There is no pending claim to establish whether either Plaintiff is a victim of assault.  This is a gender discrimination case involving discipline for lying. Further, as to Plaintiff Doe, she made a report of physical assault, not sexual assault.

Whether Defendants had reasonable nondiscriminatory grounds to conclude that False Statement Rule violations occurred is the centerpiece of the case, and the jury will need to receive and consider the evidence that the Defendants did.

WHEREFORE, Defendants request that the Court deny Plaintiffs' Motion in Limine.

Dated: June 21, 2022                                  Respectfully submitted,


                                                           /s/ William P. Kealey
                                                           William P. Kealey (Attorney No. 18973-79)
                                                           Joseph H. Harrison III (Attorney No. 35248-53)
                                                           STUART & BRANIGIN LLP
                                                           300 Main Street, Suite 900
                                                           P.O. Box 1010
                                                           Lafayette, IN  47902-1010
                                                           Telephone:  765-423-1561
                                                           Facsimile: 765-742-8175
                                                           E-Mail:  wpk@stuartlaw.com
                                                           ***Attorneys for Defendants***

1508046v1