**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| MARY DOE AND NANCY ROE, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 4-18-CV-89-JEM |
| | ) | |
| PURDUE UNIVERSITY, *et al.* | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion in Limine [DE 87] and Defendants'

Motion in Limine [DE 88], both filed June 6, 2022. Defendants filed their response to Plaintiffs'

motion on June 21, 2022, Plaintiffs did not file a reply, and the time to do so has expired. Plaintiffs

filed their response to Defendants' Motion on June 21, 2022, and Defendants filed their reply on

June 28, 2022.

**I.      Analysis**

A motion in limine will be granted "only when evidence is clearly inadmissible on all

potential grounds." *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill.

1993); *see also Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000). Most

evidentiary rulings will be resolved at trial in context, and this "ruling is subject to change when the

case unfolds." *Luce v. United States*, 469 U.S. 38, 41-42 (1984). The Court considers each request in

turn.

Some requests for exclusion were either agreed or not objected to. On review of the requests,

the Court concludes that evidence, testimony, or argument on the following topics will be excluded:

A.      Insurance, unless Defendants offer evidence or argument as to hardships to

Defendants as a result of any judgment, or that a verdict will cost taxpayers money; and

     B.    Reference to the "Golden Rule," putting jurors in Plaintiffs' shoes, or similar arguments.

    There were also some requests to which the other party objected, which the Court will address in turn.

     A.    <u>Plaintiffs' prior sexual history</u>

    Plaintiffs request that any testimony, evidence, or argument regarding their prior sexual history be excluded. Plaintiffs argue that any such history should be excluded under Federal Rules of Evidence 402, 403, 404, and 412(a). Defendants argue that Plaintiffs have not specifically identified what evidence of Plaintiffs' prior sexual history they want excluded; that Plaintiffs have put their sexual history at issue; their prior statements about their sexual history, or failure to disclose their sexual history are at the heart of this dispute; and Rule 412(a) is not applicable because this is not a case about alleged sexual misconduct.

    Although character evidence or evidence of prior acts is generally excluded, *see* Fed. R. Evid. 404(b), Defendants argue that Plaintiffs' prior sexual history is admissible both because Plaintiffs have made it an issue, and because Plaintiffs' disclosure/nondisclosure of it is at the heart of this case. The Federal Rules of Evidence prohibit evidence of prior acts to establish character or actions in conformity with those behaviors. Fed. R. Evid. 404(b) and 412(a). Credibility may be addressed by evidence as to truthfulness or untruthfulness only after the character of the witness for truthfulness has been attacked by opinion or reputation or otherwise. Fed. R. Evid. 608. Accordingly, evidence of prior acts of the Plaintiffs will be excluded, except for those acts directly put at issue by the pleadings in this matter, including the fact that Plaintiff Roe was a victim of a previous sexual

assault, Plaintiff Roe's two incidents of sexual activity at issue in this matter, the fact that Plaintiff

Doe had previously had a consensual sexual relationship with the male student at issue in her

incident, and that Plaintiff Doe did not disclose it at the beginning of the inquiry but subsequently

did disclose it. Otherwise, Plaintiffs' sexual histories are excluded "unless and until Defendant alerts

the Court and opposing counsel outside the presence of the jury that it seeks to admit particular

evidence under Federal Rule of Evidence 404(b)." *Cimaglia v. Union Pac. R. Co.*, 2009 U.S. Dist.

LEXIS 14518, at *7, 2009 WL 499287, at *7 (C.D. Ill. Feb. 25, 2009).

      B.      <u>Evidence or argument regarding Purdue's False Statement Rule</u>

Defendants move to exclude evidence or argument that asks the jury to determine anew

whether Plaintiffs violated Purdue's False Statement Rule[1] or that they applied the False Statement

Rule in retaliation. Plaintiffs argue that the issues in this case are whether Purdue was properly

applying its False Statement Rule or whether the processes in these investigations were infected with

discriminatory conduct, and therefore that they should be permitted to put on evidence of Doe's and

Roe's veracity.

Motions in limine are not proper tools to litigate contested issues of fact or law. *Mid-America

Tablewares v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996) ("While this might be a

proper argument for summary judgment of for judgment as a matter of law, it is not a proper basis

for a motion to exclude evidence prior to trial."). Plaintiffs claim that Purdue conducted shoddy

investigations into their allegations, ignored relevant evidence, made improper outcome-

---

[1] Purdue's False Statement Rule provides: This policy may not be used to bring knowingly false or malicious charges against any faculty, staff, students or recognized student organizations, including fraternities, sororities and/or cooperatives. Disciplinary action will be taken against any person or group found to have brought a charge of Harassment in bad faith or any person who, in bad faith, is found to have encouraged another person or group to bring such a charge.

