UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MARY DOE and NANCY ROE,<br>    Plaintiffs, | )<br>)<br>) |
| v. | )    Cause No. 4:18-cv-89-JEM |
| PURDUE UNIVERSITY, *et al.*,<br>    Defendants. | )<br>)<br>) |

**PRETRIAL ORDER**

Pursuant to the Order of the Court, the attorneys for the parties to this action appeared before United States Judge John E. Martin on July 28, 2022, for a Final Pretrial Conference under Rule 16 of the Federal Rules of Civil Procedure. Plaintiff Mary Doe's claims were settled at a judicial settlement conference on August 31, 2022. Plaintiff Nancy Roe is represented by Jeffrey A. Macey. Defendants are represented by William P. Kealey and Joseph H. Harrison III of the firm of Stuart & Branigin LLP.

This Order, as proposed by the parties and with corrections by the Court, governs the trial and may not be amended except by order of the Court.

**A.      Jurisdictional statement**.    Federal question jurisdiction for Plaintiff's Title IX claim exists pursuant to 28 U.S.C. § 1331. Defendants dispute the Court's federal questions jurisdiction for Plaintiff's Section 1983 damage claims pursuant to the Eleventh Amendment bar and because Defendants contend that Section 1983 does not apply to a state and its officials.

**B.      Plaintiff's brief description of the claim(s) to be tried.**    The case is at issue on Plaintiff Roe's Complaint and Defendants' Answer. Plaintiff's claims are: A Title IX allegation of gender discrimination; an *ex parte Young* allegation against the Individual Defendants in their official capacity for expungement of disciplinary records and a Section 1983 allegation against the

1

Individual Defendants for damages for deprivation of property and/or liberty without Fourteenth Amendment Due Process and denial of Equal Protection by application of an alleged sexually discriminatory policy.

**C.     Defendants' brief description of the claim(s) to be tried**. The case is at issue on Plaintiff's Complaint and Defendants' Answer. Plaintiff's claims are: A Title IX allegation of gender discrimination; an *ex parte Young* allegation against the Individual Defendants in their official capacity for expungement of disciplinary records; and a Section 1983 allegation against the Individual Defendants for damages for deprivation of property without Fourteenth Amendment Due Process and denial of Equal Protection by application of an alleged policy to suspend them for failing to prove their assault allegations to the satisfaction of Purdue decision-makers.

**D.**     There are no pending motions.

**E.     The parties' contentions**:

**1.     Plaintiff.**  Plaintiff contends that she was disciplined by Purdue University after reporting an assault, and that she did not have a meaningful opportunity to be heard in connection with her case. Purdue's lack of procedural fairness rendered Purdue deliberately indifferent to claims of sexual harassment in violation of Title IX. Purdue had a policy whereby women who could not prove their claims were punished. Purdue violated Roe's due process rights.

Roe contends that she truthfully told Purdue that she lacked the capacity to consent to sexual intercourse during her assault. Roe only became aware of the gravity and extent of the assault after she developed bruising on her neck, in her throat, and vaginal area as a result of the assault. Purdue investigators did not consider and did not present medical evidence that corroborated Roe's claim of assault to the disciplinary panel. Purdue investigators made discriminatory credibility determinations in favor of the male student involved in the assault and

discriminatorily stereotyped Roe when evaluating her conduct. Purdue's discriminatory assumptions about Roe led it to misapply its rule on incapacitation. Further, Purdue did not make a determination about whether Roe herself believed she was incapacitated.

Roe contends that Purdue failed to inquire into the method and manner of the secret recording made by Male Student B in connection with his assault of Roe despite the fact that the existence of the recording establishes that Roe was not aware of what was going on around her during the assault. Purdue did not neutrally rely on a "False Statement" Rule.

Roe further contends that Purdue is not entitled to any safe harbor under federal law, because it only allows Purdue to charge an individual with a code of conduct violation for making a materially false statement in bad faith. Purdue did not do so here, but summarily disciplined Roe. Neither Defendant is entitled to qualified immunity because they violated clearly established law that Roe was entitled to prior notice and an opportunity to respond prior to disciplining her and because of their discriminatory assumptions about Roe's conduct and the motivations therein which is a clearly established violation of the equal protection clause.

Roe contends that Purdue's violation of Title IX damaged Roe economically including the cost of replacement education and housing, the cost of relocating to a different university, and the cost of the tuition paid to Purdue for which she did not get credit. Purdue also damaged Roe's reputation. Purdue's violation of Title IX damaged Roe emotionally in an amount to be determined by a jury. Both individual defendants acted with reckless disregard of Roe's rights and are therefore liable to Roe for punitive damages.

3. **Defendants**. Defendants contend that Roe cannot show Title IX gender-bias in the text or application of Purdue's False Statement Rule because no facts raise the inference that Purdue acted at least partly on the basis of sex in Roe's particular case. Purdue had a reasonable,

non-discriminatory basis to conclude that Roe reported a consensual sexual encounter with C.L. as a sexual assault. As a matter of law, application of the False Statement Rule to Roe for cause is not retaliation. The evidence does not show that Purdue formed or acted upon any intent to retaliate against Roe for her assault allegation. Roe's false statements were not protected activity under Title IX.

