UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| MARY DOE AND NANCY ROE, ) | | |
|     Plaintiffs, ) | | |
| ) | | |
| v. ) | CAUSE NO.: 4-18-CV-89-JEM | |
| ) | | |
| PURDUE UNIVERSITY, *et al.* ) | | |
|     Defendants. ) | | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Quash [DE 121], filed September 15, 2022. Defendants filed their Response on September 15, 2022. Plaintiff Roe seeks to quash two subpoenas issued on July 26, 2022, to the Plaintiffs (both were then plaintiffs, although Mary Doe has since settled with Defendants and is no longer a party plaintiff) requesting their attendance at trial, and production:

> [w]ithin five (5) business days in advance of trial, provide copies of all written communications with [the other Plaintiff], including but no limited to, text messages, call logs, email messages, and messages sent via social media applications (i.e. Instagram, Snapchat, Twitter, Facebook).

**I.   Analysis**

Federal Rule of Civil Procedure 45 permits the issuance of subpoenas to produce documents in the custody or control of a person and to command persons to attend depositions. Fed. R. Civ. P. 45(a). "The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002). The scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P.

1

26(b)(1).

Plaintiff Roe objects to the request for the production of documents on the basis that the request is an attempt by Defendants to circumvent the fact discovery deadline of July 26, 2020. The Defendant argues that the Motion to Quash is untimely as no objection was raised to the subpoena within fourteen days of service, that because Doe is no longer a party plaintiff, a subpoena is the proper way to request documents from her, and that "their communications for the past two years are trial evidence that did not exist when discovery closed two years ago." The Court notes that the subpoenas are not limited to communications occurring subsequent to the close of fact discovery, and that communications occurring prior thereto do not appear to have been requested in discovery.

Both the subpoena and the instant motion are untimely. The information requested in the subpoena was, if relevant at all, properly sought in discovery during the time when discovery was open. The objection to the subpoena should have been brought within fourteen days of receipt. Additionally, neither party has listed these communications on their list of proposed exhibits in the pretrial orders issued by this Court, nor have Defendants moved to amend the final pretrial order to include these documents as exhibit in their case in chief, and the deadline to do so has passed. Neither party brought this issue up in any of the four conferences held by the Court with the parties since the issuing of the subpoenas. Defendants did not bring any delay in objecting or responding to those subpoenas by the Plaintiff to the Court's attention until after the filing of the instant motion.

Defendants argue that Mary Doe is no longer a party plaintiff and therefore use of a Rule 45 subpoena to obtain document of "communications between a testifying party and a testifying

non-party surely constitute one of those 'instances'" in which "[t]rial subpoenas may be used to secure documents in certain limited instances." *Citing Bufkin v. Norfolk S. Corp.*, No. 1:00-CV-424, 2002 U.S. Dist. LEXIS 29350, *4 (N.D. Ind. Mar. 20, 2002). However, Defendants overlook the fact that at the time they issued the subpoenas, Mary Doe was a party plaintiff. This argument is strained at best.

The Court has a hard time seeing the relevance of these communications to the case to be presented at trial, as they would have occurred well after Purdue's investigation at issue and could not have factored into either that process or the results of that process. There is no argument as to their relevance and the Court has not been given an opportunity to review them.

Because the motion was brought two business days before the start of trial in this matter, it is untimely. Because the subpoena was issued 2 years after the close of fact discovery, and was for documents which could have been requested during fact discovery (with Plaintiff(s) having a duty to supplement following the close of discovery), it is also untimely. Because the subpoena was untimely and there is no argument from which the Court can conclude that the requested evidence was sought in a timely manner, the subpoena is quashed, but the Court reiterates its displeasure at the untimeliness of the motion to quash.

## II. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Plaintiffs' Motion to Quash [DE 121].

So ORDERED this 16th day of September, 2022.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record