UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MARY DOE AND NANCY ROE,        )<br>    Plaintiffs,        )<br>                      )<br>v.        )    CAUSE NO.: 4-18-CV-89-JEM<br>                      )<br>PURDUE UNIVERSITY, *et al.*        )<br>    Defendants.        ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion in Limine to Exclude Damage Contentions and Evidence [DE 123], filed September 15, 2022. Plaintiff Roe filed her Response on September 16, 2022. Defendants seek to exclude Plaintiff Roe from presenting, testifying about, or arguing about Plaintiff's Exhibit 27, the Account Statements by Term from the University of Oregon and from testifying or arguing about any "claim for damages based on amounts paid to Purdue University under a contract of enrollment."

**I.      Analysis**

A motion in limine will be granted "only when evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993); *see also Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000). Most evidentiary rulings will be resolved at trial in context, and this "ruling is subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

Defendants seek to preclude Plaintiff Roe from using her Exhibit 27, the account statement from the University of Oregon because it is illegible, fragmentary, does not refer to Roe, and is not self-authenticating.  Plaintiff Roe argues that the document is legible if it is increased in size, and that Defendants should have raised this issue previously.

1

This document was identified on Plaintiff Roe's list of exhibits in both the proposed pretrial orders jointly submitted by the parties [DE 100, 110] and the final pretrial order [DE 115]. Defendants raised no objection to it in response to either of those orders (and it was listed on the joint proposal for each), did not address it in their initial motion in limine, and did not move to amend the final pretrial order, and the time to do so has passed. Defendants brought the instant motion two business days prior to the start of trial. Their motion is untimely.

The Court notes that the copy of that Exhibit included with Defendants' motion is largely illegible, and that may be a basis for exclusion at trial, but the issue is reserved for that time. There is no basis to exclude Plaintiff Roe, or any other witness, from testifying about their personal knowledge of Plaintiff Roe's University of Oregon expenses. Defendants' other bases for exclusion will be addressed, as appropriate, at trial.

Defendants also move to exclude evidence related to Plaintiff Roe's damage claims for two semesters of Purdue tuition on the grounds that such damages are only available in a breach of contract action. Defendants failed to raise this motion in limine within the time set forth by this Court to bring motions in limine in its Order Controlling Trial, and it is therefore untimely. Any questions about the admissibility of evidence will be addressed at trial.

## II.     Conclusion

For the foregoing reasons, the Court hereby **DENIES** Defendants' Motion in Limine to Exclude Damage Contentions and Evidence [DE 123].

So ORDERED this 16th day of September, 2022.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record