**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION**

| | | |
|---|---|---|
| MARY DOE and NANCY ROE, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Cause No. 4:18-cv-00089-JEM |
| | ) | |
| PURDUE UNIVERSITY and | ) | |
| ALYSSA ROLLOCK | ) | |
| and KATIE SERMERSHEIM, in their official and | ) | |
| individual capacities | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT AND SEPARATE PROPOSED FINAL JURY INSTRUCTIONS**

Come now the parties, by their respective counsel, and hereby submit below:

1.  Their agreed-upon Joint Final Jury Instructions.

2.  Their separately proposed Final Jury Instructions, respectively designated as

    Plaintiff's or Defendants' Proposed Final Jury Instructions.

In the instances that the undersigned have been unable to agree upon an instruction, the

grounds of disagreement are stated below the proposed instruction.

*/s/ Jeffrey A. Macey*
Jeffrey A. Macey (Atty No. 28378-49)
Barry A. Macey (Atty No. 8964-49)
MACEY SWANSON LLP
429 N. Pennsylvania Street, Suite 204
Indianapolis, IN 46204
Telephone:  (317) 637-2345
Email:  jmacey@maceylaw.com
            bmacey@maceylaw.com
**Attorneys for Plaintiff**

*/s/ William P. Kealey*
William P. Kealey (Atty No. 18973-79)
Joseph H. Harrison III (Atty No. 35248-53)
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Telephone: (765) 423-1561
E-Mail: wpk@stuartlaw.com
            jhh@stuartlaw.com
**Attorneys for Defendants**

**Joint Final Instruction Number 1**

Members of the jury, the evidence has been completed, and plaintiff's counsel and defense counsel will make their final arguments to you in a few moments. You and I now play the most important part of our respective roles in this case. I will now instruct you on the law that you are to apply to the evidence you have heard in this case.

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law. These instructions are my responsibility, and it is your duty to follow the rules of law stated in these instructions even if you might personally disagree with them.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone. Your second duty is to apply the law that I give you to the facts.

You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. Perform these duties fairly and impartially.  Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

*Source: Federal Civil Jury Instructions for the Seventh Circuit, Instruction No. 1.21 (as modified).*

Given:           _____
Not Given:           _____
Given as Modified:    _____
Withdrawn:           _____

**Joint Proposed Final Instruction Number 2**

These instructions that I am reading to you will be sent into the jury room along with the exhibits admitted into evidence.

If I have stated any rule, direction, or idea in these instructions in varying ways, I have not intended any special emphasis on the point, and you should not give the point any special emphasis. For that reason, you are not to single out any certain sentence or any individual point or instruction and ignore the others. You must consider all the instructions as a whole, and you are to regard each instruction in light of all the others.

**Authority:**      Fed. Civ. Jury Inst. 7th Cir. 1.02 (as modified).

Given:                    _____
Not Given:             _____
Given as Modified:   _____
Withdrawn:            _____

**Joint Proposed Final Instruction Number 3**

The evidence consists of the sworn testimony of the witnesses, the exhibits received in evidence, and any facts that I instruct you have been established and proven.

Opening statements of counsel were for the purpose of acquainting you in advance with the facts that they expected the evidence to show. Closing arguments of counsel are for the purpose of discussing the evidence that has actually been presented to you.

The assertions by counsel in opening statements, closing arguments, or in the asking of questions of witnesses do not constitute any evidence whatever in this case. The evidence is what you heard and saw from the witnesses and the exhibits admitted into evidence.

During the course of trial, it often becomes the duty of counsel to make objections and for me to rule on them in accordance with the law. The fact that objections are made or opposed should not influence you in any way.

In your deliberations, you are not to pay any attention to any testimony that was stricken, or any statements of counsel or other statements made to the court concerning those matters.

You are to try the case upon the evidence and the legitimate inferences that you may draw from that evidence. You should not be concerned with why the court decided, at various times throughout the trial, that certain evidence should or should not be admitted. Whether such evidence is admissible is purely a question of law, and you should draw no inferences from the court's rulings on these matters. In admitting evidence to which an objection is made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the witnesses or exhibits. Those are questions for you to decide.

