UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARY DOE and NANCY ROE, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Cause No. 4:18-cv-00089-JEM |
| ) | |
| PURDUE UNIVERSITY and ) | |
| ALYSSA ROLLOCK ) | |
| and KATIE SERMERSHEIM, in their official and ) | |
| individual capacities | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants, The Trustees of Purdue University ("Purdue"), Alysa Rollock, and Katie Sermersheim (the "Individual Defendants"), by counsel, pursuant to Fed. R. Civ. P. 50(a) move the Court for judgment against Plaintiff Nancy Roe as a matter of law. In support of its motion, Purdue and the Individual Defendants state as follows:

**STANDARD OF REVIEW**

Judgment as a matter of law is appropriate if, after "a party has been fully heard on an issue during a jury trial . . . the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(a)(1). The court may "resolve the issue against the party" and "grant a motion for judgment as a matter of law against the party on a claim . . . that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." *Id*. "A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury." *Id*. at (a)(2). "The judgment as a matter of law standard 'mirrors' the standard for granting summary judgment, 'such that the

1

inquiry under each is the same.'" *Surgery Ctr. at 900 N. Mich. Ave., LLC v. Am. Physicians Assurance Corp.*, 922 F.3d 778, 784 (7th Cir. 2019).

**Overview of Trial Evidence**

Roe alleges that Purdue's decision to suspend her violated Title IX and deprived her of Due Process and Equal Protection.

In her case-in-chief, Plaintiff Roe has not come forward with any evidence that Purdue's application of its False Statement Rule to her was motivated by her gender. Nor has Roe come forward with any evidence that the Individual Defendants who decided the suspension acted with retaliatory intent.

To the contrary, the evidence submitted during Plaintiff's case in chief has showed that Purdue and the Individual Defendants relied solely on the evidence collected. The unchallenged testimony of the Individual Defendants is that they employed the same decision-making process as they would if Plaintiff were a man, not a woman.

The unchallenged evidence is that the False Statement Rule applies to all persons reporting sexual assault, regardless of gender. The unchallenged evidence is that the Defendants genuinely believed, based on the weight of the evidence, that Plaintiff violated the False Statement Rule. Plaintiff tendered no circumstantial or direct evidence that her gender was a motivating factor in the Individual Defendants' determination that Roe made false statements.

Plaintiff Roe has tendered no evidence that she was deprived of notice and an opportunity to be heard on whether she made false statements during Purdue's resolution of her report of sexual assault. Roe testified that Plaintiff's Ex. 13, the September 1, 2017 letter from Vice President for Ethics and Compliance Alysa Rollock to Dean of Students Dr. Katherine Sermersheim, gave her notice and an opportunity to address whether she knowingly made a false

2

statement or statements in connection with the resolution of her allegation of sexual assault, and what discipline, if any, should be imposed for such misconduct. Roe testified that she submitted to Purdue all the evidence she had and wanted Purdue to consider as part of Purdue's determination whether Roe made false statements. Further, Roe testified that she knew she had to be honest as part of Purdue's resolution of her allegation of sexual assault.

There is no pending claim for relief on Purdue's determination that the *lack* of a sexual assault finding interfered with Plaintiff's educational opportunity at Purdue. Therefore her "deliberate indifference" claim fails as a matter of law.

Plaintiff alleges "incapacitation" as a defense to the finding that she violated the False Statement Rule. However, a gender bias or due process allegation cannot be proved by alleging "incapacitation".

"Incapacitation" is an element of the analysis of "Consent" for evaluation of a sexual assault allegation -- whether the assault is alleged as criminal act, a civil tort, or a violation of Purdue's Anti-Harassment Policy. Just as reasonable factfinders can weigh the evidence of sexual assault differently in a criminal case or a civil tort case, so also can reasonable factfinders also weigh the factual question of "incapacitation" based on their reasonable judgment. Plaintiff has elicited nothing more than evidence that Purdue decision-makers analyzed "incapacitation" based on reasonable judgment. Plaintiff's arguments about the exercise of that judgment are insufficient to show that "incapacitation" was analyzed on the basis of Plaintiff's gender and not on the weight of the evidence.

