**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| NANCY ROE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:18-CV-89-JEM |
| | ) | |
| PURDUE UNIVERSITY, *et al*., | ) | |
| Defendants. | ) | |

**FINAL JURY INSTRUCTIONS OF THE COURT**
**NUMBERED 1 THROUGH 33**


The following jury instructions numbered 1 through 33, inclusive, were read by the Court

to the Jury at the conclusion of all the evidence and after the closing arguments of parties' counsel

pursuant to Federal Rule of Civil Procedure 51, on September 23, 2022.



Date:   September 23, 2022

  s/ John E. Martin
_____
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

Court's Final Jury Instruction No. 1

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

<u>Court's Final Jury Instruction No. 2</u>

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions, I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Court's Final Jury Instruction No. 3

In this case one of the defendants is a state educational institution. All parties are equal before the law. A state educational institution is entitled to the same fair consideration that you would give any individual person.

Court's Final Jury Instruction No. 4

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

Court's Final Jury Instruction No. 5

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, internet or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

<u>Court's Final Jury Instruction No. 6</u>

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony. You may take your notes with you to the jury room and use them during your deliberations.

Court's Final Jury Instruction No. 7

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Court's Final Jury Instruction No. 8

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Court's Final Jury Instruction No. 9

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Court's Final Jury Instruction No. 10

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

Court's Final Jury Instruction No. 11

You may consider statements given by someone before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

If you decide that, before the trial, a trial witness made a statement or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Court's Final Jury Instruction No. 12

It is proper for a lawyer to meet with any witness in preparation for trial.

<u>Court's Final Jury Instruction No. 13</u>

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

<u>Court's Final Jury Instruction No. 14</u>

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

<u>Court's Final Jury Instruction No. 15</u>

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Court's Final Jury Instruction No. 16

Certain timelines have been shown to you. Those timelines are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Court's Final Jury Instruction No. 17

You must give separate consideration to each claim and each party in this case.

Although there are three defendants, it does not follow that if one is liable, any of the others is also liable.

Court's Final Jury Instruction No. 18

When I say a particular party must prove something by "a preponderance of the evidence" or by "a greater weight of the evidence," or when I use the expression "if you find" or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this.

Court's Final Jury Instruction No. 19

Plaintiff ▮▮▮ claims that she was denied equal access as a female to educational opportunities by Defendant Purdue University's handling of her complaint of assault.

In particular, Plaintiff ▮▮▮ claims that Defendant Purdue University applied its false statement rule against her differently than against male students in its decision to investigate her as part of the investigation of the assault allegations without informing her that she was also under investigation.

If you find that Plaintiff ▮▮▮ has proved by a preponderance of the evidence that Defendant Purdue University treated her differently because of her gender, then you must find that Defendant Purdue University violated Title IX.

Plaintiff ▮▮▮ also claims that Defendant Purdue University retaliated against her for her report that she was sexually assaulted while she was incapacitated. Defendant Purdue University asserts that it disciplined Plaintiff ▮▮▮ because it determined that her complaint of assault was not made in good faith since she was not incapacitated and had consented to the sexual contact. Plaintiff ▮▮▮ asserts that Defendant Purdue University applied a different definition of incapacitation than the official university definition in order to justify disciplining her for making the complaint.

If you find that Plaintiff ▮▮▮ has proved by a preponderance of the evidence that Defendant Purdue University retaliated against her because of a good faith complaint of sexual assault, then you must find that Defendant Purdue University violated Title IX.

Plaintiff ███ also claims that Defendant Purdue University's response to her assault complaint amounted to deliberate indifference to sexual harassment because it reflected an official decision not to take action to end student on student harassment. "Deliberate indifference" means that Defendant Purdue University's response to the alleged harassment or lack of response was clearly unreasonable in light of all the known circumstances.

If you find that Plaintiff ███ has proved by a preponderance of the evidence that Defendant Purdue University treated her claim of assault with deliberate indifference during the investigation, or that Purdue University's method of determining that Plaintiff ███ should be subject to discipline was so unreasonable as to constitute an official decision to not take action to remedy student on student harassment, then you must find that Purdue University violated Title IX.

If you do not find any of these claims by a preponderance of the evidence, you must find in favor of Defendant Purdue University and against Plaintiff ███.

Court's Final Jury Instruction No. 20

　　　　Plaintiff ███ claims that Defendants Sermersheim and Rollock suspended her without adequately notifying Plaintiff ███ that she was under investigation for making a false statement and without giving her the opportunity to be fully heard about the claims against her, and that the suspension deprived her of her liberty and/or property.

　　　　If you find that Plaintiff ███ has proven by the preponderance of the evidence that Defendant Sermersheim and/or Defendant Rollock did not provide adequate notice to Plaintiff ███ of the investigation against her or the opportunity to be fully heard and that the suspension deprived Plaintiff ███ of her liberty and/or property, then you must find that Defendant Sermersheim and/or Defendant Rollock violated Plaintiff ███ due process rights.

Plaintiff ███ may prove this claim against one individual defendant and not the other.

