UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MARY DOE and NANCY ROE, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 4:18-CV-89-JEM |
| ) | |
| PURDUE UNIVERSITY, *et al.*, ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for (i) Judgment as a Matter of Law or, in the alternative, a New Trial on Plaintiff's Title IX Claim and (ii) to Conform the Section 1983 Judgment in Favor of the Individual Defendants to the Model Form of Judgment for a Defense Verdict [DE 156], filed by Defendants on October 21, 2022.

**I.    Procedural Background**

On November 13, 2018, two female students filed an eight count Complaint against Defendants, their former University and several of its administrators, alleging that they were assaulted in unrelated incidents by male students at Purdue University and were then wrongfully expelled, with the expulsions later reduced to suspensions. Plaintiffs separately reported the incidents to Purdue. According to the Complaint, Purdue investigated and found that Plaintiff Mary Doe had "fabricated" her allegation and Plaintiff Nancy Roe had "reported [her] assault maliciously." Plaintiffs allege that Purdue "implemented a policy . . . wherein women who cannot prove their claims to the satisfaction of Purdue decisionmakers face discipline up to expulsion at Purdue," and assert that both Plaintiffs were wrongly suspended.

After a motion to dismiss was granted in part, the remaining counts alleged violations of

1

Title IX, retaliation under Title IX, deprivation of civil rights under § 1983 against the individuals in their official capacity, and individual § 1983 liability. Plaintiff Mary Doe and Defendants resolved the case on August 31, 2022, and the case proceeded to a jury trial as to Plaintiff Nancy Roe only. On September 23, 2022, the five-day jury trial resulted in a verdict in favor of Plaintiff Roe against Defendant Purdue pursuant to Title IX, with a damages award of $10,000, and a verdict in favor of Plaintiff Roe against Defendants Sermersheim and Rollock pursuant to § 1983, with no damages awarded.

On July 12, 2022, the Court entered an order [DE 98] denying Defendants' Renewed Motion to Dismiss Section 1983 Damage Claims (Counts VII and VIII) for Lack of Subject Matter Jurisdiction and on September 21, 2022 [DE 139] denied in part a Motion for Judgment as a Matter of Law brought at the conclusion of Plaintiff's case. On October 21, 2022, Defendants timely filed the instant Motion, seeking relief pursuant to Federal Rules of Civil Procedure 50(b), 59(a)(1)(A), and 60(a). Plaintiff filed her response on November 18, 2022, and Defendants filed their reply on November 30, 2022.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.    Standard of Review**

Federal Rule of Civil Procedure 50(b) provides that a party which brought a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) during a trial may renew its motion after entry of the jury verdict. The court may then: "(1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a

2

matter of law." Fed. R. Civ. P 50(b).

In ruling on a Rule 50(b) motion for judgment as a matter of law, the Court construes the evidence and all reasonable inferences in a light most favorable to the party who prevailed under the verdict, which is Plaintiff in this case. *Tate v. Exec. Mgmt. Servs., Inc.*, 546 F.3d 528, 531-32 (7th Cir. 2008). The verdict should be overturned only if "no rational jury could have found for the Plaintiff." *Id*. at 532 (quoting *Waite v. Bd. of Trs.*, 408 F.3d 339, 343 (7th Cir. 2005)). "[T]he question is not whether the jury believed the right people, but only whether it was presented with a legally sufficient amount of evidence from which it could reasonably drive its verdict." *Massey v. Blue Cross-Blue Shield of Ill.*, 226 F.3d 922, 924 (7th Cir. 2000).

