UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MARY DOE and NANCY ROE, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 4:18-CV-89-JEM |
| ) | |
| PURDUE UNIVERSITY, *et al.*, ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Petition for Attorneys' Fees and Costs [DE 150] filed by Nancy Roe on October 7, 2022, Defendants' Response to Plaintiff's Petition for Attorneys' Fees and costs and Objection to Bill of Costs [DE 161] filed on October 28, 2022, and Plaintiff's Notice of Objection to Defendant's [sic] Bill of Costs [DE 169] filed on November 3, 2022.

**I.     Procedural Background**

On November 13, 2018, two female students filed an eight count Complaint against Defendants, their former University and several of its administrators, alleging that they were assaulted in unrelated incidents by male students at Purdue University and were then wrongfully expelled, with the expulsions later reduced to suspensions. Plaintiffs separately reported the incidents to Purdue. According to the Complaint, Purdue investigated and found that Plaintiff Mary Doe had "fabricated" her allegation and Plaintiff Nancy Roe had "reported [her] assault maliciously." Plaintiffs allege that Purdue "has implemented a policy . . . wherein women who cannot prove their claims to the satisfaction of Purdue decisionmakers face discipline up to expulsion at Purdue," and assert that both Plaintiffs were wrongly suspended.

1

After a motion to dismiss was granted in part, the remaining counts alleged violations of Title IX, retaliation under Title IX, deprivation of civil rights under § 1983 against the individuals in their official capacity, and individual § 1983 liability. Plaintiff Mary Doe and Defendants resolved the case on August 31, 2022, and the case proceeded to a jury trial as to Plaintiff Nancy Roe only. On September 23, 2022, the five-day jury trial resulted in a verdict in favor of Plaintiff Roe against Defendant Purdue with a damages award of $10,000 and a verdict in favor of Plaintiff Roe against Defendants Sermersheim and Rollock with a damages award of $0.

Plaintiff filed her Petition for Attorneys' Fees and Costs and Bill of Costs on October 7, 2022, Defendants filed their response and objection on October 28, 2022, and Plaintiff filed a reply on November 14, 2022. Defendants Sermersheim and Rollock filed a Bill of Costs on October 20, 2022, Plaintiff filed an objection on November 3, 2022, and Defendants filed a reply on November 10, 2022. The Plaintiff filed her supplemental brief and affidavit pursuant to the Court's request on January 24, 2023, Defendants filed their response on January 31, 2023, and Plaintiff filed a reply on February 14, 2023.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.   Analysis**

A.  Plaintiff Roe's Attorneys' Fees and Costs

Plaintiff Roe filed her Bill of Costs on October 7, 2022, seeking costs of $13,953.46 and an award of attorneys' fees of $201,235.00 as the prevailing party in the suit, pursuant to Federal Rule of Civil Procedure 54(d) and 42 U.S.C. § 1988(b). Defendants argue that Roe is not entitled

to attorneys' fees and costs for a number of reasons, arguing that: the individual defendants prevailed on Roe's Section 1983 claims; Roe's attorneys were paid for their work on behalf of the two plaintiffs and therefore their claim for fees is barred by the release between Plaintiff Doe and Defendants; Roe was not more successful at trial than the Rule 68 Offer of Judgment made by Defendants on August 23, 2022; the number of hours billed is not reasonable; and that certain time and expenses are not recoverable. Roe argues that the amount of the verdict does not determine the amount of fees to be awarded, she prevailed against all three Defendants, the settlement with Plaintiff Doe does not bar Roe's claim for fees incurred prior to that settlement, the offer of judgment and all of Defendants' pretrial settlement offers were less favorable than the judgment, that the Defendants' tactics lead to the necessity to incur the number of hours billed, and that all of the time and expenses (with the exception of one .30 hour time entry) are recoverable. Roe also argues that the public interest in having these types of issues addressed supports awarding plaintiffs their attorneys' fees in these types of cases.

