UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MARY DOE and NANCY ROE,   )  <br>    Plaintiffs,   )  <br>   )  <br> v.   )  <br>   )  <br> PURDUE UNIVERSITY, *et al.*,   )  <br>    Defendants.   )  | CAUSE NO.: 4:18-CV-89-JEM |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Injunctive Relief [DE 158] filed October 21, 2022.

**I.    Procedural Background**

On November 13, 2018, two female students filed an eight count Complaint against Defendants, their former University and several of its administrators, alleging that they were assaulted in unrelated incidents by male students at Purdue University and were then wrongfully expelled, with the expulsions later reduced to suspensions. Plaintiffs separately reported the incidents to Purdue. According to the Complaint, Purdue investigated and found that Plaintiff Mary Doe had "fabricated" her allegation and Plaintiff Nancy Roe had "reported [her] assault maliciously." Plaintiffs allege that Purdue "has implemented a policy . . . wherein women who cannot prove their claims to the satisfaction of Purdue decisionmakers face discipline up to expulsion at Purdue," and assert that both Plaintiffs were wrongly suspended.

After a motion to dismiss was granted in part, the remaining counts alleged violations of Title IX, retaliation under Title IX, deprivation of civil rights under § 1983 against the individuals in their official capacity, and individual § 1983 liability. Plaintiff Mary Doe and Defendants

resolved the case on August 31, 2022, and the case proceeded to a jury trial as to Plaintiff Nancy Roe only. On September 23, 2022, the five-day jury trial resulted in a verdict in favor of Plaintiff against Defendant Purdue with a damages award of $10,000, and a verdict in favor of Plaintiff against Defendants Sermersheim and Rollock with a damages award of $0.

Plaintiff filed her Motion for Injunctive Relief on October 21, 2022. Defendants filed their response on November 4, 2022, and Plaintiff filed her reply on November 14, 2022.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.     Analysis

Plaintiff argues that in light of the jury's verdict finding Defendants liable, she is entitled to injunctive relief in the form of having the courses and withdrawals from the semester she was suspended removed from her transcript and academic record and to have a notation added to her transcript and academic record indicating that Purdue's suspension of her was unlawful. Defendants argue that both items of requested relief are beyond the scope of the Court's final pretrial order, and hence "outside of this case," that Plaintiff is seeking to require Purdue to falsify a historical record, and that her "request for a post-trial mandatory speech injunction is directed to the court of public opinion and is therefore barred by the First Amendment."

To the extent that Roe is seeking to require Purdue to alter her transcripts by removing the record of her enrollment for the semester at issue, Defendants argue that they are not able to alter "historical records." Neither party includes authority or argument regarding whether or not alteration of the records is possible or proper. To the extent that Roe is requesting that references

2

USDC IN/ND case 4:18-cv-00089-JEM   document 192   filed 03/31/23   page 3 of 3

to a suspension should be removed, the dictates of equity would suggest that Purdue should remove all references to the suspension from Roe's transcript. Additionally, this is something Purdue is seemingly able to do, as they offered to do so in a settlement offer made to Roe. Def. Resp. to Pl. Pet. For Fees, Exhibit 4 [DE 163-1]. However, regardless of whether that remedy is available, the remedy of requiring Purdue to attach a copy of the jury verdict to Roe's transcript does not alter a historical record and should also be within Purdue's ability.

### III.     Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion for Injunctive Relief [DE 158] and **ORDERS** Purdue to remove references to any disciplinary actions to the extent it is able to do so, and also to attach a copy of the jury verdict to Roe's transcript every time the transcript is provided to any third party.

SO ORDERED this 31st day of March, 2023.

> s/ John E. Martin
> MAGISTRATE JUDGE JOHN E. MARTIN
> UNITED STATES DISTRICT COURT

cc:     All counsel of record