UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MARY DOE and NANCY ROE, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 4:18-CV-89-JEM |
| ) | |
| PURDUE UNIVERSITY, *et al.*, ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Supplemental Petition for Attorneys' Fees and Costs [DE 194] filed by Nancy Roe on April 14, 2023. Defendants filed their response on April 28, 2023, and Plaintiff filed her reply on May 5, 2023.

**I.    Background**

On November 13, 2018, two female students filed an eight count Complaint against Defendants, their former University and several of its administrators, alleging that they were assaulted in unrelated incidents by male students at Purdue University and were then wrongfully expelled, with the expulsions later reduced to suspensions. Plaintiffs separately reported the incidents to Purdue. According to the Complaint, Purdue investigated and found that Plaintiff Mary Doe had "fabricated" her allegation and Plaintiff Nancy Roe had "reported [her] assault maliciously." Plaintiffs allege that Purdue "has implemented a policy . . . wherein women who cannot prove their claims to the satisfaction of Purdue decisionmakers face discipline up to expulsion at Purdue," and assert that both Plaintiffs were wrongly suspended.

After a motion to dismiss was granted in part, the remaining counts alleged violations of Title IX, retaliation under Title IX, deprivation of civil rights under § 1983 against the individuals

1

in their official capacity, and individual § 1983 liability. Plaintiff Mary Doe and Defendants resolved the case on August 31, 2022, and the case proceeded to a jury trial as to Plaintiff Nancy Roe only. On September 23, 2022, the five-day jury trial resulted in a verdict in favor of Plaintiff Roe against Defendant Purdue with a damages award of $10,000 and a verdict in favor of Plaintiff Roe against Defendants Sermersheim and Rollock with a damages award of $0.

Roe filed her Petition for Attorneys' Fees and Costs and Bill of Costs, which, after significant briefing, was granted in part on March 31, 2023. Roe filed the instant Supplemental Petition for Attorneys' Fees and Costs seeking recovery of her post-trial fees and costs on April 14, 2023. Defendants filed their response on April 28, 2023, and Roe filed her reply on May 5, 2023.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.     Analysis**

Roe's Supplemental Petition for Attorneys' Fees seeks an award of attorneys' fees of $32,845.00 as post-trial fees as the prevailing party, pursuant to Federal Rule of Civil Procedure 54(d) and 42 U.S.C. § 1988(b). Defendants argue that Roe is not entitled to attorneys' fees and costs because certain items are for appellate work, that Roe did not prevail on all of her post-trial motions and that this petition is premature because the rulings at issue are on appeal. Roe argues that the contested time entries relate to non-appeal work as well, fees are recoverable for partial success, and there is no support for Defendants' argument that the instant Petition is premature.

A.	Premature

Defendants argue that Roe's request for fees is premature. Roe argues that pursuant to Rule 54(d), her petition for fees had to be filed when she filed it, and therefore it cannot be premature. With the exception of citing Rule 54(d), neither party cites any legal authority or fully develops the argument relative to prematurity. Accordingly, the Court need not consider the argument.

B.	Prevailing party

Defendants argue that Roe is not entitled to fees for post-trial work because she did not get the injunctive relief she sought and therefore cannot be considered a prevailing party. Roe argues that she received injunctive relief that, although different than what she sought, accomplishes her goal of requiring that Purdue disclose the wrongfulness of their suspension of her.

In her post-trial motion, Roe requested injunctive relief in the form of certain additions to, and deletions from, her Purdue transcript. Defendants argued that the requested relief was not possible. The Court crafted an alternative injunctive remedy: requiring Purdue to remove any references that it could remove and attach a copy of the jury verdict in this case (a public record) to Roe's transcript. This relief accomplished Roe's goal of having any transcript issues explained, and having her position vindicated when Purdue provided the transcript.

Defendants assert that Roe also failed to obtain an injunction prohibiting Defendants from speaking about the case.  However, although Roe complained about Purdue's statements about the case, she did not request that they be prohibited from speaking about it; she only requested that they take certain action with respect to her transcripts and, a modified form of that relief was granted.  The Court cannot say that Roe was not successful in obtaining her desired result, and any lack of success was due to Defendants claiming they were unable to accomplish the relief she

3

requested. The Court will not reduce her award for lack of success. *Capps v. Drake*, 894 F.3d 802, 806 (7th Cir. 2018).

Defendants also argue that Roe was not a prevailing party with respect to her request for attorney fees that were waived by Doe's settlement with Defendants, calling the request a "knowing breach of a written contract." Roe argues that the request for fees was made in good faith because the time was necessary to advance both cases. Although Roe was not entitled to fees incurred as part of joint representation because of the settlement agreement, the request for fees was not a knowing violation of the settlement agreement and the Court's decision not to award her that portion of her request does not mean she was not a prevailing party on her previous motion for fees.

C. <u>Appropriateness of fees for work related to appeal</u>

Defendants also specifically object to certain fees charged for work related to the appeal currently pending before the Seventh Circuit Court of Appeals. Plaintiff argues that the request is appropriate because "there was a serious question about how the Defendants' position in the Seventh Circuit affected their anticipated motion for relief notwithstanding the verdict in the trial court." P's Rep. p. 2 [DE 200]. The three identified time entries total 1.3 hours: .5 hours by BAM at $500 per hour, and .8 hours by JAM at $350 per hour. Since the time entries seem to relate more to the pending appeal than to the post-trial motions and would have to have been incurred regardless of whether post-trial motions were pending, $530 will excluded.

The Court has carefully reviewed all of the fee information submitted and, taking into account the extensive nature of the post-trial motions and the relief Roe was awarded on the post-trial motions finds that an award of fees in the amount of $32,315, reflecting the $32,845 Roe

requested less the $530 for time spent on work related to the appeal, as reflected above, is appropriate.

**III.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS in part** Plaintiff's Supplemental Petition for Attorneys' Fees and Costs [DE 194] and **AWARDS** attorneys' fees in the sum of $32,315. The Court **DIRECTS** the Clerk of the Court to enter judgment against Defendants Purdue University, Katherine Sermersheim and Alysa Rollock in the sum of $32,315 for attorneys' fees.

SO ORDERED this 17th day of May, 2023.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:     All counsel of record