UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| NANCY ROE, )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>PURDUE UNIVERSITY, *et al.*, )<br>   Defendants. ) | CAUSE NO.: 4:18-CV-89-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Joint Motion for Indicative Ruling on Vacatur Pending Settlement [DE 218], filed on November 4, 2023.

**I. Procedural Background**

On November 13, 2018, two female students filed an eight count Complaint against Defendants, their former University and several of its administrators, alleging that they were assaulted in unrelated incidents by male students at Purdue University and were then wrongfully expelled, with the expulsions later reduced to suspensions. Plaintiffs separately reported the incidents to Purdue. According to the Complaint, Purdue investigated and found that Plaintiff Mary Doe had "fabricated" her allegation and Plaintiff Nancy Roe had "reported [her] assault maliciously." Plaintiffs allege that Purdue "implemented a policy . . . wherein women who cannot prove their claims to the satisfaction of Purdue decisionmakers face discipline up to expulsion at Purdue," and assert that both Plaintiffs were wrongly suspended.

After a motion to dismiss was granted in part, the remaining counts alleged violations of Title IX, retaliation under Title IX, deprivation of civil rights under § 1983 against the individuals in their official capacity, and individual § 1983 liability. Plaintiff Mary Doe and Defendants

1

resolved the case on August 31, 2022, and the case proceeded to a jury trial as to Plaintiff Nancy Roe only. On September 23, 2022, the five-day jury trial resulted in a verdict in favor of Plaintiff Roe against Defendant Purdue pursuant to Title IX, with a damages award of $10,000, and a verdict in favor of Plaintiff Roe against Defendants Sermersheim and Rollock pursuant to § 1983, with no damages awarded.

On July 12, 2022, the Court entered an order denying Defendants' Renewed Motion to Dismiss Section 1983 Damage Claims (Counts VII and VIII) for Lack of Subject Matter Jurisdiction and on September 21, 2022, denied in part a Motion for Judgment as a Matter of Law brought at the conclusion of Plaintiff's case. Defendants timely filed a motion seeking relief pursuant to Federal Rules of Civil Procedure 50(b), 59(a)(1)(A), and 60(a), which this Court denied on March 31, 2023. The Court also granted in part Plaintiff's Petition for Attorneys' Fees and Costs, awarding attorneys' fees totaling $124,860 and taxing costs totaling $10,710.93 [DE 189, 190], and entered judgment against Defendants on the attorney fee award [DE 191] and ordered an injunction against Purdue [DE 192]. On May 18, 2023, this Court granted Plaintiff's Supplemental Motion for Attorney Fees [DE 201] and entered an additional judgment against Defendants for $32,215 [DE 202].

Defendants appealed each of these orders, and those appeals remain pending before the Seventh Circuit Court of Appeals. In the instant Motion, the parties represent that they have reached a conditional settlement of all disputes between them and seek vacatur of this Court's judgments of September, 2022, March, 2023, and May, 2023.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.

Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.        Standard of Review**

Federal Rule of Civil Procedure 60(b) grants district courts the authority to "relieve a party . . . from a final judgment" for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b), and in particular its "catch-all" clause 60(b)(6), "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949).[1] In exercising its discretion to determine whether or not to vacate the judgments in this case, the Court is guided by the array of equitable factors of justice and hardship traditionally balanced by district courts in considering requests for Rule 60(b) relief and presented in this case, including the public interests in precedent, preclusion, and judicial economy and the circumstances, hardships, and interests of the private parties. *Mayes v. City of Hammond*, 631 F. Supp. 2d 1082, 1088 (N.D. Ind. 2008).

**III.       Analysis**

The parties seek relief pursuant to Federal Rule of Civil Procedure 60(b)(6) and 62.1(a)(3) and argue that the Court should "appl[y] a balance of the equities test" to determine whether to

---

1 Numerous district courts within the Seventh Circuit have recognized and exercised this discretion to vacate judgments, as the parties seek here, in light of or as conditions precedent to settlement. *See*, *e.g.*, *Sumitomo v. Watkins Motor Line*, No. 03 C 2741, 2005 WL 1491555 (N.D. Ill. June 14, 2005) (vacating prior judgment pursuant to joint motion and settlement agreement); *Aptargroup, Inc. v. Owens-Illinois, Inc.*, No. 02-C-5058, 2003 WL 22303077 (N.D. Ill. Sept. 19, 2003) (vacating memorandum and order construing patent claim pursuant to joint motion and settlement agreement); *Budget Rent A Car Corp. v. G & M Truck Rental*, No. 03 C 2434, 2003 WL 23109766 (N. D. Ill. Dec. 22, 2003) (withdrawing memorandum opinion and order and dismissing action pursuant to joint motion and settlement); *Nichols Motorcycle Supply Inc. v. Dunlop Tire Corp.*, 913 F. Supp. 1088, 1147 (N.D. Ill. 1995), vacated pursuant to settlement ("Pursuant to the parties' Settlement Agreement and the Stipulation of the parties, [portions of opinions granting plaintiff's motion for partial summary judgment] are vacated pending dismissal of this action in its entirety by further agreement of the parties and therefore without the need of the Court to address reconsideration on the merits."); *Schulze v. Illinois State Police*, 764 F. Supp. 495 (N.D. Ill. 1990) (granting joint motion to vacate court's opinion that denied motions to dismiss ADEA and Illinois Human Rights Act claims).

grant vacatur in furtherance of a settlement agreement, *Smith v. Saul*, No. 1:19-CR371-HAB, 2021 U.S. Dist. LEXIS 14654, at *8-9 (N.D. Ind. Jan. 22, 2021),considering "the public interests in precedent, preclusion, and judicial economy" as well as "the circumstances, hardships, and interests of the private parties," *Mayes v. City of Hammond*, 631 F. Supp. 2d 1082, 1088 (N.D. Ind. 2008).

The parties represent that they all agree it is in their own personal best interests to have the judgments vacated, and the Court agrees that they are in the best position to assess their own best interests. The Court also agrees that the toll of the trial, the uncertainty of ongoing litigation, and the ability to move on without this matter weighing on them weighs heavily in favor of granting vacatur in order to effectuate a settlement.

The parties also represent that they have limited the relief they request to alleviate as much as possible harm to the public interests in precedent, preclusion and judicial economy. The parties do not request vacatur of the jury's findings, only the resulting and related judgments. They rely on the analysis in *Mayes*, 631 F. Supp. 2d at 1090, that "judgment based on a jury verdict … in and of itself has no precedential value," so vacating the judgments does not impact the development of precedent. They are not seeking to vacate any of the Court's rulings on substantive motions for summary judgment or dismissal. The parties' request for vacatur does not result in a waste of judicial resources already expended and will save judicial resources which would otherwise be expended in deciding the appeal now pending. *Id*. at 1095 ("[T]he public interests in judicial economy and in the jury's time and effort will be served by the vacatur to effectuate the settlement.") The Court therefore concludes that the public interests are best served by allowing vacatur as well.

**IV.     Conclusion**

Having balanced the equities of the private and public interests implicated by the instant request for vacatur, the Court now **ADVISES** the United States Court of Appeals for the Seventh Circuit that it is inclined to grant the joint request of the parties to vacate the September 23, 2022 judgment and the September 27, 2022 amended judgment in this case [DE 145, 146], as well as the March 31, 2023 and May 17, 2023 attorney's fees awards, judgments, and injunctions [DE 189, 190, 191, 192, and 202] as a condition of their proposed settlement agreement.

SO ORDERED this 7th day of November, 2023.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record