determinative conclusions, failed to advise them that they were being investigated and subject to discipline, and then suspended them in retaliation for making claims that Purdue disbelieved on the basis of those flawed investigations. Whether Defendants made those decisions on the basis of gender or gender-related considerations is at the core of Plaintiffs' claims. Defendants will be permitted to introduce evidence and make arguments as to their compliance with both the Rule and Title IX's requirements to investigate and determine responsibility, as well as applicable Department of Education rules and regulations. Plaintiffs will be permitted to introduce evidence and make arguments as to Defendants' failure to apply the Rule to them, whether Defendants' conduct was protected by either Purdue's Rule or applicable Department of Education rules and regulations, and whether Defendants' conduct in its efforts to apply the Rule was discriminatory and/or violative of due process.

     C.    <u>Evidence or argument challenging the sufficiency of Purdue's response to Plaintiffs' allegations</u>

Defendants move to exclude evidence or argument challenging the sufficiency of Purdue's response to Plaintiffs' allegations and argue that Plaintiffs should be precluded from trying to argue or show that Defendants violated the deliberate indifference standard for a response to a report of sexual harassment. Plaintiffs allege that Defendants acted with deliberate indifference to the assaults on Plaintiffs by disciplining Plaintiffs for reporting those assaults in a manner which discriminates against women who complain of sexual assault.

Defendants' requested limitation on evidence and argument goes to the contested issues of fact and law at issue in this case; it is not granted. *See Mid-America Tablewares*, 100 F.3d at 1363.

      D.      <u>Evidence or argument that invites a propensity inference between the respective interactions Purdue had with each Plaintiff and concerning Purdue University discipline of any non-party or of any non-party's Title IX allegations or lawsuits</u>

Defendants argue that Rules 403 and 404 preclude evidence or argument inviting a propensity inference between Purdue's interactions with each Plaintiff on the basis that the Plaintiffs have admitted the underlying assaults are unrelated, and therefore attempting to draw inferences on the basis of the other assault would be unduly prejudicial. *Waite v. Wood Cty.*, No. 16-cv-646-wmc, 2017 U.S. LEXIS 224615 *1 (W.D. Wis. Dec. 20, 2017). Despite their earlier requests being denied, Defendants again argue that bifurcation would be appropriate.[2] Defendants also move to exclude evidence or argument about discipline imposed on non-parties, particularly the two males involved in the incidents at issue, and further move to exclude evidence or arguments as to the existence of, allegations or evidence of, rulings in, or resolution of, other Title IX claims or lawsuits it is involved in, as irrelevant, confusing for the jury and prejudicial to the Defendants.

Plaintiffs argue that evidence of treatment toward other members of a protected group is "circumstantial evidence of intentional discrimination." *Troupe v May Dep't Stores Co.*, 20 F.3d 734, 736 (7th Cir. 1994). Plaintiffs argue that evidence of discipline imposed on non-party females would be circumstantial evidence of intentional discrimination against women and disparate treatment of Plaintiffs, and that the discipline of the two non-party males involved in the incidents at issue goes to the heart of their case, is being offered to establish intent or motive and should not be excluded.

Because the issue of whether male students were treated differently than female students is a central tenet of Plaintiffs' claims, evidence or arguments that male students were disciplined, and the nature and extent of that discipline, will not be precluded. *See Mid-America Tablewares*, 100 F.3d at

5

1363. Whether other female students were treated similarly to Plaintiffs is also related to Plaintiffs' discrimination claims. "'[B]ehavior toward or comments directed at other [members] in the protected group' is one type of circumstantial evidence that can support an inference of discrimination." *Hasan v. Foley & Lardner LLP*, 552 F.3d 520, 529 (7th Cir. 2008) (quoting *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 491 (7th Cir.2007)); *see also Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008) (explaining that evidence of discrimination experienced by other witnesses may be relevant based on the facts and circumstances of a particular case). In this case, other female students reporting assaults are members of the protected group. As such, evidence of behavior and comments directed at them during Purdue's Title IX investigations into their claims is relevant to whether Defendants engaged in prohibited discrimination.

As a blanket request, precluding any evidence or argument on these issues would be overbroad. Evidence may be adduced as to the commonality of decision-makers, decisions, processes, the non-existence of separate investigations into Plaintiffs' conduct, and the timing of the incidents/investigations. Evidence or arguments about other Title IX allegations, claims and evidence of Title IX violations may also be presented, so long as any relevant privacy restrictions are maintained. Evidence of the existence of other lawsuits that have not resulted in judgments would be prejudicial and is excluded. Evidence of any consensual resolution of other lawsuits is also precluded.