Purdue also contends Roe's enrollment at Purdue was an agreement for contractual educational performance, not a constitutionally protected property or liberty interest. Suspension of Roe did not deprive her of any constitutionally protected life, liberty, or property interest.

Purdue further contends that Roe received notice that a violation of the False Statement Rule would subject her to discipline. The False Statement Rule is gender-neutral on its face. Application of the False Statement Rule to Roe was not a denial of Constitutional Equal Protection. There is no contention or evidence that the False Statement Rule is only applied to discipline women or was only applied to Roe because she is a woman. In 34 CFR § 106.71(b)(2) (titled "Retaliation") the Department of Education specifies: "Charging an individual with a code of conduct violation for making a materially false statement in bad faith in the course of a grievance proceeding under this part does not constitute retaliation prohibited under paragraph (a) of this section, provided, however, that a determination regarding responsibility, alone, is not sufficient to conclude that any party made a materially false statement in bad faith." It would violate Rule of Evidence 403 to try to argue or show that Purdue's False Statement Rule is inconsistent with Title IX's requirement for Purdue to investigate and determine responsibility for an alleged assault.

Defendants contend that Defendants Rollock and Sermersheim have qualified immunity from Roe's Section 1983 Fourteenth Amendment Due Process allegation because there is no clearly established precedent that requires Fourteenth Amendment Due Process in the disciplinary

process for a University's exercise of disciplinary rules promulgated under state law or that applies Fourteenth Amendment Equal Protection to bar or restrict a university decision-maker from applying the university's internal false-statement rule to discipline a student for cause.

Defendants contend that the proximate cause of Roe's alleged damages, if any, was Roe's deceptive behavior. Roe's damage claim under Title IX for emotional harm is barred by law. Roe has failed to mitigate her alleged damages by failing to re-enroll at Purdue following completion of her suspension. Roe's unclean hands render her ineligible for equitable relief. Defendants did not cause the alleged damages as contended by Roe. Defendants are not liable for discretionary enrollment and spending choices by Roe. The Individual Defendants are not liable for punitive damages.

**F.     Plaintiff's Exhibits.** The following is a list of materials that Plaintiff may offer to be entered into evidence at a trial of this matter:

1.     November 20-29, 2017 e-mail correspondence between Mary Doe and Purdue University Investigators

2.     December 14, 2017 Letter from Jacob Amberger to Mary Doe

3.     January 15, 2018 Letter from Kelley Stier to Mary Doe

4.     Appeal Submitted by Mary Doe to Purdue University and Accompanying Exhibits

5.     Deposition of Alysa Rollock and all exhibits.

6.     Deposition of Melinda Manning and all exhibits

7.     Resume of Melinda Manning

8.     Purdue Investigators' Report of the Complaint of Mary Doe and all exhibits

9.     October 26, 2017 Purdue University Police Department Report of Interview with Caroline Pomeroy

10. Appeal Letter Submitted by Nancy Roe to Purdue University and Accompanying Exhibits

11. Purdue Investigators' Report of the Complaint of Nancy Roe and all exhibits

12. Deposition of Katherine Sermersheim and all exhibits

13. September 1, 2017 Letter from Vice President Rollock to Dean Sermersheim

14. February 22, 2018 Appeal Determination Letter from Vice President Rollock

15. University Residencies Incident Report, October 10, 2020

16. October 11, 2017 Purdue University/Incident Investigation Report and Supplemental Reports

17. February 2, 2018 Determination Letter

18. Deposition of Kasey Richardson and all exhibits

19. Deposition of Christina Wright and all exhibits

20. Medical records of Nancy Roe from visit to Purdue University Student Health.

21. July 3, 2017 Letter from Karen Meyers to Nancy Roe

22. July 26, 2017 Letter from Katie Sermersheim to Nancy Roe

23. August 15, 2017 Final Determination Letter

24. September 14, 2017 (mis-dated on letter) Amended Final Determination

25. October 17, 2017 Appeal Determination

26. Purdue Anti-Harassment and Discrimination Policy

27. Account Statements by Term University of Oregon

28. Resume of Nancy Roe

29. Plaintiff reserves the right to produce any exhibit(s) necessary for impeachment and/or rebuttal.

**G.     Defendants' Exhibits.** The following is a list of materials that Defendants may offer to be entered into evidence at a trial of this matter:

A.    Audio recording regarding Nancy Roe dated April 17, 2017

B.    Sexual Violence Report dated April 22, 2017 regarding Nancy Roe

C.    Sexual Violence Report dated April 25, 2017 regarding Nancy Roe

D.    Outreach by Karen Meyers to Nancy Roe dated April 23, 2017

E.    Second Outreach by Karen Meyers to Nancy Roe dated May 3, 2017

F.    Letter from Dr. Sermersheim to Nancy Roe dated May 17, 2017

G.    Letter from Dr. Sermersheim to Nancy Roe dated May 30, 2017

H.    Letter from Karen Meyers to Nancy Roe dated July 3, 2017

I.    University's Investigators' Report, including all exhibits dated July 24, 2017 regarding Nancy Roe

J.    Letter from Dr. Sermersheim to Nancy Roe dated July 26, 2017

K.    Final Determination Letter dated August 15, 2017 to Nancy Roe

L.    Amended Final Determination Letter dated August 17, 2017 to Nancy Roe

M.    Second Appeal Determination dated October 17, 2017 regarding Nancy Roe

N.    Deposition of Nancy Roe of December 17, 2019, including all exhibits

O.    Deposition of Christina Wright of February 3, 2020, including all exhibits regarding Nancy Roe

P.    Deposition of Alysa Rollock of February 3, 2020, including all exhibits regarding Nancy Roe

Q.    Deposition of Katherine Sermersheim of February 4, 2020, including all exhibits regarding Nancy Roe

R.    Declaration of Katherine L. Sermersheim dated February 26, 2021 regarding Nancy Roe

    S.      Purdue's Anti-Harassment Policy (III.C.1) (Revised July 1, 2016

    T.      Purdue's Procedures for Resolving Complaints of Discrimination and Harassment (Revised August 15, 2016)

    U.      Purdue's Anti-Harassment Policy (III.C.1) (Revised August 1, 2017)

    V.      Purdue's Procedures for Resolving Complaints of Discrimination and Harassment (Revised August 1, 2017)

    W.      Transcript of Excerpt of Mary Doe's recorded interview with PUPUD Detective Donald Hartman dated October 11, 2017

    X.      Mary Doe's Recorded Interview with Purdue University Police Department Detective Donald Hartman on October 11, 2017

    Y.      Mary Doe's Recorded Interview with K.N. Sherer of the Purdue University Police Department on October 13, 2017

    Z.      February 22, 2018 Appeal Determination regarding Mary Doe

    AA.      Deposition of Mary Doe of January 10, 2020, including all exhibits

    BB.      Defendants reserve the right to produce any exhibit(s) necessary for impeachment and/or rebuttal.

**H.**    **Plaintiff's Witnesses.** The following is a list of individuals that Plaintiff may offer to provide testimony at a trial of this matter:

    1.      Plaintiff Nancy Roe

    2.      Katherine Sermersheim

    3.      Alysa Rollock

    4.      Christina Wright

    5.      Melinda Manning

    6.      Karen Myers

    7.      Kasey Richardson

    8.      Matt Porche

    9.      Nadia Kerman

    10.     Plaintiff reserves the right to produce any witness(es) necessary for impeachment and/or rebuttal.

**I.**    **Defendants' Witnesses.**  The following is a list of individuals that Defendants may offer to provide testimony at a trial of this matter:

    1.      Plaintiff Nancy Roe

    2.      Christopher Lanza

    3.      Alysa Rollock

    4.      Katherine Sermersheim

    5.      Christina Wright

    6.      Nicholas Crosby, Purdue University Police Department

    7.      Megan Skiba

    8.      Isabelle Ortt

    9.      Kasha Halbleib

    10.     Jeff Stefancic

    11.     Evan Schafer

    12.     Any witness necessary for impeachment or rebuttal

**J.**    **Stipulation Regarding Pseudonym Status.**

The parties stipulate that Plaintiff will proceed at trial using her real name and not using a pseudonym in the courtroom. The parties further stipulate that at trial the parties, counsel, and witnesses may refer to Plaintiff by her real name in the courtroom.

**K.    Jury Instructions**

Jury instructions shall be submitted in accordance with the Order Controlling Trial. The parties have submitted their joint and individual preliminary jury instructions. (DE 94, 95, 97).

**L.    Amendments**

Any motion to amend this Pretrial Order must be filed by **3:30 p.m. (central time) on September 14, 2022**, and any objections thereto must be filed by **noon on September 15, 2022**.

**M.    Other Agreements and Deadlines**

It is directed that requests for special instructions must be submitted to the Court, on the docket and by email, with supporting authorities, at or prior to the commencement of the trial, subject to the right of counsel to supplement such requests during the course of the trial on matters that cannot reasonably be anticipated.

**N.    Settlement**

The parties have discussed settlement but have been unable to reach agreement. They will continue to negotiate and, if settlement is reached, will advise the Court immediately, or per the Court's Order, no later than **noon (Central Time) on September 16, 2022**.  If they advise the Court after that time, jury fees will be assessed.

**M.**    The case is set down for a trial beginning at 9:00 a.m., Central time, on September 19, 2022.  The probable length of trial is 5 days.

SO ORDERED this 13th day of September, 2022.

                                                  s/ John E. Martin
                                                  MAGISTRATE JUDGE JOHN E. MARTIN
                                                  UNITED STATES DISTRICT COURT

cc:    All counsel of record