Given:                    _____
Not Given:              _____
Given as Modified:    _____
Withdrawn:             _____

**Joint Proposed Final Instruction Number 4**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Authority:**     Fed. Civ. Jury Inst. 7th Cir. 1.07.

Given:                    _____
Not Given:              _____
Given as Modified:    _____
Withdrawn:             _____

**Joint Proposed Final Instruction Number 5**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

**Authority:**     Fed. Civ. Jury Inst. 7th Cir. 1.11.

Given:                    _____
Not Given:              _____
Given as Modified:     _____
Withdrawn:             _____

6

**Joint Proposed Final Instruction Number 6**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Authority:**     Fed. Civ. Jury Inst. 7th Cir. 1.12.

Given:                _____
Not Given:            _____
Given as Modified:    _____
Withdrawn:            _____

**Joint Proposed Final Instruction Number 7**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

• the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

• the witness's memory;

• any interest, bias, or prejudice the witness may have;

• the witness's intelligence;

• the manner of the witness while testifying; and

• the reasonableness of the witness's testimony in light of all the evidence in the case.

**Authority:**    Fed. Civ. Jury Inst. 7th Cir. 1.13.

Given:                      _____
Not Given:               _____
Given as Modified:    _____
Withdrawn:              _____

**Joint Proposed Final Instruction Number 8**

  The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Authority:**  Fed. Civ. Jury Inst. 7th Cir. 1.18.

Given:      _____
Not Given:     _____
Given as Modified:  _____
Withdrawn:     _____

**Joint Proposed Final Instruction Number 9**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Authority:**    Fed. Civ. Jury Inst. 7th Cir. 1.27.

Given:                        _____
Not Given:                   _____
Given as Modified:       _____
Withdrawn:                  _____

**Joint Proposed Final Instruction Number 10**

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

*Source:*       *Federal Civil Jury Instructions for the Seventh Circuit, Instruction No. 1.21*

**Joint Final Instruction Number 11**

If you decide for Defendants on the question of liability, then you should not consider the question of damages.

*Source:*          *Federal Civil Jury Instructions for the Seventh Circuit, Instruction No. 1.31*

**Joint Proposed Final Instruction Number 12**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

**Authority:**     Fed. Civ. Jury Inst. 7th Cir. 1.32.

Given:                    _____
Not Given:              _____
Given as Modified:    _____
Withdrawn:            _____

**Joint Proposed Final Instruction Number 13**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the bailiff, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

**Authority:**     Fed. Civ. Jury Inst. 7th Cir. 1.33.

Given:                    _____
Not Given:              _____
Given as Modified:    _____
Withdrawn:             _____

14

**Joint Proposed Final Instruction Number 14**

      The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

      You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

      All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Authority:**    Fed. Civ. Jury Inst. 7th Cir. 1.34.

Given:               _____
Not Given:       _____
Given as Modified:   _____
Withdrawn:       _____

15

**Plaintiff's Proposed Final Instruction Number 14.5 (Plaintiff proposes to give this prior to the instructions on the elements)**

I am now ready to give you the law that applies to this case.

Plaintiff seeks damages from Purdue University for violating her rights under Title IX of the Educational Amendments Act of 1972, commonly known as Title IX. Plaintiff seeks damages from Alyssa Rollock and Katie Sermersheim for violating her rights under Section 1983. I will instruct you on what Plaintiff must prove to succeed on her claims against the Defendants. Then I will instruct you on what Plaintiff must prove to recover damages, if you conclude that she has proved any of her claims against the Defendants.

**Authority**:     Plaintiff's Complaint

**<u>Defendants' comment</u>**: This instruction is confusing because the gender discrimination element

of Plaintiff's Title IX claim overlaps with the gender discrimination element of Plaintiff's

Section 1983 equal protection claim and Plaintiff is not entitled to seek payment twice from

different defendants for the same alleged gender discrimination.