**Argument**

1. **The trial evidence confirms that Plaintiff Roe's Section 1983 damage claims are directed against Purdue and therefore are barred by the Eleventh Amendment.**

In support of this Motion, Defendants incorporate and renew the arguments raised in their Renewed Motion to Dismiss Section 1983 Damage Claims (Counts VII and VIII) for Lack of Subject Matter Jurisdiction [DE 81], and Brief in Support of Renewed Motion to Dismiss Section 1983 Damage Claims (Counts VII and VIII) for Lack of Subject Matter Jurisdiction [DE 82], to dismiss Plaintiff Nancy Roe's Section 1983 claims against the Individual Defendants.

The evidence at trial establishes that Plaintiff Roe's Section 1983 individual-capacity claims against the Individual Defendants, Counts VII and VIII, are claims against Purdue, not the Individual Defendants. Throughout Plaintiff's case-in-chief, Plaintiff's counsel has conflated the Individual Defendants and "Purdue". The trial evidence has shown that these claims are directed at university personnel tasked with deciding and implementing a university sanction and that Purdue is the "real party" on Roe's Section 1983 damage claims. Because Purdue University is the "real party" on Roe's policy allegation, the Eleventh Amendment bars a damage claim against the Individual Defendants for allegedly carrying out the alleged policy. The evidence during Plaintiff's case in chief showed that Purdue, not the Individual Defendants, are the "real party" for Counts VII and VIII and "would foot the bill for a resulting judgment." *Haynes v. Indiana Univ.*, 902 F.3d 724, 732 (7th Cir. 2018); *Isabell v. Trs. Of Ind. Univ.*, 432 F. Supp. 3d 786, 793 (N.D. Ind. 2020).

2. **The trial evidence establishes that Plaintiff Roe's Title IX and Section 1983 claims fail as a matter of law because Plaintiff Roe has failed to carry her burden of proof on all claims.**

In support of this Motion, Defendants incorporate and renew the arguments raised in their Motion for Summary Judgment as to Plaintiff Nancy Roe [DE 53], and Brief in Support of

4

Motion for Summary Judgment as to Plaintiff Nancy Roe [DE 54], to dismiss all substantive allegations and claims of Plaintiff Nancy Roe. On each of these claims, because the evidence at trial is lacking to make a showing sufficient to establish the existence of one or more elements on which Roe bears the burden of proof at trial, a reasonable jury would not have a legally sufficient evidentiary basis to find for Plaintiff Roe.

### a. A reasonable jury would not have a legally sufficient evidentiary basis to find for Plaintiff Roe on her Title IX claim against Purdue.

Plaintiff Nancy Roe has not carried her burden of proof at trial as to her Title IX claim against Purdue. The unrebutted evidence at trial showed that, if Roe had been a male instead of a female and the evidence were in all other respects the same, Defendants would have made the same false statement determination and would have imposed the same discipline.

Roe failed to show Title IX gender-bias in the text or application of Purdue's False Statement Rule because Roe failed to come forward with sufficient evidence to "show that sex was a motivating factor in [Purdue's] decision to discipline" her. *Doe v. Purdue Univ.*, 928 F.3d 652, 667 (7th Cir. 2019). The evidence at trial revealed the serious inconsistences between Roe's account and the evidence gathered during the investigation, together with compelling eyewitness testimony and audio and video evidence showing Roe's competency and intent, that convinced Purdue decision-makers that Roe's account of events was threaded with false statements.

On the stand, Roe admitted that she could understand if Purdue did not believe there was sufficient evidence to support her allegation of sexual assault.