Court's Final Jury Instruction No. 21

Plaintiff ███ claims that Defendants Sermersheim and Rollock disciplined her because of her sex. To determine that Plaintiff ███ was disciplined because she was female, you must decide that Defendant Sermersheim and/or Defendant Rollock would not have disciplined Plaintiff ███ if she were male but everything else had been the same.

If you find that Plaintiff ███ has proven by the preponderance of the evidence that she was disciplined by Defendant Sermersheim and/or Defendant Rollock and that the discipline was because she is female, then you must find that Defendant Sermersheim and/or Defendant Rollock violated Plaintiff ███ right to equal protection under the law.

Plaintiff ███ may prove this claim against one individual defendant and not the other.

Court's Final Jury Instruction No. 22

If you decide in favor of any of the defendants on the question of liability, then you should not consider the question of money damages owed by that defendant.

Court's Final Jury Instruction No. 23

If you find that Plaintiff ███ has proved any of her claims against any of the defendants then you must determine what amount of damages, if any, Plaintiff ███ is entitled to recover as to those claims.

If you find that Plaintiff ███ has failed to prove any of her claims, then you will not consider the question of damages as to those claims.

Court's Final Jury Instruction No. 24

If you find in favor of Plaintiff ▉▉▉ on her claims against Defendant Purdue University, then you must determine the amount of money that will fairly compensate her for any injury that you find she sustained as a direct result of being denied equal access to educational opportunities by Defendant Purdue University's handling of her complaint of assault.

Plaintiff ▉▉▉ must prove the amount of damages she is entitled to from Defendant Purdue University by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

You should consider economic loss suffered by Plaintiff ▉▉▉ due to the discipline and the cost of replacement education.

You are not permitted to award damages against Defendant Purdue University for any emotional harm that Plaintiff ▉▉▉ asserts.

If you find in favor of Plaintiff ▉▉▉ and against Defendant Purdue University but you find her damages have no monetary value, then you must return a verdict for plaintiff in a nominal or small amount.

Court's Final Jury Instruction No. 25

If you find for Plaintiff ███ and against Defendants Sermersheim and/or Rollock, then you must determine the amount of money that will fairly compensate Plaintiff ███ for any injury that you find she sustained or is reasonably certain to sustain in the future as a direct result of Defendant Sermersheim's and/or Rollock's violation of Plaintiff ███ rights. You must make this calculation separately as to each defendant that you found liable to Plaintiff ███.

Plaintiff ███ must prove the amount of damages she is entitled to from Defendant Sermersheim and/or Defendant Rollock by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

- The physical, mental, and emotional pain and suffering and loss of a normal life that Plaintiff ███ has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury she has sustained.

- Economic loss in the form of tuition due to the discipline Plaintiff ███ suffered and the cost of replacement education.

- The wages, salary, profits, and earning capacity that Plaintiff ████ has lost and the present value of the wages, salary, profits, and earning capacity that Plaintiff ████ is reasonably certain to lose in the future.

Court's Final Jury Instruction No. 26

If you find for Plaintiff ████ and against Defendant Sermersheim and/or Defendant Rollock, then you may, but are not required to, assess punitive damages. Punitive damages punish a defendant for her conduct and to serve as an example or warning to a defendant and others not to engage in similar conduct in the future.

Plaintiff ████ must prove by a preponderance of the evidence that punitive damages should be assessed against a defendant. You may assess punitive damages only if you find that that defendant's conduct was malicious or in reckless disregard of Plaintiff ████ rights. Conduct is malicious if it is accompanied by ill will or spite or is done for the purpose of injuring a plaintiff. Conduct is in reckless disregard of Plaintiff ████ rights if, under the circumstances, the defendant simply did not care about Plaintiff ████ rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the defendant's conduct;

- the impact of the defendant's conduct on Plaintiff ████;

- the relationship between Plaintiff ████ and the defendant;

- the likelihood that the defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm Plaintiff ▮▮▮ suffered

Court's Final Jury Instruction No. 27

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdicts, your presiding juror will fill in, date, and sign the appropriate forms.

Court's Final Jury Instruction No. 28

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the court personnel, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical voting is, if any.

It is possible that such a note from you to me cannot be answered according to the rules of law. Therefore, you should attempt to limit such notes to as few as possible or to none at all.

Court's Final Jury Instruction No. 29

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Court's Final Jury Instruction No. 30

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Court's Final Jury Instruction No. 31

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

Court's Final Jury Instruction No. 32

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, Instagram, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdicts.

Court's Final Jury Instruction No. 33

The duty of counsel and the Court has now been performed. The counsel engaged in this case have endeavored to bring before you all appropriate evidence that may aid you in arriving at the truth and the Court has endeavored to advise you correctly as to the law, and now there confronts you the final and important duty of deciding your verdicts.

I submit this case to you with the confidence that you will faithfully and justly discharge the important duty resting upon you, without being moved by any undue demand. After a careful consideration of the law and the evidence in this case, you should return your verdicts accordingly.

As upright citizens, charged with the solemn and responsible duties of assisting this Court in the administration of justice in this state, you will put aside all sympathy and sentiment, all consideration of public approval or disapproval, and look steadfastly and alone to the law and the evidence in this case and return to this Court such verdicts as are warranted thereby.