Federal Rule of Civil Procedure 59 provides that a party may file a motion for a new trial or to alter or amend a judgment within 28 days of the entry of judgment. Fed. R. Civ. P. 59(a), (b). Federal Rule of Civil Procedure 59(a) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues-and to any party- . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A new trial may be granted when (1) a verdict is against the weight of the evidence, (2) damages are excessive, or (3) other reasons made the trial unfair to the moving party. *See Pickett v. Sheridan Health Care Ctr.*, 610 F.3d 434, 440 (7th Cir. 2010). In considering a motion for a new trial, the trial court must view the evidence in the light most favorable to the prevailing party, and issues of credibility and weight of the evidence are within the purview of the jury. *See Carter v. Chicago Police Officers,* 165 F.3d 1071, 1079 (7th Cir. 1998).

Whether to grant a Rule 59(a) motion is within the trial court's broad discretion. *See Harvey v. Office of Banks & Real Estate,* 377 F.3d 698, 707 (7th Cir. 2004). The Court of Appeals for the

Seventh Circuit thus reviews a trial court's ruling on a motion for new trial for an abuse of discretion, which occurs only when no reasonable person could agree with the trial court. *See ABM Marking, Inc. v. Zanasi Fratelli, S.R.L.,* 353 F.3d 541, 543 (7th Cir. 2003).

A motion brought pursuant to Federal Rule of Civil Procedure 60(a) is to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

### III. Analysis

#### A. Rule 50(b)

Pursuant to Federal Rule of Civil Procedure 50(b), Defendants renew their Rule 50(a) motion for judgment brought during the trial, which itself asserted the same bases as those raised in their motion to dismiss for lack of jurisdiction brought in April 2022. As the Court has twice held previously, Roe presented sufficient evidence for a reasonable jury to find that Purdue University violated Title IX in its application of its False Statement Rule to her and in its application of the standard of "incapacitation" to Roe's report of sexual assault, and that Roe was denied reasonable notice and an opportunity to be heard on the allegations of her misconduct. *See* [DE 98, 139]. The Court further concluded that a reasonable jury could also find that the individual defendants may have acted maliciously and/or with reckless disregard for Roe's rights.

Defendants have failed to establish that they are entitled to judgment as a matter of law. When reviewing the evidence adduced at trial in a light most favorable to Plaintiff, the Court is unable to conclude that "no rational jury could have found" for her. *Tate v. Exec. Mgmt. Servs., Inc.*, 546 F.3d 528, 532 (7th Cir. 2008) (quoting *Waite v. Bd. of Trs.*, 408 F.3d 339, 343 (7th Cir. 2005)). Because "the question is not whether the jury believed the right people, but only whether

it was presented with a legally sufficient amount of evidence from which it could reasonably derive its verdict," Defendants are not entitled to judgment pursuant to Rule 50(b). *Massey v. Blue Cross-Blue Shield of Ill.*, 226 F.3d 922, 924 (7th Cir. 2000).

B. Rule 59(a)(1)(A)

Defendants also seek relief ruling pursuant to Federal Rule of Civil Procedure 59(a)(1)(A) on the same bases as they sought relief pursuant to Federal Rule of Civil Procedure 50(b). Since they have not established that no reasonable person could agree with the jury verdict, they are not entitled to a new trial or judgment in their favor on those bases under Rule 59(a) either. *See Carter v. Chicago Police Officers,* 165 F.3d at 1079 (holding that the trial court must view the evidence in the light most favorable to the prevailing party, and issues of credibility and weight of the evidence are within the purview of the jury); *see also ABM Marking, Inc.,* 353 at 543.

i. Jury Verdicts

Defendants argue, in the alternative, that the jury's verdicts were inconsistent and irreconcilable and therefore they are entitled to a new trial on the Title IX claim pursuant to Rule 59(a). Plaintiff argues that the verdicts are not inconsistent or irreconcilable.

Defendants argue that the jury's finding that Purdue violated Title IX and awarding Roe $10,000 in damages while finding that the individual Defendants violated Roe's Due Process rights and that their conduct was malicious or in reckless disregard but awarding Roe zero dollars in damages on those claims is inherently irreconcilable and mandates a new trial on the Title IX issue only. Plaintiff argues that the verdicts are not inconsistent, arguing that they instead indicate that the jury concluded that defendant acting wrongly in some fashion but chose not to duplicate damages.