    i.    Fees

        a.  Prevailing party

Defendants argue that Roe is the prevailing party on only one aspect of her Title IX claims, and because she did not obtain a monetary judgment against the individual Defendants, she is not a prevailing party on the § 1983 claim. Roe argues that she is a prevailing party on both the Title IX and § 1983 claims, as the lack of a monetary judgment is not dispositive of whether she prevailed. For the reasons set forth in this Court's Order issued contemporaneously addressing Defendants' Motion for Judgment as a Matter of Law [DE 188], this Court finds that Roe is the prevailing party for purposes of an attorneys' fees award under both 28 U.S.C. § 1920 and 42

U.S.C. § 1988. An award of attorneys' fees and costs is therefore appropriate in favor of Plaintiff Roe.

    b. Release entered into as part of Doe's settlement

Defendants argue that the fact that Doe settled with Defendants and was represented by the same attorneys as Roe, her settlement releases Roe's attorneys' fees claims for any fees and costs incurred prior to the settlement date. Defendants further argue that if the release does not extend to all fees incurred prior to August 31, 2022, it should apply equitably to discharge one-half of those fees. At the Court's request, Roe provided a Supplemental Declaration in Support of Fees that broke down the time incurred by each of the two plaintiffs, Roe asserts that time incurred on only Doe's claims was not included in the request for fees and that after the settlement between Doe and Defendants, 221.25 hours were spent solely on her case. There were 201.7 hours of time incurred in the representation of both Doe and Roe. Roe argues that none of the fees sought related solely to Doe and that the fees which were expended for joint work were necessary to preserve Roe's claims. Defendants argue that the case was not a joint case, the joint fees fail the paying-client test, and that Doe's release and settlement should be deemed to have released all joint fees to that date under the theory that the fees were expended jointly.

Defendants argue that the best evidence of whether attorneys' fees are reasonable is whether a party has paid them, and since Roe did not pay the fees for the joint work, they are not reasonable. However, neither of the individual plaintiffs would have paid for the joint time because, as in all contingency cases, neither of these Plaintiffs were fee paying clients. Defendants offer no support for their theory as to how the paying-client test they assert applies to non-fee-paying client cases, and the Court therefore declines to apply that test to this petition for fees.

4

Defendants argue that the fees for the joint time prior to August 31, 2022, was released as part of the Doe settlement, asserting that this settlement included Doe's § 1988 lodestar attorneys' fees claims as well as all other claims she had raised. Roe argues that Doe did not owe an hourly fee, and the Doe-only hours exceeded the lodestar figure for the portion of Doe's settlement attributable to fees. Neither party offers any legal authority for their arguments about the fees incurred by both Plaintiffs prior to the date of Doe's settlement. The settlement agreement between Defendants and Doe states: "University to pay to Macey Swanson LLP, as [] counsel, Ten Thousand dollars ($10,000.00) in *full satisfaction of [] claims for any legal costs and attorney's fees*, in the form a check payable to Macey Swanson LLP." Def. Resp. Ex 2, p. 2 [DE 161-2], emphasis added. Roe takes the position that all joint time billed prior to settlement is payable solely by one plaintiff, Roe; Defendants argue that that means that it was also payable solely by Plaintiff Doe. Indeed, Plaintiff cannot have it both ways: if the joint time is payable solely by Roe, it was also payable solely by Doe. This means that the release of Doe of all claims, including her § 1988 fees, and attendant payment to counsel, acts as a release of the joint fees.[1]

Because none of the time expended after August 31, 2022, was attributable to either Plaintiff Doe or joint work, none of those fees will be considered for reduction on this basis.

    c. Rule 68 Offer of Judgment

Defendants next argue that their August 23, 2022, offer of judgment made pursuant to Federal Rule of Civil Procedure 68 acts as a bar to shifting Plaintiff's attorneys' fees to Defendants.