E.     <u>Evidence or argument concerning an alleged policy of retaliatory discipline</u>

Defendants request that evidence or argument of a policy of retaliatory discipline should be precluded because Plaintiffs have not shown how many other students were subject to this purported policy. Plaintiffs argue that Defendants have misunderstand the legal meaning of policy in the

---

2 Defendants have brought two motions to bifurcate the Plaintiffs' claims; both have been denied. [DE 26, 83].

Section 1983 context, i.e., government policy made through "those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep's of Soc. Servs.*, 436 U.S. 658, 694 (1978).

The existence of the purported policy is a core issue for the jury to decide. Motions in limine are not proper tools to litigate contested issues of fact or law. *Mid-America Tablewares*, 100 F.3d at 1363. Either party may raise objections to specific exhibits, testimony, or argument during trial, and in context, those objections will be ruled upon, but as a blanket prohibition the request will be denied.

F.    Evidence or argument regarding Purdue CARE staff

Defendants request that evidence or argument regarding whether Purdue's CARE staff, non-party mental health providers, credited Plaintiffs' accounts or assault or other abuse should be excluded since it would be prejudicial to Defendants, confuse the jury, and waive the privilege of confidentiality which exists between CARE staff and Plaintiffs. Plaintiffs argue that the privilege is theirs to waive, and that CARE staff's observations of Plaintiffs' emotional states, conduct during the investigation, and the process of Purdue's investigatory process is unrelated to staff members' assessment of Plaintiffs' credibility and should be admissible.

Evidence or argument as to whether Purdue's CARE staff believed the Plaintiffs will be precluded, but evidence or argument of CARE staff members' observations of Plaintiffs' emotional state or conduct during the investigation and their personal knowledge of evidence submitted by Plaintiffs to Purdue will not be precluded.

G.    Evidence or argument regarding emotional distress or harm

Defendants move to preclude evidence or argument regarding Plaintiffs' emotional distress or harm, arguing that the United State Supreme Court's recent ruling in *Cummings v. Premier Rehab Keller, P.L.L.C.*, No. 20-291, 596 U.S. ___, 142 S. Ct. 1562 (April 28, 2022), precludes recovery of

emotional distress damages under Title IX. Plaintiffs argue that *Cummings* applies only to Rehabilitation Act and Patient Protection and Affordable Care Act claims. *Cummings*, 142 S. Ct. at 1576. Because *Cummings* was not a Title IX action, it does not make evidence of emotional distress or harm inadmissible in this case. *Id*. Therefore, evidence of such damages will not be precluded.

H.    <u>Evidence or argument regarding consequential damages</u>

Defendants also move to preclude evidence of consequential damages, asserting as bases for exclusion that Plaintiffs failed to comply with Rule 26(a)(1)(A)(iii) and provide a "computation of each category of damages claim by the disclosing party;" that any claim for tuition, room, or board are state law contract claims and must be brought in state court because *Cummings* limits their damages to those claims; and since Plaintiffs could have returned after the suspensions expired, their claims for costs of other education are immaterial.

As discussed below, to the extent any party has failed to disclose any substantive evidence, the Court notes that such evidence will be inadmissible, except for permissible impeachment or rebuttal purposes. Fed. R. Civ. P. 37(c)(1).

As noted above, since *Cummings* does not hold that it limits Title IX damages, it does not justify precluding evidence of Plaintiffs' consequential damages. *Cummings*, 142 S. Ct. at 1576.

Finally, the issue of whether Plaintiffs suffered any damages and/or failed to mitigate any damages is an ultimate issue for the jury to decide, and not appropriate for a motion to exclude. *See Mid-America Tablewares*, 100 F.3d at 1363.

I.    <u>Evidence or argument regarding punitive damages, sending a message to Defendant or punishing the Defendants</u>

Defendants also move to preclude evidence or argument regarding punitive damages, relying again on the recent *Cummings* decision. Defendants contend that the Section 1983 punitive damage

claims should be bifurcated for trial if the jury decides individual Defendants are liable to either Plaintiff to avoid jury confusion. Defendants also argue that phrases such as "send defendants a message" are prejudicial and irrelevant. *Lauderdale v. Russell*, No. 1:16-cv-02684-TWP-TAB, 2020 U.S. Dist. LEXIS 2670, *9 (S.D. Ind. Jan. 8, 2020).

As noted, *Cummings* does not apply to this case. Additionally, Defendants' prior efforts to bifurcate this case have all been denied, and they have provided no new arguments in favor of reconsidering those decisions. Evidence or arguments relative to punitive damages will not be excluded. Because punitive damages are available if Plaintiffs meet their burden of demonstrating that they are entitled to them, evidence or arguments about punishing defendants or sending them a message are not improper.