Given:                          _____
Not Given:                   _____
Given as Modified:      _____
Withdrawn:                 _____

**Defendants' Proposed Final Instruction Number 15**

Plaintiff alleges that each of the three Defendants denied her equal access as a female to educational benefits and opportunities. Plaintiff alleges that the denial of equal access was based on her gender.

As to each Defendant, Plaintiff must prove by a preponderance of the evidence that the Defendant suspended her because of her gender. As to each Defendant, you must decide whether that Defendant would not have suspended Plaintiff had she been not been female, but everything else had been the same.

Plaintiff must prove that gender discrimination by each Defendant caused effects that were real, negative, and substantial.

If you find that Plaintiff has proved this by a preponderance of the evidence as to a Defendant, then you must find for Plaintiff and against that Defendant. However, if you find that Plaintiff did not prove this by a preponderance of the evidence as to a Defendant, then you must find for that Defendant and against Plaintiff.

**Authority**: *Seventh Circuit Pattern Civil Instruction* 3.01, 3.02.; "A Title IX sex discrimination claim requires proof that . . . 'the educational institution in question discriminated against [the] plaintiff based on gender.'" *Doe v. Univ. of S. Ind.*, 43 F.4th 784, 2022 U.S. App. LEXIS 21860, *10 (7th Cir. 2022) (quoting *Doe v. Columbia College Chicago*, 933 F.3d 849, 854 (7th Cir. 2019)); *Doe v. Purdue Univ.*, 928 F.3d 652, 667 (7th Cir. 2019) (Title IX plaintiff must "show that sex was a motivating factor in [Purdue's] decision to discipline" her).

**Plaintiff's comment**:  Defendant's Proposed Instruction fails to recognize the affirmative duty

Purdue University had to remedy complaints of sexual harassment; this is articulated in the

deliberate indifference standard adopted by the Supreme Court in *Davis v. Monroe County Bd.*

*Of Ed.*, 525 U.S. 629, 648-49 (1999). Omitting this obligation would allow the Defendant to

simply not take any action on sexual harassment claims (male or female); doing so would be

gender neutral, but it would still violate Title IX.

Given:                           _____
Not Given:                    _____
Given as Modified:       _____
Withdrawn:                  _____

**Plaintiff's Proposed Final Instruction Number 15**

On Plaintiff's claim of violation of Title IX, the Plaintiff has the burden of proving each of the following by a preponderance of the evidence:

1.    The Plaintiff was subjected to nonconsensual sexual conduct;
2.    Appropriate persons were notified of this conduct;
3.    The Defendant Purdue University acted with deliberate indifference in response to Plaintiff's report; and
4.    The Defendant's response had the effect of unreasonably interfering with Plaintiff's educational opportunities.

Authority: *Shushan v. University of Washington*, Case No. 04-2-04660-2 SEA (Wash. Super. 2009), Court's Final Instruction No. 12; *Davis v. Monroe County Bd. Of Ed.*, 525 U.S. 629, 648-49 (1999).

**Defendants' comment**: The proposed instruction does not map up to any pending allegation and therefore would confuse the jury and expose Defendants to a theory of relief that is outside of the pleadings. Plaintiff has not alleged that Purdue's response to her report was followed by any interference by the accused student in Plaintiff's educational opportunities at Purdue. Plaintiff testified on September 19, 2022 that her final contact with the accused student preceded her April 22, 2017 report to Purdue. The "deliberate indifference" theory of relief asks "whether the school's response to th[e] harassment reflected an official decision not 'to take action to end the harassment or to limit further harassment.'" *C.S. v. Madison Metro. Sch. Dist.,* 34 F.4th 536 (7th Cir. 2022) (en banc) (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 289 118 S. Ct. 1989 (1998)).