Plaintiff also admitted that Purdue and the Individual Defendants sanctioned Roe because they believed she had made false statements. The evidence, together with Defendants' undisputed genuine belief that the evidence showed violation of the False Statement Rule, makes it impossible for a jury to conclude that Defendants lacked a reasonable, non-discriminatory

basis to find that Roe was a consenting participant in the documented sexual acts and falsely reported a consensual encounter as an assault.

Roe failed to show that her false statements were protected activity under Title IX or that Purdue possessed a retaliatory intent when applying the False Statement Rule to her statements. Department of Education regulations state that the application of a false statement rule is not Title IX retaliation. *See* 34 CFR § 106.71(b)(2). In 34 CFR § 106.71(b)(2) (titled "Retaliation") the Department of Education specifies: "Charging an individual with a code of conduct violation for making a materially false statement in bad faith in the course of a grievance proceeding under this part does not constitute retaliation prohibited under paragraph (a) of this section, provided, however, that a determination regarding responsibility, alone, is not sufficient to conclude that any party made a materially false statement in bad faith." Purdue's False Statement Rule is consistent with Title IX's requirement for Purdue to investigate and determine responsibility for alleged assault. Simply highlighting the existence and application of Purdue's False Statement Rule does not equate to Plaintiff carrying her burden of proof. Plaintiff failed to submit evidence that Purdue possessed retaliatory intent in applying the False Statement Rule to her, and for this reason, Plaintiff Roe's Title IX retaliation claim fails as a matter of law.

     **b. A reasonable jury would not have a legally sufficient evidentiary basis to find for Plaintiff Roe on her Section 1983 claims against the Individual Defendants.**

The Court should dismiss Plaintiff Nancy Roe's Section 1983 claims against the Individual Defendants because she has not carried her burden of proof at trial against the Individual Defendants. Based on the evidence at trial, Plaintiff Roe cannot establish any Equal Protection or Due Process violation under Section 1983.

Roe's Section 1983 Equal Protection claim fails for the same reasons as her Title IX claim because there is insufficient evidence of discriminatory intent.

Roe's Section 1983 Due Process claim also fails. At trial during Plaintiff's case in chief, Plaintiff Roe failed to come forward with evidence showing deprivation of any constitutionally protected interest in liberty or property.

Roe has failed to submit evidence of a constitutional deprivation of a property interest eligible for Due Process protection. Her suspension is over. She is not currently experiencing any current or prospective deprivation of property. She is not barred from enrollment at Purdue and, in any event, the Seventh Circuit does not recognize a property interest in a Purdue education. *See Doe v. Purdue Univ.*, 928 F.3d 652, 659 (7th Cir. 2019); *see also Doe v. Purdue Univ.*, 2020 U.S. Dist. LEXIS 168097, *7-8 (N.D. Ind. September 15, 2020).

Roe has not alleged that she lost any constitutionally protected liberty interest. In the context of university-student discipline, the Seventh Circuit has recognized only one form of Due Process deprivation, known as a "stigma plus" deprivation of "occupational liberty". *Doe v. Purdue Univ.*, 928 F.3d at 662–63. "[T]he publication requirement of the stigma-plus test" involves disclosure of a disciplinary suspension to the plaintiff's "current and prospective employers." *Id*. at 662. Roe has not alleged or come forward with evidence of any such disclosure to current or prospective employers.

Plaintiff Roe also failed to tender evidence showing a lack of notice and an opportunity to be heard on the false-statement violation. On the process element of a stigma-plus claim, Roe has not shown any lack of notice of the False Statement Rule or lack of access to the evidence on which Purdue relied in applying the False Statement Rule to her. Roe has not contended or shown that she lacked sufficient opportunity to prove the truth of her statements that were found

7

to offend the False Statement Rule. Further, the evidence at trial showed that Defendant Sermersheim informed Roe of her right to appeal her false-statement determination and sanction to Defendant Rollock. Roe exercised her right to appeal, and Rollock's response to Plaintiff's first appeal expressly afforded Roe an opportunity to make her showing on the false-statement violation. The testimony established that Rollock reviewed Roe's appeal materials and the underlying evidence. Plaintiff was unable to identify any evidence that she did not in fact provide to Purdue when afforded the opportunity to be heard on the potential finding of a False Statement Rule violation.