5

The Court has an obligation to read verdicts in a way which will make them reconcilable. *DeLoughery v. City of Chicago*, 422 F.3d 611, 617 (7th Cir. 2005); *Freeman v. Chi. Park Dist.*, 189 F.3d 613, 615 (7th Cir. 1999) ( "[courts] should do what we can to save the verdict from the spectre of inconsistency"); *see also Cont'l Vineyard, LLC v. Vinifera Wine Co., LLC*, 973 F.3d 747, 754 (7th Cir. 2020) ("[I]f the jury's verdict resists all efforts at reconciliation, . . . the grant of a Rule 59 motion for new trial is the only remedy possible.");. In this case, based on the evidence of damages presented, the jury could have believed that their award of $10,000 was reasonably related to Roe's claimed damages, and that the finding that the individual Defendants acted maliciously or with reckless disregard would serve the public purpose of Title IX and cause the Defendants to implement a process designed to prevent student-on-student harassment.

In addition, Defendants failed to object to what they now call the inconsistent verdicts of the jury before the jury disbanded, which would have allowed the jury to be questioned to reconcile any inconsistencies. Such a failure to object constitutes a waiver of a party's right to object that the verdicts are inconsistent and ask the Court to reframe them. *Cont'l Vineyard, LLC*, 973 F.3d at 754 (7th Cir. 2020) ("a party wishing to challenge a jury's general verdict on the ground of inconsistent verdicts must normally make a contemporaneous objection before the jury disbands"). The verdict does not at all resist efforts at reconciliation, and a new trial is not required.

    ii.    Jury Instruction 19

Defendants spend a great deal of time arguing that Instruction 19 confused the jury and so the verdict must be overturned. They assert that the instruction exposed Purdue to a theory of relief that "had no basis at all in the trial evidence."

At the instruction conference, held on the record with all counsel in accordance with Rule

51, Defendants were given the opportunity to raise all of their objections. All of their objections, with the exception of their argument that there should be no instruction at all about deliberate indifference, were accommodated. To the extent that they are now arguing about any portion of Instruction 19 other than the second-to-last paragraph, which was the only one discussed at the conference, those arguments have been waived. *See Chestnut v. Hall*, 284 F.3d 816, 819 (7th Cir. 2002) (holding that failure to challenge a jury instruction in a civil case results in a waiver and precludes appellate review).

At the conference, Defendants did not object to the first three paragraphs of Instruction 19[1], but requested that the instruction include language indicating that, in order for Purdue to be liable to Roe for violating Title IX, Roe's complaint of assault had to have been made in good faith and Purdue had to have acted with retaliatory intent. The pattern jury instructions on retaliation do not contain the words retaliation, *see* Seventh Circuit Manual of Model Civil Jury Instructions § 3.02; nonetheless, the Court modified the as requested by Defendants. The paragraph in question read, as presented to the jury:

"If you find that Plaintiff Roe has proved by a preponderance of the evidence that Defendant Purdue University retaliated against her because of a good faith complaint of sexual assault, then you must find that Defendant Purdue University violated Title IX."

The next two paragraphs read:

> Plaintiff Roe also claims that Defendant Purdue University's response to her assault complaint amounted to deliberate indifference to sexual harassment because it reflected an official decision not to take action to end student on student harassment. "Deliberate indifference" means that Defendant Purdue University's response to the alleged harassment or lack of response was clearly unreasonable in light of all the known circumstances.

---

[1] Final Jury Instruction 19 was numbered 20 in the initial draft discussed with counsel during the jury instruction conference.

> If you find that Plaintiff Roe has proved by a preponderance of the evidence that Defendant Purdue University treated her claim of assault with deliberate indifference during the investigation, or that Purdue University's method of determining that Plaintiff Roe should be subject to discipline was so unreasonable as to constitute an official decision to not take action to remedy student on student harassment, then you must find that Purdue University violated Title IX.