---

1 The Court recognizes that this may not have been the intent of Plaintiffs' counsel; however, counsel was involved in the drafting and or negotiation of the Settlement Agreement and Release of All Claims executed by the parties and did not carve out joint fees.

Plaintiff argues that the offer of judgment was not more favorable than her recovery and does not bar her claim for fees. Rule 68 provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer allow judgment on specified terms, with the costs then accrued. . . . If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68(a), (d). An offering party "bears the risk of any silence or ambiguity, especially related to attorneys fees." *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 675, 682-83 (7th Cir. 2022)(citing *Sanchez v. Prudential Pizza, Inc.,* 709 F.3d 689 (7th Cir. 2013)). The August 23, 2022 offer of judgment made by Defendants to Plaintiff stated:

> Defendants…hereby offer to allow judgment to be taken against them by Plaintiff Nancy Roe in the aggregate amount of Ten Thousand Dollars ($10,000.00) plus One Thousand Dollars ($1,000.00) in costs, inclusive of any attorney's fees recoverable pursuant to 42 U.S.C. 1988(b), as one total sum as to all claims set forth in Plaintiff Nancy Roe's Complaint.

Def. Resp. Ex. 3 p. 1 [DE 161-3]. Defendants now argue that their "Rule 68 Offer of Judgment was more favorable to Roe because it would have resulted in payment to her in the same amount as the jury's subsequent award, without the burden and expense of trial." Def. Resp., p. 8 [DE 161]. Plaintiff argues that this argument does not take into account Plaintiff's pre-offer fees and costs, to which she is entitled pursuant to either 28 U.S.C. § 1920 or 42 U.S.C. § 1988. Indeed, Plaintiff had incurred significant fees and costs prior to the date of the Rule 68 Offer of Judgment, a fact of which Defendants were aware.

A plaintiff in a § 1983 action is entitled to recover attorney's fees as part of her costs if she prevails. As the Seventh Circuit Court of Appeals has held, "[P]re-offer attorney's fees must be added to the judgment award for the purposes of determining whether the result obtained by a

6

plaintiff is more favorable than the offer of judgment [s]he rejected." *Grosvenor v. Brienen*, 801 F.2d 944, 947-948 (7th Cir. 1986) ("A rule excluding pre-offer costs from the Rule 68 calculus, like a rule that limits attorney's fees to a proportion of the damage award, compels a civil rights litigant to rely on private-sector fee arrangements for the economic wherewithal to press his claim. Yet, this compulsion is antithetical to the Congressional policy underlying § 1988.") Defendants' Rule 68 Offer of Judgment was not equal to or more than favorable than, the ultimate award to Plaintiff, and will not act as a bar to her recovering post-offer fees as part of her costs.

    d. Reasonableness of Fees

Defendants next argue that Plaintiff's fees are unreasonable because there is no justification for 513.9 attorney hours for a $10,000 recovery

The analysis to be conducted in assessing attorneys' fees under § 1988 is commonly referred to as a lodestar analysis and is the number of hours reasonably expended multiplied by the reasonably hourly rate of the attorney performing the services. *Johnson v. GDF, Inc.*, 668 F.2d 927,929 (7th Cir.2012). The resulting number is considered the lodestar. There is a "strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Pickett v. Sheridan Health Care Ctr.*, 655 F.3d 632, 639 (7th Cir. 2011). The parties agree that this is the appropriate starting point for the Court's determination of appropriate attorneys' fees.

Defendants posit that the Court should begin with the lodestar analysis and then factor in three factors which would reduce the fees arrived at by the lodestar analysis, namely: the degree of success, Roe's refusal to settle for the amount she requested at trial, and the proportionality of the fees to the damage award. Plaintiff argues that the amount of time incurred by Plaintiff was

7

dictated, in large part, by Defendants' motion practice and that Defendants' pretrial settlement offers did not offer Plaintiff the full relief she obtained at trial.