J.      Evidence or testimony regarding any diagnosis or other clinical determination

Defendants move to exclude Plaintiffs' or lay witness evidence or testimony as to whether Plaintiff Roe was "clinically incapacitated by alcohol" at the time of the incident at issue on the basis that Roe is not qualified to make that determination and has not disclosed any "expert diagnostic opinion establishing her incapacity as a matter of medical science." Plaintiffs point out that Purdue relied on no medical or expert testimony about Roe's incapacity before it issued its discipline against her, and Defendant Sermersheim made an assessment of what incapacitated meant in determining Roe's discipline.

Because Roe's incapacity is at the heart of her claim, and the issue of whether she was incapacitated was both part of the investigation, and assessed by Sermersheim, evidence of both Roe's and Sermersheim's assessment of Roe's incapacity will not be precluded.

K.      History, purpose, or intent of Title IX or Section 1983

Defendants request that Plaintiffs not be allowed to tell the jury the history, purpose or intent

of Title IX or Section 1983, arguing that "there is no jury factfinding task involving the history, purpose or intent of Title IX" and that those topics are "freighted with political considerations." Plaintiffs argue that there is no legal basis for excluding such statements about the law.

Plaintiffs can discuss the history and purpose of Title IX and Section 1983 but cannot infringe on the Court's authority to issue instructions and advise the jury of the law. ("[W]hether comments during opening statement and closing argument are proper is a matter that the Court must determine in context. It will decide these issues as they arise at trial.") (quoting *Cimaglia,* 2009 WL 499287, at *7 (C.D. Ill. Feb. 25, 2009)).

> L.   Evidence or argument directed to constitutional due process

Defendants argue that evidence or argument directed to constitutional due process should be precluded because there is no subject matter over Plaintiffs' Section 1983 damages claims, there is no private right of action under Title IX other than for enforcement of Title IX, and that Plaintiffs have no constitutionally protected property interest or liberty interest in their Purdue enrollment. As Plaintiffs argue, the issues of private right of action and the property interest were resolved by the Court's rulings on Defendants' Motions for Summary Judgment. In addition, the Court denied Defendants' Motion to Dismiss. Evidence and argument as to constitutional due process with not be barred.

> M.   Certain opinions from Plaintiffs' designated expert witness, Dr. Melinda Manning

Defendants argue that some of Dr. Melinda Manning's opinions should be precluded, based on the *Daubert* standard. Defendants did not file a *Daubert* motion, and any *Daubert* arguments are therefore untimely. Furthermore, the arguments themselves are without merit. Defendants do not challenge Manning's professional qualification as an expert in Title IX compliance issues, only her medical qualifications.

10

Defendants argue Manning's opinions on the training and professional competency of personnel as Title IX compliance topics concern the standard of care, which is not applicable to issues of intent. Plaintiffs argue that the adequacy of Purdue's process is at issue, Manning's opinions as to whether Purdue's personnel were properly trained and competent is material. Defendants also argue that Manning is not medically qualified to assess whether Roe was incapacitated. Plaintiffs argue that because Purdue has a definition of incapacity in its Title IX policy and Defendant Sermersheim opined on whether Roe was incapacitated using a different standard, Manning should be permitted to testify as to whether Purdue's application of its standard to Roe was consistent with Title IX. Defendants also move to exclude Manning's opinions on the "presence of retaliatory intent" since there is no recognized expertise for the question of retaliatory intent. Plaintiffs argue that it is appropriate for them to ask the jury to infer that retaliation has occurred based on Manning's testimony regarding recognized Title IX procedures that should be in place to guard against retaliation.

Manning may offer opinions on what proper, recognized Title IX procedures should be in place to guard against retaliation. She may opine on whether Purdue's definition of incapacitated in its Title IX policy is consistent with Title IX, whether Sermersheim's expressed opinion of Roe's incapacity was consistent with either Purdue's Title IX policy or Title IX itself, and whether Purdue's application of the incapacitation standard to Roe was consistent with either Purdue's Title IX policy or Title IX. Manning's opinions as to whether Purdue's personnel were properly trained and competent likewise are not excluded.

Manning may not opine on whether Defendants had retaliatory intent toward Plaintiffs. Counsel may make proper arguments as to the meaning of any evidence, including opinions.

N.     Evidence not produced in discovery

Defendants move for an order barring undisclosed substantive evidence. Plaintiffs argue that this is better addressed by objections to their proposed exhibit and/or witness list. Undisclosed information and witnesses will not be permitted. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). The Court precludes any substantive evidence not previously disclosed, except for impeachment or rebuttal purposes.

II.    **Conclusion**

For the foregoing reasons, the Court hereby **GRANTS in part** Plaintiffs' Motion in Limine [DE 87] and **GRANTS in part** Defendants' Motion in Limine [DE 88], as described above.

So ORDERED this 20th day of July, 2022.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record

12