Given:                            _____
Not Given:                       _____
Given as Modified:          _____
Withdrawn:                     _____

**Plaintiff's Proposed Final Instruction No. 15.5 (Plaintiff proposes issuing this after Instruction No. 15:**

"Deliberate indifference" means that a school's response to notice of acts of student-on-student harassment or its lack of response was clearly unreasonable in light of all the known circumstances.

The existence of sexual harassment policies is not by itself sufficient to avoid a finding of deliberate indifference. The school must make meaningful efforts to monitor the conduct of individuals covered by the policy, must take good faith steps to enforce the sexual harassment policy and to correct any sexually harassing behavior, and must train its officials and employees regarding rights and responsibilities under the anti-harassment policy.

**Authority:** *Akers v. Davenport Community School District*, Case No. 3-10-cv-158-CRW-CFB (S.D. Iowa 2012), Court's Final Instruction No. 12

**Defendants' comment**: The proposed instruction is not supported by recently issued, controlling

Seventh Circuit precedent and does not map up to any pending allegation and therefore would

confuse the jury and expose Defendants to a theory of relief that is outside of the pleadings.

Plaintiff has not alleged that Purdue's response to her report resulted was followed by any

interference with the accused student in Plaintiff's educational opportunities at Purdue. Plaintiff

testified on September 19, 2022 that her final contact with the accused student preceded her

April 22, 2017 report to Purdue. The "deliberate indifference" theory of relief asks "whether the

school's response to th[e] harassment reflected an official decision not 'to take action to end the

harassment or to limit further harassment.'" *C.S. v. Madison Metro. Sch. Dist.,* 34 F.4th 536 (7th

Cir. 2022) (en banc) (quoting *Gebser*, 524 U.S. at 289). *Gebser v. Lago Vista Indep. Sch. Dist.*,

524 U.S. 274, 289 118 S. Ct. 1989 (1998)). The Seventh Circuit has also stated:

> [We] will not second guess a school's disciplinary decisions—even a school's decision not to impose any disciplinary measures—so long as those decisions are not clearly unreasonable.

*Johnson v. Northeast Sch. Corp.*, 972 F.3d 905, 911-12 (7th Cir. 2020) (citations and quotation marks omitted); *accord C.S.*, 2022 U.S. App. LEXIS 12550 at *8-9 (slip op. at 7) ("The response does not have to be perfect or even successful . . . so long as it is not so unreasonable, under all the circumstances, as to constitute an official decision to permit discrimination.").

Given:                        _____
Not Given:                 _____
Given as Modified:     _____
Withdrawn:               _____

**Defendants' Proposed Final Instruction Number 16**

Plaintiff claims that Defendant Purdue University disciplined her in retaliation for reporting a sexual assault. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Purdue University possessed a retaliatory intent toward Plaintiff. If you determine that Purdue University decision-makers actually believed that they had a legitimate basis to discipline Plaintiff for making false statements, you must find in favor of Purdue University.

If you find that Plaintiff has proved this by a preponderance of the evidence as to a Defendant, then you must find for Plaintiff and against that Defendant. However, if you find that Plaintiff did not prove this by a preponderance of the evidence as to a Defendant, then you must find for that Defendant and against Plaintiff.

**Authority**:  A Title IX retaliation claim fails where there is no "retaliatory motive" underlying the adverse action. *Pogorzelska v. Vandercook Coll. of Music*, 442 F. Supp. 3d 1054, 1064-65 (N.D. Ill. 2020) (quoting *Doe v. Columbia College*, 299 F. Supp. 3d 939, 960 (N.D. Ill. 2017), *aff'd*, 933 F.3d 849 (7th Cir. 2019)). *Lauth v. Covance, Inc.*, 863 F.3d 708, 717 (7th Cir. 2017).

Plaintiff's Comment: The Plaintiff would like to give the retaliation pattern instruction from the Seventh Circuit proposed below. (Seventh Circuit Pattern Civil Instruction No. 3.02). Plaintiff attempted to address Defendant's concern about retaliatory motive by including Defendant's stated rationale in the instruction (see below).