As previously brief, the Individual Defendants have qualified immunity to Roe's Section 1983 Due Process claim because there is no clearly established requirement that Purdue provide Plaintiff Roe with any more or different process than she in fact was afforded.

### 3. The evidence at trial establishes that each category of Plaintiff Roe's emotional harm and punitive damage claim fails as a matter of law.

Assuming *arguendo* that the Court does not dismiss Plaintiff Roe's Title IX and Section 1983 claims, as a matter of completeness, Defendants set forth why Plaintiff Roe's emotional harm and punitive damage claims fails as a matter of law.

### a. Plaintiff Roe's purported claim for emotional distress damages on her Title IX claim fails as a matter of law.

Controlling Supreme Court authority bars Plaintiff Roe's claim for emotional distress damages on her Title IX claim. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2002). Pursuant to *Cummings*, emotional distress damages are not recoverable under Title IX. 142 S. Ct. 1562. A recent Northern District of Indiana opinion has established that there is no right to emotional distress damages under Title IX. *Doe v. Purdue Univ.*, No. 2:17-CV-33-JPK, 2022 U.S. Dist. LEXIS 143478, *35-36 (N.D. Ind. Aug. 11, 2022). *See also Doe v. Curators of*

*the Univ. of Mo.*, No. 19-cv-04229-NKL, 2022 U.S. Dist. LEXIS 145137 (W.D. Mo. Aug. 15, 2022), in which the court held that *Cummings*, 142 S. Ct. 1562 (2002) applies to Title IX claims and therefore entered judgment in favor of the defendant-university "insofar as Plaintiffs seek emotional distress damages for claims based on Title IX". *Id.*, *6. For these reasons, a reasonable jury would not have a legally sufficient evidentiary basis to award emotional distress damages to Plaintiff Roe on her Title IX claim.

### b. Plaintiff Roe's purported claim for punitive damages fails as a matter of law.

Plaintiff seeks punitive damages on her Section 1983 claims. Plaintiff Roe has failed to tender evidence at trial that would be sufficient for jury to make an award of punitive damages. Roe failed to submit evidence that Defendant Sermersheim's or Defendant Rollock's "conduct was malicious or in reckless disregard of the Plaintiff's rights." Federal Civil Jury Instructions for the Seventh Circuit, Instruction No. 7.28 requires that the jury determine whether the alleged conduct" is malicious (defined as conduct accompanied by ill will or spite) or is done for the purpose of injuring Plaintiff, or if Defendant simply did not care about Plaintiff's safety or rights. Plaintiff has elicited no evidence – let alone sufficient evidence -- that would equip the jury to make such a finding.

Ordinary negligence or error cannot support an award of punitive damages. *See Reiner v. Dandurand*, 33 F. Supp. 3d 1018, 1033 (N.D. Ind. July 15, 2014) (A "jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).

For these reasons, a reasonable jury would not have a legally sufficient evidentiary basis to award punitive damages to Plaintiff Roe on her Section 1983 claims against the Individual Defendants.

## CONCLUSION

Wherefore, for the foregoing reasons, Purdue and the Individual Defendants respectfully request that their motion for judgment as a matter of law be GRANTED.

Dated: September 21, 2022                                   Respectfully submitted,

/s/ Joseph H. Harrison III
Joseph H. Harrison III (Attorney No. 35248-53)
William P. Kealey (Attorney No. 18973-79)
STUART & BRANIGIN LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN  47902-1010
Telephone:  765-423-1561
Facsimile: 765-742-8175
E-Mail:  jhh@stuartlaw.com
             wpk@stuartlaw.com
***Attorneys for Defendants***

1522515.2