Defendants argued at the conference that there should be no mention of deliberate indifference, and now argue that these paragraphs permitted the jury to find liability on the basis of deliberate indifference even though Plaintiff did not make a claim that Defendants acted with deliberate indifference. Defendants reiterate their contention that since there was no evidence that Roe's purported assailant ever "bothered her again," Purdue could not have acted with deliberate indifference, characterizing "[t]his cause of action [as] solely about whether Purdue protected Ms. Roe from [her assailant]." However, Plaintiff's Title IX claim addressed whether Purdue had a process in place that would remedy student-on-student harassment and asserted that an appropriate process should not include disciplining the person who makes a good faith report. At the trial, Plaintiff presented extensive testimony about her memory of the night in question, including her capacity to consent to sexual contact. There was also extensive evidence of Purdue's investigative process and how "incapacitation" was defined, both in Purdue's official definition and by the decision-makers in practice. A rational jury could have found that there was evidence supporting Plaintiff's theory that Purdue's response to her report of sexual assault (expulsion, later reduced to suspension, for making a false report of incapacitation without a separate disciplinary hearing and using a definition of incapacitation that differed from the official definition) amounted to deliberate indifference in that it could discourage the other students from reporting assaults, thereby not acting to prevent student-on-student harassment.

Since the Court must view the evidence in a light more favorable to the party who prevailed

party at the trial, Defendants have not met their burden of showing that the jury's verdict was unsupported by evidence. *See Carter v. Chicago Police Officers,* 165 F.3d at 1079 (explaining that the trial court must view the evidence in the light most favorable to the prevailing party, and issues of credibility and weight of the evidence are within the purview of the jury).

    C. Rule 60(a)

A motion brought pursuant to Federal Rule of Civil Procedure 60(a) is to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). However, "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." *Id*. Defendants filed a notice of appeal in this matter on October 21, 2022, the same day they filed the instant motion. That appeal remains pending.

Defendants argue that the Court should "conform the Judgment entered on September 23, 2022 [ECF 145] to check the box on the Judgment showing defendants Alysa Rollock and Katherine Sermersheim as prevailing parties, as follows: 'The plaintiff recover nothing, the action be dismissed on the merits, and the defendant [name] recover costs from the Plaintiff Nancy Roe.'" Defs. Mot. p. 1 [DE 156]. Defendants' rationale for this request is that the zero-dollar punitive damages award is tantamount to a verdict for Defendants. Plaintiff argues there is no clerical error and that Defendants are actually seeking a changed verdict.

Rule 60(a) allows "changes that implement the result intended by the court at the time the order was entered." *Wesco Products Co. v. Alloy Automotive Co.*, 880 F.2nd 981, 984 (7th Cir. 1989). It "allows a court to correct records to show what *was* done, rather than change them to reflect what *should have been* done." *Heritage Recycling, LLC v. Energy Creates Energy, LLC*,

No. 1:14-mc-00027-TWP-DKL, 2015 U.S. Dist. LEXIS 57963 at *2 (S.D. Ind. May 4, 2015) (quoting *Blue Cross & Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006)) (emphasis in original).

Defendants are not seeking correction of a clerical error but rather are requesting a wholly different verdict form and verdict. Hence, the request is not a proper request under Rule 60(a). The Court is not inclined to grant the relief sought, and therefore leave of the appellate court need not be sought to deny it.

## IV.     Conclusion

For the foregoing reasons, the Court hereby **DENIES** the Motion for (i) Judgment as a Matter of Law or, in the alternative, a New Trial on Plaintiff's Title IX Claim and (ii) to Conform the Section 1983 Judgment in Favor of the Individual Defendants to the Model Form of Judgment for a Defense Verdict [DE 156].

SO ORDERED this 31st day of March, 2023.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record