Defendants argue that Roe received a jury award equal to 6% of the damages she originally set forth, so the lodestar amount should be reduced by eliminating all fees after July 17, 2020, and reducing all fees prior to July 17, 2020 should be reduced by 50%. Roe argues that much of what she wanted was an opportunity to be heard, and that relief, as well as the public policies served by civil rights actions, mean that she was successful. the Seventh Circuit Court of Appeals recognizes a judgment of liability has value. *Capps v. Drake*, 894 F.3d 802, 806 (7th Cir. 2018). In support of their position, Defendants cite a number of cases in which fee reductions of 35% to 50% were approved by the courts. However, in each of the cases cited by Defendants, the jury awarded the plaintiff much less than the plaintiff asked the jury for. *Swanigan v. Trotter*, No. 07-c-4749, 2012 U.S. Dist. LEXIS 132603, *29 (N.D. Ill. March 12, 2012)("the $60,000.00 that the jury awarded was far less than the $467,600.00 in compensatory and punitive damages that plaintiff sought from the jury."); *Ragland v. Ortiz*, No. 08-c-6157, 2012 U.S. Dist. LEXIS 86610, *58 (N.D. Ill. February 17, 2012)(reducing lodestar amount because "During closing argument, plaintiff asked the jury to award him $120,000.00, but received a verdict totaling $52,500.00."); *J&J Sports Prods. Rafiq*, 1:17-cv-07347, 2019 U.S. Dist. LEXIS 233810,*7 (N.D. Ill. September 39, 2019)(a 50% reduction in lodestar was appropriate because of the disparity between what plaintiff sought and what plaintiff recovered.).

In this case, there is not a significant disparity between what the Roe requested and what the jury did award her. The fact that the settlement request was not more than Roe's request at trial also does not mean her fees should be reduced. Roe testified that she wanted to be heard, but

8

settlement would preclude that opportunity. Her refusal to settle indicates that she placed value on a judgment of liability that must be recognized. As with the plaintiff in *Carr*, Roe did not ask the jury for a significant monetary award, demonstrating that a large damage award was not Roe's primary focus. *Carr v. Drake*, 894 at 806. The Court cannot say that Roe was not successful in obtaining her desired result and will not reduce her award for lack of success

Roe argues that the amount of the fee now requested was due, in large part, to Defendants' litigation choices. Roe identifies Defendants' two motions to sever, a motion for summary judgment, a motion to bifurcate, a motion to dismiss, three *motions in limine*, and a motion for judgment as a matter of law during trial as examples of Defendants' strategic decisions which necessitated her incurring substantial numbers of attorney hours. Indeed, after reviewing the time records submitted by Plaintiff, it appears that those motions resulted in approximately 110 hours of attorney time. The Court notes that this is slightly over 1/2 of the total joint time billed on this file prior to the time when Doe settled (201.7 hours). The Court also notes that there were numerous depositions and conference calls among counsel, as well as extensive discovery exchanged, and five full days of trial.

Defendant argues that the time billed is not proportionate to the award received. The Court does not find that the amount of time spent, in and of itself, was unreasonable. However.although there is not a hard and fast rule as to what multiple of a recovery attorneys' fees should be, proportionality is always a factor to be considered. *Moriarity v. Svec*, 233 F.3d 955, 967-68 (7th Cir. 2000).

Plaintiff argues that, as is common in § 1983 actions, the public policies behind the action weigh in favor of what might otherwise seem to be disproportionate fees. One of the reasons

Congress enacted the fee shifting provisions of § 1988 was so that civil rights plaintiffs would be better able to retain counsel. H.R. Rep. 1558 at 1-3; S. Rep. 1011, 94th Cong., 2d Sess. p.2 (1976); *Gekas v. Attorney Registration & Disciplinary Comm'n*, 793 F.2d 846, 853 (7th Cir. 1986). Fee awards under § 1988 need not necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers; instead, proportionality is one of many factors to be considered. *Riverside v. Rivera*, 477 U.S. 561, 574 (1986). The public policies advanced have value in and of themselves. *Gekas*, 793 F.2d at 853.