Given:                   _____
Not Given:       _____
Given as Modified:    _____
Withdrawn:        _____

**Plaintiff's Proposed Final Instruction Number 16**

Plaintiff claims that she was disciplined by Purdue because she reported a sexual assault. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Purdue disciplined her because of her complaint of sexual assault. Purdue contends that it disciplined Plaintiff because she made a false statement.

If you find that Plaintiff has proved, by a preponderance of the evidence, that Purdue disciplined her because of her complaint of sexual assault then you must find for Plaintiff. However, if you find that Purdue did not prove this by a preponderance of the evidence, then you must find for Defendant.

Authority: Seventh Circuit Pattern Civil Instruction No. 3.02 (modified to address Defendant's concerns above)

**<u>Defendants' comment</u>**: The proposed instruction is erroneous because Purdue is not alleging an affirmative defense on which it has any burden of proof "that it disciplined Plaintiff because she made a false statement." Plaintiff has the burden of proving that Purdue's false-statement determination was a pretext for gender discrimination.

Given:                            _____
Not Given:                      _____
Given as Modified:          _____
Withdrawn:                     _____

**Defendants' Proposed Jury Instruction No. 17**

It is the duty of the Court to instruct you as to the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find in favor of the plaintiff as instructed in Instruction No. ___, then you must award the plaintiff such sum as you find will fairly and justly compensate her for any damages you find she sustained as a direct result of the defendant's discriminatory conduct.

You may award compensatory damages against a Defendant only for injuries that Plaintiff has proved by a preponderance of the evidence were proximately caused by that Defendant's wrongful conduct. Your award must be based on evidence and not speculation or guesswork.

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

You are not permitted to award damages against Purdue University for any emotional harm that Plaintiff asserts.

If you find in favor of Plaintiff under Instruction No. ___, but you find her damages have no monetary value, then you must return a verdict for plaintiff in the nominal amount of one dollar ($1.00).

**Authority:**     *Federal Civil Jury Instructions for the Seventh Circuit, Instruction No 1.30 Comments, No. 3.10. Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132-33, 134 S. Ct. 1377 (2014) ("we generally presume that a statutory cause of action is limited to plaintiffs whose injuries are proximately caused by violations of the statute". . . . 'the judicial remedy cannot encompass every conceivable harm that can be traced to alleged wrongdoing.'"); *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2002) (no emotional harm damages available under Spending Clauses statutes); *Doe v. Purdue Univ.*, No. 2:17-CV-33-JPK, 2022 U.S. Dist. LEXIS 143478, *35-36 (N.D. Ind. Aug. 11, 2022) (no emotional harm damages available under Title IX); *Doe v. Curators of the Univ. of Mo.*, No. 19-cv-04229-NKL, 2022 U.S. Dist. LEXIS 145137 (W.D. Mo. Aug. 15, 2022) (same).

Given:                         _____
Not Given:                  _____
Given as Modified:     _____
Withdrawn:                _____

**Plaintiff's Proposed Jury Instruction No. 17**

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages.

You should consider the following economic damage elements:
- The reasonable value of necessary medical care and treatment;
- Economic loss due to the discipline and the cost of replacement education.

In addition, you should consider the following non-economic damages elements:
- The loss of enjoyment of life experienced and with reasonable probability to be experienced in the future; and
- The pain and suffering, both mental and physical, including inconvenience, mental anguish, emotional distress, injury to reputation and humiliation, experienced and with reasonable probability to be experienced in the future.

The burden of proving damages rests upon the plaintiff. It is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence. Your award must be based upon evidence and not upon speculation, guess, or conjecture.

The law has not furnished us with any fixed standards by which to measure non-economic damages. With reference to these matters you must be governed by your own judgment, by the evidence in the case, and by these instructions.

**Authority:**     Shushan v. University of Washington, Case No. 04-2-04660-2 SEA (Wash. Super. 2009), Court's Final Instruction No. 18; *Barnes v. Gorman*, 536 U.S. 181, 187, 122 S. Ct. 2097, 2101 (2002).