As discussed above, Roe sought relief that could not be obtained by accepting the pre-trial settlement offers, and Defendants' strategic decisions caused an extensive expenditure of funds. Accordingly. the strict percentage reduction requested by Defendants would not be consistent with this Court's obligation to exercise "increased reflection before awarding attorney's fees that are large multiples of the damages recovered." *Moriarity ex rel. Local Union No. 727 v. Svec*, 429 F.3d 710, 717 (7th Cir. 2005). Instead, taking into account the parties' arguments, the public policies at stake, and the factors to be used in reducing fee awards calculated by the lodestar analysis, this Court has carefully reviewed all of the fee information submitted. The attorney's fees incurred prior to August 31, 2022, for the joint claims were released by the settlement with Doe. With the removal of those fees, the Roe only fees, and all fees after September 1, 2022, in the amount of $124,860 are proportionate to Roe's recovery, taking into account both the money she was awarded and that she obtained the liability finding she valued.

e. Individual Attorney Rates

Defendants also argue that the hourly rate of Attorney Barry Macey was excessive, as he performed largely second chair duties at trial and should not have billed $500 per hour for those

10

services. Roe argues that Attorney Macey performed more than second chair services, and as an attorney with many years of experience, his hourly rate was appropriate. Defendants do not seem to be arguing that Attorney Macey's hourly rate is excessive in general, only that it is excessive for "second chair services." Defendants also argue that Macey did not file his appearance until July, 2022, but the Court notes that he was performing work on the matter throughout the time Roe was represented by the firm with which Macey is affiliated, and the timing of his appearance is not dispositive of the capacity of his involvement in the case. The Court does not conclude that Roe overstaffed the matter, or that having two attorneys for each side was improper. Defendants do not identify any particular entries for which Barry Macey's time are duplicative, but rather seem to object to all of his time during trial. Because the Court finds that having a second chair at this trial was not unreasonable, and Defendants have not identified any particular work performed by Barry Macey that was unnecessary, the Court will not discount any of his fees.

      f.   Appropriateness of fees for clerical tasks

Defendants object to certain fees charged for clerical tasks and identify a .30 time entry for booking a flight for the Roe. Roe concedes that this charge is not recoverable. The sum of $105 will therefore be excluded. Defendants do not specifically identify other charges to which they object, and no other fee entries will be excluded on this basis.

    ii.    Costs

Roe seeks $13,953.46 in costs from Defendants. Defendants argue that none of the costs are recoverable. Federal Rule of Civil Procedure 54(d) generally creates a presumption in favor of awarding costs to the prevailing party. *Myrick v. Wellpoint, Inc.*, 764 F.3d 662, 666 (7th Cir. 2014). It provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs–

other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Local Rule 54-1 further provides:

> **(a)** **Process.** To recover costs, a party must file and serve a completed AO Form 133 (available from the clerk or the court's website) within 14 days after final judgment is entered.

N.D. Ind. L.R. 54-1. Rule The presumption of recovery can be overcome in two scenarios: when there is misconduct by the party seeking costs or when the court exercises discretion to deny or reduce costs if the losing party is indigent. *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). In deciding whether to award costs, the Court first determines whether costs are recoverable and then whether those costs are reasonable and necessary. *Deimer v. Cincinnati Sub-Zero Prods, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