Given:                   _____
Not Given:            _____
Given as Modified:   _____
Withdrawn:           _____

**Defendants' Proposed Jury Instruction No. 18**

Defendants assert that Plaintiff's claim for tuition, room, and board should exclude amounts attributable to (i) Plaintiff's choice to enroll in a university outside of Indiana, (ii) Plaintiff's spending choices for her cost of living while enrolled elsewhere, and (iii) Plaintiff's decision not to re-enroll at Purdue when her suspension was over. Defendants must prove both that the reduction should be made and its amount.

**Authority:**   *Federal Civil Jury Instructions for the Seventh Circuit, Instruction No. 3.12.*

**Plaintiff's Comment:** Plaintiff reserves the right to object to this instruction depending on the state of the evidence when the matter goes to a jury.

Given: _____
Not Given: _____
Given as Modified: _____
Withdrawn: _____

**Plaintiff's Proposed Jury Instruction No. 18 (Separate Issue than Defendants' Mitigation Instruction No. 18)**

The United States Congress passed the Civil Rights Act to enforce rights secured by the Constitution. One of these acts is Section 1983 of Title 42 of the United States Code.

Section 1983 provides that any person may seek redress in this court, by way of damages, against any person or persons who, under color of any law, statute, ordinance, regulation, or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

Plaintiff brings two claims under 42 U.S.C. § 1983 against Defendants Sermersheim and Rollock: a denial of Due Process under the Fourteenth Amendment and a denial of Equal Protection under the Fourteenth Amendment. Defendants Sermersheim and Rollock deny these claims.

Authority: Final Instruction in 1:12-cv-00568-TWP-DML

Given: _____
Not Given: _____
Given as Modified: _____
Withdrawn: _____

25

**Defendants' Proposed Final Instruction Number 19**

Plaintiff alleges that Defendants Sermersheim and Rollock suspended her without notice that she was under investigation for suspected violation of Purdue's rule against making false statements and without an opportunity to be heard. Plaintiff alleges that the United States Constitution confers on her the right to remain enrolled at Purdue University and that the suspension deprived her of the opportunity to remain enrolled at Purdue University. To find for Plaintiff on this allegation as to either of Defendants Sermersheim or Rollock, you must find by a preponderance of the evidence that she did not provide Plaintiff notice and a meaningful opportunity to be heard on the suspected violation before imposing discipline.

**Authority:** 42 U.S.C. § 1983; Plaintiff's Complaint; *Coronado v. Valleyview Pub. Sch. Dist. 365–U*, 537 F.3d 791, 795 (7th Cir. 2008) ("Due process does not . . . require a judicial or quasi-judicial trial . . . before a school may punish misconduct.")*; Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985); *also Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Buttitta v. City of Chi.*, 9 F.3d 1198, 1206 (7th Cir. 1993). *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 88 (1978) ("A school is an academic institution, not a courtroom or administrative hearing room.").

Given:                          _____
Not Given:                  _____
Given as Modified:      _____
Withdrawn:                 _____

**Plaintiff's Proposed Final Instruction Number 19**

In this case, Plaintiff alleges that the individual Defendants, Katherine Sermersheim and Alysa Rollock, violated her constitutional right to Due Process when they made the decision to discipline her for reporting a sexual assault. To succeed on the denial of Due Process claim, Plaintiff must prove the following things by a preponderance of the evidence:

1. She had a right to liberty or property;
2. The right was denied by the individual Defendants; and
3. The Individual Defendants denied the Plaintiff that right without a fair notice and opportunity to be heard.