Defendants cite to 28 U.S.C. § 1920 in support of their assertion that attorney travel, court reporter, and expert witness fees are not recoverable as costs. Roe argues that although those expenses may not be recoverable costs under § 1920, they are recoverable under fee shifting provisions like those at issue in this case. What expenses are recoverable as a portion of an attorneys' fee award under fee shifting provisions like 42 U.S.C. § 1988 is a decision within the discretion of the trial court. *Se-Kure Controls, Inc. v. Vanguard Prods. Grp.*, 873 F. Supp. 2d 939 (N.D. Ill. 2012). This is true even when those categories of expenses may not be recoverable under 28 U.S.C. § 1920 as costs. *Burns v. Orthotek, Inc.*, No. 3:08-CV-190-PS, 2010 U.S. Dist. LEXIS 72087 (N.D. Ind. July 15, 2010). The test for whether expenses are recoverable under a fee shifting analysis is whether the costs are a "reasonable out-of-pocket expense that would normally be charged to a fee paying client." *Quad Cities Waterkeeper, Inc. v. Ballegeer*, No. 4:12-cv-4075-SLD-JEH, 2018 U.S. Dist. LEXIS 234309 (C.D. Ill. Jan. 17, 2018). In general, out of pocket

expenses like witness fees, travel expenses for counsel to attend litigation related activities are chargeable to clients. *Se-Kure Controls, Inc.*, 873 F. Supp. 2d at 950-51. Therefore, expert witness fees, attorneys' travel expenses, deposition and court reporter fees are recoverable under 42 U.S.C. § 1988 and will be awarded.

Defendants also include photocopying within the list of expenses that are not recoverable under 28 U.S.C. § 1920, arguing that those items are considered part of the overhead included in an attorney's hourly rate. Roe identifies printing costs of $111.79 and copying/exemplification expenses of $100. Printing costs are specifically recoverable under 28 U.S.C. § 1920. The printing expenses of $111.79 are recoverable as costs pursuant to 28 U.S.C. § 1920 and the copying expenses of $100 are recoverable under 42 U.S.C. § 1988.

However, Roe has not cited authority for her position that a party's expenses to attend her own deposition, settlement or mediation conferences, or trial are recoverable as attorneys' fees or costs. Therefore, those expenses, totaling $3,142.53 are not recoverable as costs under 28 U.S.C. § 1920 or as attorneys' fees under 42 U.S.C. § 1988.

B. <u>Defendants Sermersheim's and Rollock's Costs</u>

Defendants Sermersheim and Rollock also filed a bill of costs pursuant to Federal Rule of Civil Procedure 54(d) [DE 154]. Defendants argue that they are the prevailing parties on Roe's Section 1983 claims because there was no damages award entered against them. The parties argue extensively about whether there can be more than one prevailing party, but the issue of how many parties can prevail in a multi-claim matter is irrelevant as to who the prevailing party was in this instance:

The jury entered a verdict in favor of Roe and against Defendants Sermersheim and Rollock. Despite their argument that they are the prevailing parties because they jury awarded Roe no damages against them, were not successful in their Motion for Judgment as a Matter of Law [DE 188] and are not successful now. Because Defendants Sermersheim and Rollock are not prevailing parties in this litigation, they are not entitled to an award of their costs.

### III. Conclusion

For the foregoing reasons, the Court hereby **SUSTAINS** Plaintiff's Notice of Objection to Defendant's [sic] Bill of Costs [DE 169]. The Court **SUSTAINS in part and OVERRULES in part** Defendants' Response to Plaintiff's Petition for Attorneys' Fees and costs and Objection to Bill of Costs [DE 161] and DIRECTS the Clerk of the Court to tax costs pursuant to 28 U.S.C. § in the amount of $10,710.93 against Defendants Purdue University, Katherine Sermersheim, and Alysa Rollock. The Court **GRANTS in part** Plaintiff's Petition for Attorneys' Fees and Costs [DE 150] and **AWARDS** attorneys' fees in the sum of $124,860 (inclusive of $100 in photocopying expenses and exclusive of other costs awarded pursuant to 28 U.S.C. § 1920). The Court **DIRECTS** the Clerk of the Court to enter judgment against Defendants Purdue University, Katherine Sermersheim and Alysa Rollock in the sum of $124,860 for attorneys' fees.

SO ORDERED this 31st day of March, 2023.

        s/ John E. Martin
        MAGISTRATE JUDGE JOHN E. MARTIN
        UNITED STATES DISTRICT COURT

cc:   All counsel of record