Authority: Plaintiff's Complaint and Court's Ruling on Summary Judgment

Given:                          _____
Not Given:                  _____
Given as Modified:      _____
Withdrawn:                 _____

**Joint Proposed Final Instruction Number 19.5 (other Section 1983 instruction)**

In this case, Plaintiff alleges that the individual Defendants, Katherine Sermersheim and Alysa Rollock violated her constitutional right to the Equal Protection of the laws when they allegedly made the decision to discipline her for reporting a sexual assault. To succeed on the Equal Protection claim, Plaintiff must prove the following things by a preponderance of the evidence:

1. She was disciplined by the individual Defendants
2. Because of her sex.

To determine that Plaintiff was disciplined because of her sex, you must decide that the Defendant would not have disciplined Plaintiff had she been a man but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence against either Defendant, then you must find for Plaintiff against that Defendant. However, if you find that Plaintiff did not prove this by a preponderance of the evidence against either Defendant, you must find for that Defendant. Plaintiff may prove this claim against one individual Defendant but not the other.

Source: Seventh Circuit Pattern Jury Instruction No. 3.01

Given:                          _____
Not Given:                   _____
Given as Modified:      _____
Withdrawn:                  _____

**Defendants' Proposed Final Instruction Number 20**

If you find for Plaintiff and against Defendant Sermersheim, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find she sustained and is reasonably certain to sustain in the future as a direct result of Defendant Sermersheim's wrongful conduct.

If you find for Plaintiff and against Defendant Sermersheim, you may, but are not required to, assess punitive damages against Defendant Sermersheim. The purposes of punitive damages are to punish a defendant for her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant Sermersheim. You may assess punitive damages only if you find that her conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant Sermersheim simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant Sermersheim's conduct;
- the impact of Defendant Sermersheim's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant Sermersheim;
- the likelihood that Defendant Sermersheim would repeat the conduct if an award of punitive damages is not made;
- Defendant Sermersheim's financial condition;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

*Source: Federal Civil Jury Instructions for the Seventh Circuit, Instruction No. 7.26 and 7.28*

*Given:* _____
*Not Given:* _____
*Given as Modified:* _____
*Withdrawn:* _____

**Plaintiff's Proposed Jury Instruction No. 20**

If you find in favor of Plaintiff on one or more of Plaintiff's Section 1983 claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find

she sustained and is reasonably certain to sustain in the future as a direct result of Defendant's violation of Section 1983.

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

a.  The physical and mental and emotional pain and suffering and loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury she has sustained.

b.  The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received as well as the present value of the care and supplies that she is reasonably certain to need and receive in the future.

c.  Economic loss due to the discipline and the cost of replacement education.

d.  The wages, salary, profits, and earning capacity that Plaintiff has lost and the present value of the wages, salary, profits, and earning capacity that Plaintiff is reasonably certain to lose in the future.

**Authority:**   Fed. Civ. Jury Inst. 7th Cir. 7.26.

Given:   _____
Not Given:   _____
Given as Modified:   _____
Withdrawn:   _____

29

**Defendants' Proposed Final Instruction Number 21**

If you find for Plaintiff and against Defendant Rollock, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find she sustained and is reasonably certain to sustain in the future as a direct result of wrongful conduct of Defendant Rollock's.

If you find for Plaintiff and against Defendant Rollock, you may, but are not required to, assess punitive damages against Defendant Rollock. The purposes of punitive damages are to punish a defendant for her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant Rollock. You may assess punitive damages only if you find that her conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant Rollock simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant Rollock's conduct;
- the impact of Defendant Rollock's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant Rollock;
- the likelihood that Defendant Rollock would repeat the conduct if an award of punitive damages is not made;
- Defendant Rollock's financial condition;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

*Source: Federal Civil Jury Instructions for the Seventh Circuit, Instruction Nos. 7.26 and 7.28*

Given:                     _____
Not Given:              _____
Given as Modified:     _____
Withdrawn:             _____

**Plaintiff's Proposed Final Instruction Number 21**

If you find for Plaintiff, you may, but are not required to, assess punitive damages against either or both individual Defendants. The purposes of punitive damages are to punish a defendant for

his or her conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a Defendant. You may assess punitive damages only if you find that her conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered

**Authority:**     Fed. Civ. Jury Inst. 7th Cir. 7.28.

Given:                          _____
Not Given:                   _____
Given as Modified:      _____
Withdrawn:                  _____